UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPT ET.AL.,
DEFENDANT'S

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY

Back round:

On January 3, 2006 pursuant to Fed.R.Civ.P. 26(f) and Fed.Local Rule 16.1(B)(1) and (2), the Defendants proposed that 21 days after the scheduling conference of January 12 of 2006, that required automatic discovery be disclosed pursuant to Fed.R.Civ.P 26(a)(1). At the January 12, 2006 scheduling conference, the plaintiff stated that he agreed with defense counsel proposed dates, but that his only problem was that he is exempt from Fed.R.Civ.P. 26(26)(a)(1) under 26(a)(1)(E)(iii). The presiding magistrate judge stated that he would have to check the book to verify the plaintiff's claim of exemption. While doing so he asked defense counsel if he knew whether or not the plaintiff was correct, which drew a response of "I don't know". At no time did defense counsel claim exemption or object to the plaintiff's claim of exemption. On March 16, of 2006 the plaintiff received in letter from defense counsel in response to the plaintiff's request for a phone conference regarding the defendant's failure to disclose, now claim of exemption to the rule 26(a)(1) under 26(a)(1)(E)(iii) as well. The plaintiff subsequently filed a motion for transcripts so that he may perfect his motion to compel discovery. See Motin for transcript, Affidavit in support and exhibits attached.(Doc entry number 18)

Failure to disclose pursuant to Fed.R.Civ.P. 26(a)(1):

Pusuant to Fed.R.Civ.P. 37(a)(2)(A) "If a patry fails to make disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

Pursuant to Fed.R.Civ.P. 26(a)(1), which states: "Initial Disclosure. Except in categories of proceedings Specified in Rule 26(a)(1)(E), <u>or to the extent otherwise stipulated or directed by order</u>[emphasis added], a party must, without awaiting a discovery request, provide to other parties:" Also see Lomascolo V. Otto Osmobile-Cadillac, Inc., 253 F.Supp 2d 354(N.D.NY.2003) "It is clear that the only way a party may be exempted from compliance with Rule 26(a) is either by stipulation of the parties or court order Fed.R.Civ.P. 26(a)(1)".

Rule 26(a)(1)(E) further states as follows: These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in these circumstances of the action and states the object in the Rule 26(f) discovery plan. Furthermore "Rules of procedure shall not abridge, enlarge or modify any substantive Right" Amchem products Inc, etal V. Windsor 117 S.CT. 2231, 251 U.S. 591 (U.S.PA.1997).

Pursuant to Fed.R.Civ.P. 37(a)(3) "Evasive or incomplete disclosure, answer, or response. For purposes of this subdivision an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond."

Failure to disclose pursuant to Fed.R.Civ.P. 33:
Back round:

On January 12, 2006 the Honorable Court issued a scheduling order that "All written discovery shall be served by March 31, 2006." The defendants were served with the plaintff's first set of Interrogatories previously on or about August 13, of 2005 and on or about January 16, 2006 supplemental first set of Interrogatories. To date the plaintiff has received no response concerning the plaintiff's first set of Interrogatories request.

See affidavit in support of this motion to compel discovery and attached exhibit E and F.

Law states:

Pursuant to Fed.R.Civ.P. 33(b)(1), Answers and objection. "Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, inwhich event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

Failure to disclose, Evasive and incomplete disclosure pursuant to Fed.R.Civ.P. 34:

Back round:

On or about August 13 of 2005, the defendants were served with the plaintiff's request for production of documents and or on or about January 16, 2006 the plaintiff's supplement request for production of document, on or about Febuary 8, 2006 the plaintiff received the defendants' response to the plaintiff's request for production of documents. Out of fourteen requests there were five claims of privileged information, Two objections to production, because the defendants claimed that the production "could threaten the safety, health and security of staff and other inmates", Five claims of production, two of which the defendants objected to partial production stating that production "could threaten the safety, health and security of staff and other inmates." and Two claims that the "Defendants are unaware of any such documents." None of the supplement request for production of document were addressed. On or abou Febuary 22, of 2006 the defendants were served with the plaintiff's response to the defendant's response to the plaintiff's request for production of documents and demand for compliance/production, in which the plaintiff asserted his entitlement to all of the requested production of document. The defendants never responded to the demand for compliance/production. See plaintiff's affidavit in support of the motion to compel discovery and attached exhibits G, H, I and J.

Law states:

Pursuant to Fed.R.Civ.P. 37(a)(3) Evasive or incomplete disclosure, answer, or respond. For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. If "Rules of procedure shall not abridge, enlarge or modify any substantive right" Amchem Products Inc, etal. V. Windsor SUPRA, Then the plaintiff states that the defendant's reasons for nondisclosure of relevant and responsive documents cant not survive a genuine evaluation. The general parties may obtain discovery regarding any matter, not privilege, that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1) similar to Fed.R.Civ.P 23(d) and Fed.R.Evid.Rule 401, 28 USCA, concerning relevant materials being disclosed.

## Sanctions

Fed.R.Civ.P. 37 "Mandates award of expenses unless the court finds that an exception applies." Harolds stores, Inc, 82 F.3d at 1555.

Fed.R.Civ.P. 37(a)(4)(A) states in part: "If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion on the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees,"

## CONCLUSION

The plaintiff has State and Constitutional rights to due process toprepare and present his case and without good cause supported by law that supersedes said rights the Honorable Court should grant this motion.

UNDER THE PAINS AND PENALTIES OF PERJURY

Date 4-30-6                                    Anthony _____

*[signature: Anthony Garvin]*

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464