UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO. 05-30102-MAP

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS, COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON, LT. (FIRST NAME UNKNOWN)
KORMAN, LT. JUAN RAMOS, LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FURTHER ANSWER DEFENDANTS' FIRST SET OF INTERROGATORIES**

Now come the defendants in the above-entitled action and respectfully request that this Court compel the plaintiff to provide further answers to defendants' first set of interrogatories.

The plaintiff has provided incomplete, unresponsive and evasive answers to the following Interrogatories:

**INTERROGATORY NO. 2:**
Please state fully the name and address of each past employer, including the number, street, city or town, and state, and explain the reason for leaving each past employment and the beginning and ending dates of employment.

PLAINTIFF'S ANSWER:
What is the relevance of the question.

PLAINTIFF'S SUPPLEMENTAL ANSWER:
This request has no reasonable possibility of relevance to this matter and does not define or clarify any issues at hand. Federal.Rules.Civ.Proc.Rule 26(b) and 23(d).

ARGUMENT:
The question simply asks for discoverable information necessary to prepare for trial and argue plaintiff's claim for damages. This information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 2.

**INTERROGATORY NO. 3:**
Have you ever been convicted of or plead guilty or nolo contendere to a felony charge or indictment in any state or federal court? If your answer is in the affirmative, please list each specific felony charge or indictment and the circumstances associated with it, including:
- a. the nature of the crime,
- b. the date of the conviction or plea,
- c. the name and address of the court, including number, street, city or town, and state,
- d. the terms of the sentence and all conditions of the disposition that were imposed,
- e. if you were incarcerated, the name and address of the jail or prison, including the number, street, city or town, and state,
- f. if you were paroled or put on probation as part of a split-sentence, the date of parole or probation and name and address of your parole or probation officer,
- g. if you escaped from custody, the date of each escape.

**PLAINTIFF'S ANSWER:**
The plaintiff states this is privilaged [sic] info.

**PLAINTIFF'S SUPPLEMENTAL ANSWER:**
C.O.R.I in the meaning of M.G.L.A. 6 section 167.

**ARGUMENT:**
The question asks for discoverable information needed to evaluate Plaintiff's credibility. This information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 3.

**INTERROGATORY NO. 4:**

Have you ever been convicted of or plead guilty or nolo contendere to a misdemeanor charge or indictment in any state or federal court? If your answer is in the affirmative, please list each specific felony charge or indictment and the circumstances associated with it, including:
- a. the nature of the crime,
- b. the date of the conviction or plea,
- c. the name and address of the court, including the number, street, city or town, and state,
- d. the terms of the sentence and conditions of the disposition that was imposed,
- e. if you were incarcerated, the name and address of the jail or prison, including the number, street, city or town, and state,
- f. if you were paroled or put on probation as part of a split-sentence, the

          date of parole or probation and name and address of your parole or probation officer,
- g. if you escaped from custody, the date of each escape.

PLAINTIFF'S ANSWER:
The plaintiff states this is privilaged [sic] info.

PLAINTIFF'S SUPPLEMENTAL ANSWER:
C.O.R.I in the meaning of M.G.L.A. 6 section 167.

ARGUMENT:
The question asks for discoverable information necessary to show credibility. This information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 4.

INTERROGATORY NO. 7:
Please set forth fully and completely a history and biography of your physical and mental condition, describing in detail any injuries, ailments, operations, or illnesses suffered by you, including the symptoms manifested and medications used in treatment.

PLAINTIFF'S ANSWER:
The plaintiff states this is privilaged [sic] information

PLAINTIFF'S SUPPLEMENTAL ANSWER:
Plaintiff states this request would constitute an unwarranted intrusion of privacy a nd there are no such physical, or mental situations in his history "biography" that would be reasonably relevant.

ARGUMENT:
The question asks for discoverable information needed to evaluate Plaintiff's alleged damages. Plaintiff is alleging he suffered injuries and the requested information is necessary to prepare for trial. This information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 7.

INTERROGATORY NO. 8:
Please describe fully and in detail how the incident occurred, including in your answer:
- a. the exact hour, day and date of your alleged incident,
- b. the names of all persons present,
- c. the exact location,
- d. the amount of time in which each action involved in the alleged incident occurred.

PLAINTIFF'S ANSWER:
See original complaint.

ARGUMENT:
The plaintiff has alleged very generally and broadly that the defendants violated Plaintiff's rights with respect to certain incidents that occurred while Plaintiff was incarcerated at Hampden County Correctional Center and this interrogatory asks plaintiff to provide a detailed description relating to each incident. Plaintiff's answer is incomplete and evasive, and referring the defendants to plaintiff's complaint in this litigation is an attempt to avoid answering the interrogatory and requires the defendants to assume what facts the plaintiff relies on in alleging the defendants' negligence. The Complaint does not provide the requested detail. Defendants request the court to direct the plaintiff to fully answer this interrogatory.

**INTERROGATORY NO. 9:**
Please state what act or acts of the defendant that you allege caused or contributed to your injuries.

PLAINTIFF'S ANSWER:
See original complaint.

ARGUMENT:
The plaintiff has alleged very generally and broadly that the defendants violated Plaintiff's rights with respect to certain incidents that occurred while Plaintiff was incarcerated at Hampden County Correctional Center and this interrogatory asks plaintiff to provide a detailed description relating to what he claims each Defendant did that caused his alleged injuries. Plaintiff's answer is incomplete and evasive and referring the defendants to plaintiff's complaint in this litigation is an attempt to avoid answering the interrogatory and requires the defendants to assume what facts the plaintiff relies on. The Complaint does not provide the requested detail. Defendants request the court to direct the plaintiff to fully answer this interrogatory.

**INTERROGATORY NO. 9A:**
Please give the names and addresses of all treating physicians, including doctors, chiropractors, physical therapists and orthopedic surgeons, stating:
    (a)    date(s) of treatment,
    (b)    the treatment received on those dates.

PLAINTIFF'S ANSWER:
Attempting to obtain.

ARGUMENT:
The question seeks discoverable information relative to Plaintiff's alleged damages and plaintiff's alleged injuries. At least some of this information is readily available to the plaintiff and he should provide the available information. If additional information is obtained later, then Plaintiff should supplement his answer as permitted and required by the applicable rules. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 9A.

**INTERROGATORY NO. 11:**
Please list and describe all injuries, diseases, symptoms, conditions and complaints from which you are now suffering which you claim were proximately caused by the incident which is the subject of plaintiff's complaint.

PLAINTIFF'S ANSWER:
See complaint.

ARGUMENT:
Interrogatory No. 11 is incomplete and unresponsive as it refers the defendants to plaintiff's complaint. The Complaint does not provide the requested detailed information about alleged residual injuries or damages. Defendants request this court to direct the plaintiff to fully answer Interrogatory No. 11.

**INTERROGATORY NO. 12:**
As to any injury, disease, symptom, condition or complaint identified in your answer to the foregoing interrogatory, please further set forth:

    a.    the date or approximate date upon which you first noticed each;
    b.    the name, business and residence address, and telephone number of any person who witnessed or claims to have knowledge or any fact pertaining to the onset, appearance, or severity of any such injury, disease, symptom, condition or complaint;
    c.    the approximate dates upon which any such injury, disease, symptom, condition or complaint subsided or terminated, if applicable; and
    d.    the name, address and hospital affiliation of any practitioner of the healing arts whom you consulted for diagnosis or treatment of any such injury, disease, symptom, condition, or complaint.

PLAINTIFF'S ANSWER:
    N/A.
    A.    Unsure
    B.    Bill be provided under 26(3)A
    C.    N/A
    D.    Will be provided under 26(2)(A), (B) and (c).

ARGUMENT:
Interrogatory No. 12 is incomplete and unresponsive The question seeks discoverable information needed to relative to damages and plaintiff's alleged injuries. This information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 12.

**INTERROGATORY NO. 13:**
Prior to the date of the incident which is the subject of your complaint, have you ever had injuries, diseases, symptoms, conditions or complaints similar to those described in your answer to interrogatory number 12?

PLAINTIFF'S ANSWER:
Privilaged [sic] information.

PLAINTIFF'S SUPPLEMENTAL ANSWER:
This request would constitute an unwarranted invasion of privacy.

ARGUMENT:
The question simply asks for discoverable information to prove damages and the information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 13.

**INTERROGATORY NO. 14:**
If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
    A.    The nature of such injury, disease, symptom, condition or complaint previously experienced by you;
    B.    The date or dates on which you experienced such injury, disease, symptom, condition or complaint;
    C.    The name, business address, and hospital affiliation, if applicable, of any practitioner of the healing arts whom you consulted for the purpose of diagnosis or treatment of any such injury, disease, symptom, condition, or complaint.

PLAINTIFF'S ANSWER:
N/A due to privilage. [sic]

PLAINTIFF'S SUPPLEMENTAL ANSWER:
See number (13) thirteen above.

ARGUMENT:
Interrogatory No. 14 is incomplete and unresponsive as it claims privilege. The question simply asks for discoverable information necessary to prove damages. This information is readily available to the plaintiff. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 14.

**INTERROGATORY NO. 16:**
Please state the substance of all conversations had:

- a. between you and any agent, representative or employee of the defendant relative to the alleged incident,
- b. between others and any agent, representative or employee of the defendant relative to the alleged incident,
- c. between others and any agent or employee of the defendant in your presence, relative to the alleged incident,
- d. set forth the names and addresses of anyone who was present during all such conversations.

PLAINTIFF'S ANSWER:
See complaint.

ARGUMENT:
Plaintiff's answer to Interrogatory No. 16 is incomplete and unresponsive. The plaintiff has alleged that he suffered violations of his rights as a result of the conduct of the defendants and the defendants are entitled to know the substance of any alleged statements by defendants concerning these matters and whether there were any witnesses to such conversations so that defendants can adequately prepare for trial. If the plaintiff has first or second hand knowledge, he must say so under oath and may not answer the question by referring to the complaint. The defendants request this court to direct the plaintiff to fully answer Interrogatory No. 16.

**INTERROGATORY NO. 19:**
Please describe each and every act or omission on the part of any agent or employee of the defendant which you allege has resulted in the alleged incident, including in your answer the date, time, and place of each such acts or omissions and the names and addresses of any witnesses to any such acts or omissions.

PLAINTIFF'S ANSWER:
See complaint and concerning witnesses, answer my discovery.

ARGUMENT:
Interrogatory No. 19 is incomplete and unresponsive as it refers the defendants to plaintiff's complaint which provides no details to support the general allegations

made therein. Defendants are entitled to detialed information concerning Plaintiff's claims. It is not sufficient to refer a party to respond by saying the information sought may be found or may not be found in certain records, and the defendants request this court to direct the plaintiff to fully answer Interrogatory No. 19.

**INTERROGATORY NO. 20:**
Please set forth an itemized list of each and every element of damages which you claim you are entitled to as a result of any act or omission on the part of the defendant, including in your answer the precise monetary amount of each item of damages and any actual out of pocket expenses which you have incurred.

PLAINTIFF'S ANSWER:
See complaint.

ARGUMENT:
Interrogatory No. 20 is incomplete and unresponsive as it refers the defendants to plaintiff's complaint. Again, the Complaint provides insufficient detail concerning these matters. It is not sufficient to refer a party to respond by saying the information sought may be found or may not be found in certain records, and the defendants request this court to direct the plaintiff to fully answer Interrogatory No. 20.

**INTERROGATORY NO. 23:**
Do you contend that you suffered physical pain or suffering as a result of any injury, disease, symptom, condition, or complaint sustained as a result of the incident which is the subject of your complaint?

PLAINTIFF'S ANSWER:
See complaint.

ARGUMENT:
Interrogatory No. 23 is incomplete and unresponsive as it refers the defendants to plaintiff's complaint. Again, the Complaint provides insufficient detail concerning these matters. It is not sufficient to refer a party to respond by saying the information sought may be found or may not be found in certain records, and the defendants request this court to direct the plaintiff to fully answer Interrogatory No. 23.

**INTERROGATORY NO. 24:**
If your answer to the foregoing interrogatory was in the affirmative, please further set forth:
    a.    The nature of such pain or physical suffering;
    b.    By inclusive dates, the period of time that you experienced such pain or physical suffering as to each such injury, disease, symptom,

       condition, or complaint;
- c. The name, business and residence address, and telephone number of any person who possesses or claims to possess knowledge of any fact pertaining to your claim of physical pain or suffering;
- d. The name, business and residence address, and telephone number of any person known to you who can compare your physical condition prior to and following the incident which is the subject of your complaint.

PLAINTIFF'S ANSWER:
N/A.

ARGUMENT:
Interrogatory No. 24 is incomplete and unresponsive, and the defendants request this court to direct the plaintiff to fully answer Interrogatory No. 24.

                The Defendants,
                By their Attorney:

                Kevin D. Withers, Esq.
                Egan, Flanagan and Cohen, P.C.
                67 Market Street - Post Office Box 9035
                Springfield, MA 01102
                (413) 737-0260; Fax: (413) 737-0121
                BBO# 531660

Certificate of Service

Kevin D. Withers certifies that copies of the foregoing document was served on Anthony Garvin to S.B.C.C. P. O. Box 8000, Shirley, MA 01464 by first class mail on 5/19/2006.