UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS, COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON, LT. (FIRST NAME UNKNOWN)
KORMAN, LT. JUAN RAMOS, LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

**DEFENDANTS OPPOSITION TO PLAINTIFF'S
MOTION FOR ISSUANCE OF IMMUNITY.**

Now come the defendants in the above-entitled action and oppose the Plaintiff's motion for Issuance of Immunity. As reasons therefore state as follows:

1. Plaintiffs' complaint sets forth two counts asserting civil rights claims against all defendants for failure to protect the plaintiff. Mr. Zanetti's testimony has no relevance to the case at hand. Mr. Zanetti's testimony, as stated in his affidavit attached to plaintiff's motion, concerns his knowledge of statements made by the plaintiff as to his guilt, not plaintiff's claims against the defendant for his civil rights being violated.

2. The plaintiff and Mr. Zanetti are asking the court for relief that the court does not have the power to grant. The only statute that concerns grants of immunity authorizes a single justice of this court, on request of a prosecutor, to permit a grant of State transactional immunity to a person who has asserted rights against self-incrimination when called to testify before a grand jury. G.L. c. 233,§ 20C-20H (1994 ed.).

The case at hand is not a criminal matter and testimony is not to be provided to a grand jury. G.L. c. 233 §20D states in part:

> "(a) A justice of the supreme judicial court, appeals court or superior court shall, at the request of the attorney general or a district attorney, and after a hearing, issue an order granting immunity to a witness, provided that such justice finds that the investigation or proceeding before the grand jury or the criminal proceeding in the supreme judicial court, appeals court or superior court involves an offense listed in section 20D and that the witness did validly refuse, or is likely to refuse, to answer questions or produce evidence on the grounds that such testimony or such evidence might tend to incriminate him."

WHEREFORE, for the above-stated reasons, Plaintiff's motion should be denied.

FOR THE DEFENDANTS,
By Their Attorneys

/s/ Kevin D. Withers
Kevin D. Withers, BBO # 531660
Edward J. McDonough, Jr., BBO 331590
Egan, Flanagan and Cohen, P.C.
67 Market Street - P.O. Box 9035
Springfield, MA 01102
Telephone: (413) 737-0260
Telefax: (413) 737-0121

**CERTIFICATE OF SERVICE:**

Kevin D. Withers hereby certifies a copy of the foregoing document was served on the plaintiff, Anthony Garvin, S.B.C.C. P. O. Box 8000, Shirley, MA 01464, by first class mail, postage prepaid, on May 22, 2005.

0056-040873\113615

2