UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPT ET.AL.,
DEFENDANTS

FILED
IN CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

## MOTION FOR RECONSIDERATION

Now comes the Plaintiff Anthony Garvin Pro-Se in the above captioned matter and respectfully moves this honorable court to reconsider it's judgement on the Plaintiff's Motion to compel discovery for the reasons set forth below. The plaintiff argues that this court's finding that the plaintiff's Motion to compel is moot, is not only error, but premature. Furthermore this honorable court's judgement only addressed the defendant's late disclosure[Emphasis Added] as the reason for his decision, all the while not addressing the other discovery issues that the Plaintiff requested that this court compel in the same motion to compel discovery.

1. The Interrogatories answers provided are insufficient and warrant further discovery.

2. The defendants placed objections, which need to be analyzed by this court for relevance and whether it must be disclosed.

3. The defendants gave evasive, incomplete and untrue answers, which pursuant to Fed.R.Civ.P 37(a)(3) is to be treated as a failure to disclose.

4. In the defendant's report to the court in response to the plaintiff's motion to compel discovery, defense counsel

misleads this honorable court to believe that all of the defendants answered all of the Interrogatories, when in fact the defendants the Commonwealth of Masachusetts and the unknown officer in the tower have failed to give answers. At the same time 13 out of 27 answers were fully answered, 4 out of 27 were objected to; one of which claimed no statute to support said objection(number 1) and the remaining 10 give evasive, incomplete and or untrue answers. See Exhibit A

5. The defendant, the commonwealth of Massachusetts has personal knowledge through it's agents concerning Omar Morrero's agent, informant relationship, which goes to the heart of this case.

6. The defendants assert that they have given a response to the plaintiff's request for production of documents, which is not true due to some of the request not being met, others were evaded, some were incompletely disclosed and some were objected to, which pursuant to Fed.R.Civ.P 37(a)(3) is to be treated as a failure to disclose.

7. Furthermore the plaintiff responded and demanded that said requests be disclosed as argued in the plaintiff's motion to compel's exhibit 13.

8. The issue of the claim of exemption to Fed.R.Civ.P 26(a)(1) by the defendants, that is raised in the plaintiff's motion to compel, has not been settled by this court.

9. The Plaintiff in addition rely's on the facts in his motion for leave of court, plaintiff's report to the court in response to the defendant's report to court in response to Plaintiff's Motion to Compel Discovery and supplemental sanction request to motion to compel discovery.

10. And last this Honorable Court has not made any decision on the requested sanctions.

Wherfore:

1. I pray that this motion and all other motions associated are granted.

2. I pray that this Honorable Court grant my requested sanctions and supplemental sanction request to motion to compel discovery.

3. The denial of this motion and motions associated will prejudice the plaintiff's ability to fully cross-examine witnesses and present evidence to prove his case in the event of a trial.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

5-31-06     Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

### CERTIFICATE OF SERVICE

I Anthony Garvin The plaintiff hereby certifies that a copy of the foregoing document has been served on the defendant's counsel Edward j. McDonough Jr. at 67 Market street Sprinfield Mass 01102 by first class mail on 5-31-06.

Anthony Garvin

Also see NAsh v. Thielke 743 F.Supp.1301 Attached ("A Judge of the Court may Reconsider any pretrial matter under this Subparagraph (A) where it has been shown that the Magistrate's order is clearly erroneous or Contrary to Law.") A.H.

743 F.Supp. 1301, Nash v. Thielke, (E.D.Wis. 1990)

Page 1

**\*1301** 743 F.Supp. 1301

17 Fed.R.Serv.3d **1140**

Julius J. NASH, Plaintiff,
v.
B. THIELKE, et al., Defendants.

United States District Court,
E.D. Wisconsin.

No. 88-C-1301.
July 11, 1990.

Inmate objected to order of magistrate resolving discovery disputes in inmate's action alleging that various correctional officers beat him. The District Court, Myron L. Gordon, Senior District Judge, held that inmate was entitled to disclosure of medical report regarding officer's receipt of medical treatment and officer's urine report from day of incident which might have been relevant or might have led to discovery of other relevant information.

Magistrate's order affirmed in part; motion to compel production granted.

West Headnotes

Prisons 13(7.1)

310 ----
310k13 Custody and Control of Prisoners
310k13(7) Requisites of Proceedings
310k13(7.1) In General.
(Formerly 310k13(7))

Inmate was entitled to disclosure of medical report regarding correction officer's receipt of medical treatment after altercation with inmate and was entitled to copy of officer's urine report taken on day of incident; both reports might have been relevant or might have led to discovery of other relevant information in inmate's action alleging various correction officers beat him. Fed.Rules Evid.Rule 401, 28 U.S.C.A.

Julius J. Nash, Green Bay, Wis., pro se.

Richard Perkins, Asst. Atty. Gen., Madison, Wis., for defendants.

DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, an inmate at the Green Bay Correctional Institution, alleges that various correctional officers beat him. This case was referred to the magistrate for all pretrial proceedings. 28 U.S.C. § 636(b)(1)(A). On May 24, 1990, Magistrate Robert L. Bittner issued an order resolving the discovery disputes between the parties in the instant case. The plaintiff has lodged objections to the magistrate's order seeking this court's reconsideration of the issues; the plaintiff's objections will be overruled, with one exception.

Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In the case at bar, the plaintiff has set forth various objections to the magistrate's disposition on the discovery issues. The court has reviewed each of the contentions presented by the plaintiff, and the court is satisfied that, with one exception, the magistrate's order is not clearly erroneous or contrary to law.

Allegedly, defendant Officer Thielke was injured during the incident with the plaintiff. The plaintiff moved to compel the production of a medical report regarding the officer's receipt of medical treatment after the alleged altercation. The plaintiff also sought a copy of the officer's urine report taken on the day of the incident. The magistrate's order denied both requests on the ground that the plaintiff failed to establish the relevance of the reports. The plaintiff maintains that he needs both reports effectively to prepare for cross-examination. Rule 401, Federal Rules of Evidence.

The court is persuaded that both reports may be relevant or may lead to the discovery of other relevant information. A review of the record indicates that Officer **\*1302** Thielke claims that the incident occurred after the plaintiff initiated contact between the two by grabbing Officer Thielke from behind. The issue of Officer Thielke's injuries appears relevant. Officer Thielke's sobriety, as reflected in his urine report, is also relevant.

© 2006 Thomson/West. No claim to original U.S. Govt. works.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP


ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPT. ET.AL.,
DEFENDANTS


CERTIFICATION


The follwing discovery issues are in dispute pursuant to Fed. Local.Rule 37.1(b)(5), concerning the failure to disclose answers to the plaintiff's Interrogatories.

Q. 1. Define the duties and responsibilities of each defendant.

A. 1. Objection. Defendants object to producing this documentation because plaintiff has requested information that could threaten the safety, health and security of staff and other inmates. Without waiving said objection states as follows:
    Michael J. Ashe, Jr. is Sheriff of Hampden county
    Basil Tsagaris is Assistant Superintendent
    John Kenney is Deputy Chief of Security
    Edward Weldon is Assistant Superintendent in charge of
        classification
    Thomas Korman is a Lieutenant
    Juan Ramos is a Captin
    John Cadigan is a Captin
    William Muldrow is a Correctional Officer
    Victor Kelly is a Correctional Officer

Plaintiff's arguement: This is an evasive and incomplete answer. Duties and responsibilities will define and varify the culpability of the defendants with regard to the allegations in this complaint. Pursuant to Fed.R.Civ.Proc. Rule

        26(b), 23(d) and Fed.R.Evid.Rule 401, 28
        Usca, the plaintiff's request has a
        reasonable possibility of relevance to
        this matter, defines and clarifies issues
        and is necessary for cross examination.

Q. 2. Who is in charge of cell assignment at the C tower?

A. 2. After classification assigns a pod, the pod officers on duty assign a cell.

Plaintiff's arguement: This is an evasive and incomplete answer. My question is who is in charge, not who does the actual cellplacement. Pursuant to Fed.R.Civ.P Rule 37(a)(3), Evasive or incomplete disclosure, answers, or response is to be treated as a failure to disclose. Further discovery is needed.

Q. 7. Whoelse knew of the plaintiff's status? and how did they know?

A. 7. I do not know. The information concerning the status is on the computer system.

Plaintiff's arguement: This is an evasive and incomplete answer. If the defendants dont know, then they have to find out whoelse knew. Furthermore the same duties, responsibilities, policies and procedures document requests, define and clarifies this question. Pursuant to Rule 37(a)(3)(SUPRA) this answer is to be treated as a failure to disclose.

Q. 14. Did anyone question inmate Zanetti as to his motive for the attack? If so, who, when, and what was discovered if anything?; And was it documented? If not, why not?

A. 14. There was an investigation and inmate Zanetti was questioned by a disciplinary board panel as a result of his inmate rule violation.

Plaintiff's arguement: This is an evasive and incomplete answer. The who, when and what was not answered. This is to be treated as a failure to disclose pursuant to Rule 37(a)(3).

Q. 18. Was the institution aware of Omar Marrero's affiliation to the Lafamilia gang? If so, when did they become aware; and in said circumstancies, who is notified of such a status?

A. 18. (By Ramos) I was aware that in the past Omar Marrero had some affiliations to the Lafamilia gang.

Plaintiff's arguement: This is an evasive and incomplete answer and is to be treated as a failure to disclose pursuant to Rule 37(a)(3). The when did they become aware? And who is notified of such a status was not answered.

A. 18. (Korman) I believe so but I do not know for sure.

Plaintiff's arguement: This is to be treated as a failure to disclose. This answer is evasive and incomplete.

Q. 19. Was anyone at the Hampden County house of Correction involved in contacting the state police, or the district attorney's office, for the soul purpose of assisting Omar Marrero in becoming a Commonwealth witness against the Plaintiff? If so, who, when was the call made, and from what number and extension was the call made?

A. 19. (Ramos) I did not contact anyone.

Plaintiff's arguement: This is an evasive, incomplete and defensive

        answer. The Defendant does not state whether or not anyone was involved as the Plaintiff asks. This is to be treated as a failure to disclose pursuant to Fed.R.Civ.P. 37(a)(3).

Q. 22. Was Springfield police officer Michael White under mental observation and, or suicide watch while housed in the C-2 Unit? If so when, why and in what cell(s) was he in? And from what date was he in said cell(s)?

A. 22. Objection. The information sought is protected by the phsycian-patient privilage.

Plaintiff's arguement: This information goes to the heart of this matter said officer was the first agent, who the Commonwealth attempted to use to testify against the plaintiff and thus will show a pattern of misconduct by the defendant the Commonwealth and it's agents. This is an issue for the court to decide.

Q. 23. Was anyone aware of the fact that Omar Marrero was a Commonwealth witness prior to being placed in the plaintiff's cell? If so, who and what did he/she know?

A. 23. (Ramos) I had no knowledge of Omar Marrero being a witness for anyone.

Plaintiff's arguement: This is an evasive and incomplete answer. Once again the defendant becomes defensive and fails to fully answer the question. This is to be treated as a failure to disclose pursuant to Fed.R.Civ.P 37(a)(3).

Q. 24. How many times was Omar Marrero in any of the segregation units? And why was he there each time?

A. 24. Objection. The information sought constitutes "evaluative information" under the C.O.R.I. statute. M.G.L.c. 6 sec 167 exempts from disclosure, "evaluative information"defined as :"'Evaluative information',records,data, or reports concerning individuals charged with crime and compiled by criminal justice agencies which appraise mental condition, extent of social adjustment, rehabilitative progress and the like, and which are primarily used in connection with bail, pre-trial or post-trial release proceedings, sentencing, correctional and rehabilitative planning, probation or parole."

Plaintiff's arguement: The information sought is relevant to this matter is on record and will prove that officials knew that Omar Marrero was an informant prior to being placed in the defendant's cell. This is a matter for the court to decide and may warrant an in-camera view of the information sought.

Q. 25. When Omar Marrero returned to the C-2 Unit in, or around September of 2003, why was he placed there?

A. 25. Objection.[the defendants gave the same response as # 24]

Plaintiff's arguement: The Plaintiff states the same arguement as as # 24 above]

Q. 27. Did officer Kelly enter an enemey status between Omar Marrero and the Plaintiff on October 28, 2003? If so why?; and if not this date, did he do so on any date? and why?

A. 27.(Kelly)I entered on the system to keep Omar Marrero and Anthony Garvin separate on October 21, 2003. I did this because I had hear Mr. Marrero and Mr. Garvin talking one cell to another.

Plaintiff's arguement: This is an evasive and incomplete answer and is to be treated as a failure to disclose pursuant to Fed.R.Civ.P. 37(a)(3) The defendant does not explain why he did this, because he heard talking is insufficient. What was said and was it an arguement that he actually heard instead of talking.

*Anthony G.*

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

Date 5-31-06

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been serve on the defendant's defense counsel Edward J. McDonoug Jr. at 67 Market street Springfield Mass 01102 by first class mail on 5-31-06.

*Anthony G.*
Anthony Garvin Pro-Se