UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS, COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON, LT. (FIRST NAME UNKNOWN)
KORMAN, LT. JUAN RAMOS, LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

**DEFENDANTS OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION.**

Now come the defendants in the above-entitled action and oppose the Plaintiff's motion for reconsideration [of Plaintiff's previously filed Motion to Compel] for the reasons set forth below.

1. Plaintiff's Motion for Reconsideration advances no new issues, nor does it provide the court with any reason to reconsider it's correct order "finding as moot Plaintiff's Motion to Compel in light of Defendants' response." Counsel for the defendants reported to the court on May 19, 2006 that the plaintiff was served with Answers to Interrogatories on May 19, 2006.

2. The plaintiff's motion for reconsideration fails to set forth any factual reasons, argument or any case authority.

3. Plaintiff states "[t]he Interrogatories answers provided are insufficient and warrant further discovery." Plaintiff also asserts, in the document labeled "Certification" that was filed with the court, that he disagrees with some of the answers given. However, at this point, each of the individual defendants

has responded to each of the interrogatories or clearly stated a valid objection. The arguments raised by Plaintiff at this point are not the same arguments raised in his previously filed Motion to Compel based on a failure to provide any response.

4. To the extent Plaintiff objects to the lack of Answers to Interrogatories by the Commonwealth of Massachusetts or the "officer in the tower," Plaintiff has not specifically addressed interrogatories to these parties. He simply served on counsel a single set of questions ambiguously addressed to the Defendants. In the circumstances, he can not complain about Defendants' interpretation of the parties to whom these were intended to be addressed as the individual parties with knowledge of the underlying facts, particularly where Plaintiff has failed to try to clarify that matter by raising it with Defendants' counsel before filing the Motion. Answers to Interrogatories on behalf of the Commonwealth are being prepared and will be served on Plaintiff. With respect to the prospective defendant identified as the "officer in the tower," this person is not a party to the case. Defendants have identified the person who was at this location at the time of the altercation involving the Plaintiff, but, Plaintiff has not sought to amend his Complaint to add this person as a party, nor has service been made on this person. Plaintiff suggestion that an answer was filed for this unnamed person is incorrect. The Answer was filed on behalf of all defendants, <u>except</u> the "officer in the tower."

5. Plaintiff's statements that the defendants' objections "need to be analyzed by

2

this court" and that defendants gave "evasive, incomplete and untrue answers" also have no relation to plaintiff's original Motion to Compel. The original motion does not request the court to analyze objections or answers of the defendants.

6. Plaintiff's "Certification" document should not be treated as a Motion to Strike Answers or Require Further Answers. Plaintiff has made no attempt to resolve or at least narrow these issues without a Motion as required by Rule 37 (a)(2)(a) and his "Certification" that various answers were evasive or incomplete is mostly reflective of his dissatisfaction that the answers given were responsive to the questions asked (e.g. the fact that particular individuals can not answer as to what was known by other individuals or that ambiguous questions were answered in an general fashion).

7. To the extent Plaintiff's "Supplemental Sanctions Request," which was not filed as a separate motion, was intended to be considered in connection with the Motion for Reconsideration, the Court should not grant the relief requested. The sanction permitted pursuant to Rule 37 (a)(4) in connection with the allowance of a Motion to Compel is an award of the reasonable expenses incurred in making the motion, typically attorney's fees. However, Plaintiff is not represented by counsel and such expenses were not incurred. Further sanctions are permitted in cases where a party has failed to provide discovery after being ordered to do so. Defendants have not violated any such order.

WHEREFORE, for the above-stated reasons, Plaintiff's motion for reconsideration should be denied.

FOR THE DEFENDANTS,
By Their Attorneys

/s/ Kevin D. Withers
Kevin D. Withers BBO 531660
Edward J. McDonough, Jr., BBO 331590
Egan, Flanagan and Cohen, P.C.
67 Market Street - P.O. Box 9035
Springfield, MA 01102
Telephone: (413) 737-0260
Telefax: (413) 737-0121

**CERTIFICATE OF SERVICE:**

/s/ Kevin D. Withers hereby certifies a copy of the foregoing document was served on the plaintiff, Anthony Garvin, S.B.C.C. P. O. Box 8000, Shirley, MA 01464, by first class mail, postage prepaid, on June 9, 2006.