UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

---

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPARTMENT, SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS, COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON, LT. (FIRST NAME UNKNOWN)
KORMAN, LT. JUAN RAMOS, LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

---

**DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE OF COURT [TO SERVE ADDITIONAL DISCOVERY ].**

Now come the defendants in the above-entitled action and oppose the Plaintiff's Motion for Leave of Court [to serve additional discovery]. As reasons therefore state as follows:

1. The Complaint in this case was filed on April 27, 2005 and appears to set forth claims alleging that defendants failed to provide adequate security as a result of which Mr. Garvin was the victim of an assault and battery by another prisoner and that defendants are somehow liable for testimony given against the plaintiff in a criminal case by a prisoner who was Plaintiff's cellmate. The Complaint names various defendants, including "the unnamed officer in the tower." In the course of discovery, the name of the officer stationed in the tower at the time of the altercation involving Plaintiff was disclosed. However, the Complaint has never been amended to name that individual as a defendant, nor has any service been made on that individual or any other person as "the unnamed officer in the tower."

2. Plaintiff served written discovery requests to "defendants" without specifying which defendants were being asked to respond. Nevertheless, Plaintiff has been provided with responses to interrogatories and production of documents as well as responses to plaintiff's Supplemental Set of Interrogatories by each of the named individual defendants: Ashe, Tsgaris, Kenney, Weldon, Korman, Ramos, Cadigan, Muldrow and Kelly.

3. Defendants have also submitted written discovery to Plaintiff. However, Plaintiff has not properly responded to defendants' discovery requests and there is a Motion to Compel pending in this court.

4. Plaintif's initial set of interrogatories exceeded the number permitted by F.R.Civ. P. 33 and Plaintiff has already served a supplemental set of interrogatories on the defendants, further exceeding the number permitted.

5. The time allowed for filing written discovery passed on March 31, 2006, pursuant to the Scheduling Order of January 12, 2006. Even in plaintiff's Certification filed December 16, 2005, he requested that written discovery close by April 12, 2006.

6. Plaintiff has not submitted copies of the proposed additional discovery so that an evaluation could be made of his purported need for such discovery.

7. Insofar as Plaintiff contends that defendants' responses to his previously served discovery requests are improper, the vehicle for testing that claim, which defendants deny, is not a motion to serve additional discovery.

WHEREFORE, for the above-stated reasons, Plaintiff's motion should be denied.

THE DEFENDANTS,
By Their Attorneys:

*/s/ Kevin D. Withers/*
Kevin D. Withers BBO 531660
Edward J. McDonough, Jr., BBO 331590
Egan, Flanagan and Cohen, P.C.
67 Market Street - P.O. Box 9035
Springfield, MA 01102
Telephone: (413) 737-0260
Telefax: (413) 737-0121

**CERTIFICATE OF SERVICE:**

*/s/ Kevin D. Withers/* hereby certifies a copy of the foregoing document was served on the plaintiff, Anthony Garvin, S.B.C.C. P. O. Box 8000, Shirley, MA 01464, by first class mail, postage prepaid, on June 9, 2006.