UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
V.
HAMPDEN COUNTY SHERIFF'S DEPT. ET.AL.,
DEFENDANTS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Now comes the Plaintiff in the above-entitled matter and states the following below as responses to the defendant's opposition to the plaintiff's motion for reconsideration.

1. The defendant's contention that the plaintiff's motion for reconsideration, advances no new issues is false, because:
   A) The plaintiff argues that at the time when the Honorable made its decision it **did not know** that the defendants raised objections, gave incomplete and evasive answers.
   B) Furthermore this Honorable Court failed to address the issues of the defendant's failures to comply with Fed.R. Civ.P Rules 34 and 26, that the plaintiff raised in his Motion to compel discovery.
   C) The plaintiff should be entitled to any and all postage cost incurred, to be returned.

2. In response to the defendant's argument that the plaintiff's motion for reconsideration fails to set forth any factual reasons, argument or case authority, is without merit, due to the plaintiff's arguments in number one above and the fact that the plaintiff argued in his motion for reconsideration the Federal Rules Of Civil Procedure, thus not needing to argue any case authority.

3. In response to the defendant's contention that the arguments

raised by the plaintiff at this time **are not the same arguments** raised in his previously filed motion to compel based on a failure to file any response is false, due to the fact that in the plaintiff's motion to compel, in the certification portion (5)(c), the plaintiff states that he relys on his response to the defendant's response to the plaintiff's request for production of documents to present the issues to be decided by the Court.See Exhibit J.(Of the plaintiff's Motion to Compel)

4. The plaintiff states in response to the defendant's contention that the plaintiff has not specifically addressed his interrogatories to these parties, dose not give a defendant, who is claimed to be a defendant the right to evade answers. Furthermore (for malpractice and denial of access to the court and the court will construe his claims liberally)See Haines V. Kerner, 404 U.S. 519. 520 (1972) also stating that allegations of pro se complaint are held to a less stringent standards than formal pleadings drafted by lawyers. The Plaintiff as stated by counsel for the opposing party "simply served on counsel a single set of questions ambiguously addressed to the defendant<u>s</u>." It was addressed to all of the defendants and on page 3 of 4 has a certification portion set up for the defendants to sign, in which the defendants the Commonwealth of Massachusetts and The unknown officer in the tower were suppose to sign stating "We the defendants certify that the foregoing statements made by us are true. We are aware that if any of the foregoing statements made by us are willfully false, we are subject to punishment.". The defendant's argument that the plaintiff "has failed to try to clarify that matter by raising it with Defendants' counsel before filing the motion.", is preposterous for the simple fact that the plaintiff was not aware of the defendants The Commonwealth of Mass and The Unknown officer's intentions not to answer, even moreso because the answers were disclosed late, after the filing of the motion to compel. The defendants counsel contends that he intends to disclose answers for the defendant The Commonwealth of Massachusetts, who would have direct knowledge of Omar Morrero's agent relationship. The

defendants assert that the plaintiff has not sought to amend his complaint, which is true. The plaintiff has reserved his right to do so and will do so once all discovery has been disclosed. The plaintiff states that the delay in filing an amendment to his complaint is due to the defendant's Late and non-disclosures.

5. The plaintiff states in response to the defendant's contention that "plaintiff's statements that the defendants' objections "need to be analyzed by this court" and that defendants gave "evasive, incomplete and untrue answers" also have no relation to plaintiff's original Motion to Compel. The original motion dose not request the court to analyze objections or answers of the defendants." is all false and contrary to the plaintiff's original Motion to Compel and all attachments in support of said motion, such as in paragraph one of the original motion to compel the plaintiff states"Furthermore & more importantly as a matter of law, the plaintiff is entitled to this discovery as argued in the memorandum of law attached.", which states in paragraph 4 of page 2 and paragraph 1 of page 4 of the memorandum of law, that Pursuant to Fed.R.CIV.P. 37(a)(3) Evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond. In paragraph two of the original Motion to Compel the plaintiff states"The defendants failure to comply and confer over disputes concerning discovery that they may have pursuant to Local Rule 37.1(a) should prompt this Honorable court to automatically allow this motion and make it's decision **based on this motion, memorandum of law attached, the affidavit attached and any arguments that this Honorable Court may wish to hear from the plaintiff.**" The plaintiff's certification portion of his Motion to compel numbers 2, 3, 4 and 5(c), all state in the last sentence that the issues of failure to disclose would be, or are to be decided by the court. Thus the refuted contention of the plaintiff by the defendants stating "also have no relation to plaintiff's original motion to compel",actually do have significant relation. Furthermore the defendants' argument that the plaintiff original

motion does not request the court to analyze objections or answers of the defendants, is false for the same reasons stated above.

6. The plaintiff argues in response to the defendants' contention that the "plaintiff has made no attempt to resolve or at least narrow these issues without a motion as required by Rule 37(a)(2)(a)", is absolutely untrue. In the plaintiff's certification portion of the original motion to compel the plaintiff states that pursuant to Local Rule 37.1(a)(simular to Fed.R.Civ.P 37), that he has attempted to confer with the defendants' counsel on several occasions, each of which instance by letter is attached to the original motion to compel as Exhibit A, B, C and D. Also the fact that the plaintiff attempted to hold a phone conference with counsel for the defendants, which said letter requesting said conference is attached to the original motion to compel as Exhibit L. In said letter defense counsel in his last sentence declined said phone conference request and stated that he would be happy to respond to communications in writing, which he did not do nor honor. In Exhibit D the plaintiff's final attempt to limit discovery disputes, the plaintiff states "Please contact me by letter out lining what parts of my discovery requests, that you plan to continue to with hold and why, or I will be forced to request the Court to intervene." The defendants never responded in writing other than the late disclosure of answers to the plaintiff's interrogatories(after the filing of the original motion to compel). The defendants' contention that the plaintiff's"certification" that various answers were evasive or incomplete is **mostly** reflective of his dissatisfaction, and that ambiguous questions were answered in an general fashion, is false. For example:
    A) Number one of the plaintiff's interrogatories asks: Define the duties and responsibilities of each defendant. The defendants answer: Objection(without any statute or law to support said objection. Then they answer only giving the full names and job titles.
  In the plaintiff's motion for reconsideration he adds a certification portion because, once again due to the late

disclosures of answers to the plaintiff's interrogatories, this was the plaintiff's first opportunity to give a response to the defendants answers and inform the court of the incomplete answers. thus this is a new issue presented to the court. Furthermore the failures to answer the whens, whys and whats of the interrogatories as expressed as arguments in the motion for reconsideration are to be treated as failures to answer, thus presenting new issues to the court once again and more importantly due to the late disclosure of answers(after the filing of the original motion to compel).

7. The plaintiff states in response to the defendants' contention that the plaintiff's Supplemental Sanctions Request was intended to be considered in connection with the Motion for reconsideration, is false said Supplemental request had it own title(<u>Supplement Sanctions Request</u>) and own certificate of service and thus the plaintiff's intentions was to have it entered as a seperate motion. Furthermore the defendants are not in any position, with alldue respect, to state what the intent of the plaintiff was. Also said motion for Supplemental Sanctions Request was the first opportunity to address the answers disclosed by the defendants, making it a new issue for the Honorable Court to review.
The plaintiff further states that it is automatically within the judges discretion to order and inforce any sanctions that he deems necessary and reasonable. The defendants contend that they have not violated any such order to disclose discovery. the plaintiff state in response to this, that this Honorable court Ordered on January 12th of 2006 that all discovery be disclosed by March 31st of 2006. to date the defendants have still not done so by their own admission pursuant to their Response to plaintiff's motin for reconsideration number 4. sentence number 4. The plaintiff states last that it is clear why said document presented to this Honorable Court, while claiming alleged facts was not signed under the pains and penalties such as this document will be.

WHEREFORE, for the above reasons the plaintiff's motion for

reconsideration of his Original Motion to Compel Discovery should be granted in its entirety without any consideration of the Defends' Opposition to plaintiff's motion for reconsideration.

SIGNED UNDER THE PAINS AND PEN

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

Date 6-14-06

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

### CERTIFICATE OF SERVICE

I Anthony Garvin hereby certify that a copy of the foregoing document has been served on the defendants' counsel Edward J. McDonough Jr. at 67 Market street by first class mail on 6-14-6.

Anthony Garvin Pro-Se