UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO. 05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPT ET.AL.,
DEFENDANTS

PLAINTIFF'S OPPOSITION TO DEFENDNATS'
MOTION TO COMPEL PLAINTIFF TO FURTHER
ANSWER DEFENDANTS' FIRST SET OF INTERROGATORIES

Now comes the plaintiff Pro-Se in the above-entitled matter and moves this Honorable Court to deny the defendants' motion to compel the plaintiff to further answer defendants' first set of interrogatories for the following reasons:

Interrogatory No.2
Opposition: The information the defendants are requesting concerning the plaintiff's past employment and reasons for leaving, are in no way relevant to any claims for damages in this matter as argued in the plaintiff's supplemental answer.

Interrogatory No.3
Opposition: The plaintiff argues that this information is protected by C.O.R.I under M.G.L.A 6 section 167. If the defendants want said requested information, all they would have to do is contact the defendant the Commonwealth of Mass, who already has this information. Furthermore the defendants want C.O.R.I info, yet they refuse to disclose info under the same statute.(See Exhibit A number 24 and 25 of the defendants' answers to the plaintiff's first set of interrogatories)

Interrogatory No.13
Opposition: The plaintiff does not have his past medical records. The plaintiff does not have access to his past records and states further that he does not remember ever having any similar conditions to the one which are the subject of this complaint. Furthermore to invade the plaintiff's past medical history would be an invasion of privacy unwarrantedly.

Interrogatory No.14
Opposition: See number thirteen above.

Interrogatory No.16
Opposition: The plaintiff states number 15, 16 Exhibit C, 23, 34, 51, Exhibit F and F(A) of the original complaint. Said confersations were in writing and were disclosed to the defendants.

Interrogatory No.19
Opposition: See complaint. Pursuant to Fed.R.Civ.P 8(a)(2), 28 USCA To provide a short and plain statement of the claim showing that the pleader is entitled to relief, as is required to satisfy pleading requirements, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz V. Sorema 534 US 506, 122 S.CT. 992 (U.S.2002). The plaintiff has exceeded this Prima facie evidentiary standard in his original complaint.

Interrogatory No.20
Opposition: The plaintiff has given his relief requet in the original complaint and further states that he is in the custody of the state. He does not possess the expert knowledge to give a percise monetary amount for each element of damage, but only give what he has given in his complaint based on the mental and physical suffering he has indurred. Furthermore as an inmate of the state, mental

health services are available and the plaintiff will inquire of the an amount for plastic surgery to fix the scar under his lip and the damage to his eye, from the medical staff.

Interrogatory No.23
Opposition: The defendants ask whether the plaintiff contends that the pain he suffers is a result of the injurys, symptoms, conditions or complaint sustained from the incidents which are the subject of the complaint. Of course he does, thats what the complaint states. Thus the defendants are in possession of this information.

Interrogatory No.24
Opposition: The defendants would have any and all of this info due to the fact that he has been in the custody of the state since the incident. Furthermore all relevant medical records have been disclosed.

Wherefore for the above reasons the defendants' motion to compel should be denied.

_____
Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

CERTIFICATE OF SERVICE

I Anthony Garvin hereby certify that a copy of the foregoing document has been served on defense counsel Edward J McDonough Jr. at 67 Market st, Spfld, Mass 01102 by first class mail on 6-19-06.

_____
Anthony Garvin Pro-Se