UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SERIFF'S DEPT ET.AL.,
DEFENDANTS

Plaintiff's Response To The Defendant's Opposition
To Plaintiff's Motion For Leave

    Now comes the plaintiff Anthony Garvin Pro-Se in the above matter and respectfully states in response to the defendants' opposition to the plaintiff's Motion for leave of court the following:

1. The plaintiff is in the process of contacting the U.S. Marshals with the new information concerning the Unknown officer in the tower, so that they may serve him. The plaintiff states also that Docket Entry number 5, 7-07-05 states that the summons and complaint was returned executed, naming the defendant the unknown officer in the tower as one of the defendants served. Furthermore the late disclosure of discovery is whats delaying the amendment of the complaint by the plaintiff.

2. The plaintiff states in response to the defendants reason number two, that two defendants did not answer(The Commonwealth of Massachusetts and The unknown officer in the tower)Discovery request. It is inherent in the discovery process that every defendant answer discovery request. Also Counsel continues to with hold all discovery in the possession of the defendant the Commonwealth of Mass. Furthermore the defendants' giving evasive and incomplete answers, responses

or disclosures are to be treated as failures to disclose pursuant to Fed.R.Civ.P 37(a)(3).

3. The plaintiff states in response to the defendants' contention that they have submitted written discovery, states that the plaintiff has expressed that said disclosures were evasive and incomplete. Concerning the defendants' Motion to compel, the plaintiff is working on an opposition .

4. The plaintiff states in response to the defendants' contention in number 4, that as a pro-se litigant, I am doing the best I can to conform to the Court rules. I am requesting more discovery due to the defendants' failures to disclose pursuant to Fed.R.Civ.P 26 as well as Rule 34 and 33 due to the evasive and incomplete disclosures pursuant to Fed.R.Civ.P 37(a)(3). Furthermore due to the defendants' continuing delays in disclosure with regard to the defendants' contention in number two, that the plaintiff's service of written discovery request to "defendants" without specifying which defendants were being asked to respond, as the defendants' reason for evasive and incomplete disclosure, which is an invalid argument due to the fact that as defendants the plaintiff need not specify when addressing it to all of the defendants, meaning all of the defendants should disclose, answer and or respond.

5. The plaintiff states in response to the defendants statement number 5, that the request for an extension on time for discovery practice is practical and due to the defendants' failures to disclose, answer and or respond. The defendants' claim in their opposition to the plaintiff's motion for reconsideration, that they did not violate any such order for discovery, is contrary to this statement made now by the defendants, thus admitting that the court issued an order, which they also admitt by their declaration that they are preparing
responses for the defendant the Commonwealth thus making the

defendants' fast and loose discovery practice the catalyst for the plaintiff's request for an extension on the discovery period.

6. The plaintiff states that it will take at least a week or two to complete any proposed "additional discovery request", which in all truth are more so specifying previously evaded, incompleted and not responded to request. Furthermore the recent oppositions and other motions needing to be addressed by the plaintiff, has kept the plaintiff Anthony Garvin Pro-Se

   very busy with preparation and the obtaining of copies at the facility, which he is currently housed in, in which legal copies are done once a week for his unit.

7. The plaintiff states that he is requesting an extension and the allowance for further discovery due to the late, failures, evasive and incomplete disclosures. Furthermore the vehicle I am using is proper for obtaining discovery, not to test the impropriety of the previous "disclosures"(late, failures evasive and incomplete). This motion for leave of court in question is just for leave. However the previous motion to compel is designed for testing the impropriety of the disclosures and non disclosures alike. The plaintiff lastley states that the defendants statement was only made to cloud and misinterpret the plaintiff's intent of his motion.

Wherefore for the above reasons, the defendants' opposition to the plaintiff's motion for leave should not be considered and the plaintiff's motion should be granted.

                SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

                                    _____
                                    Anthony Garvin Pro-Se
                                    S.B.C.C

P.O. BOX 8000
Shirley, Ma 01464

## CERTIFICATE OF SERVICE

I Anthony Garvin hereby certify that a copy of the foregoing document has been served on the defendants counsel Edward J. McDonough Jr. at 67 Market street, Spfld, Ma 01102 by first class mail on 6-19-06.

_____
Anthony Garvin Pro-Se