UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPT. ET.AL.,
DEFENDANTS

PLAINTIFF'S OBJECTIONS TO THE COURT'S ORDERS

  Now comes the plaintiff Anthony Garvin pro-se in the above entitled matter and respectfully moves the Honorable assigned district Judge to consider my objections and modify or set aside any portion of the Magistrate Judges' orders that he deems clearly erroneous or contrary to law, pursuant to Fed.R.Civ.P 72(a). The plaintiff objects as follows:

1.The plaintiff objects to the court's order granting the defendants' motion to compel further answers to defendants' first set of interrogatories cited in the defendants' motion as follows:

a)This Honorable court granted the defendants' motion to compel dispite the defendants' failure to comply with Local Rule 37.1 (a)(an attempt to confer in good faith to narrow the areas of disagreement) and (b)(iii)(The motion shall include in the margin of the last page a certification that the provisions of this rule have been complied with.) The plaintiff states that the defendants never attempted to confer with him, dispite his numerous attempts to confer with the defendants. See the plaintiff's original motion to compel discovery's certification and affidavit with Exhibits A, B, C and D attached.

b)The plaintiff also objects to the time he is given by the court to comply with this order as a pro-se litigant with limited access to the law library and copies, which are done once a week at the facility he is being housed at, S.B.C.C .July 7th

of 2006 is too soon to comply with such an order if up held. Furthermore the court ordered the plaintiff to serve on the defendants what pursuant to the request and order to be an unlimited access to the plaintiff's criminal history(mainly juvenile records), which would be contrary to the rule of evidence concerning impeachment. Most importantly the plaintiff does not have access to these documents. However the defendants mainly the Commonwealth of Massachusetts does have access, thus making this request unnecessary. And last, the court's order gives the defendants unlimited access to the plaintiff's medical history, the plaintiff objects to this.

c) The plaintiff objects to having to disclose any detailed description on how the incidents occurred past what he has already given in his original complaint, because 1) In order for the plaintiff to do so he would need the discovery that the defendants are with holding as argued in his original motion to compel discovery, which has been denied and 2) Pursuant to Fed.R.Civ.P 8(a)(2), 28 U.S.C.A to provide a short and plain statement of the claim showing that the pleader is entitled to relief, as is required to satisfy pleading requirements, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz V. Sorema 534 U.S. 506, 122 S.CT. 992(US 2002). The plaintiff has exceeded this prima facie evidentiary standard in his original complaint, which the defendants have been given.

2. The plaintiff objects to the court's order denying the plaintiff's motion for reconsideration for the reasons set forth in the defendants' opposition with regard to the plaintiff's request of the court to compel the defendants to comply with Rule 26(a)(1) Required automatic discovery, because no where in the defendants opposition does the defendants oppose the plaintiff's argument number 8 in his motion for reconsideration. Thus the motion should have been granted in part, said issue is raised in the body of the original motion to compel, which was denied. Memorandum of law was also attached with affidavit to support

this claim of failure to disclose. Furthermore on 4-24-06, the plaintiff's motion for transcripts was granted, however said transcripts have not been disclosed by the court knowing that the heart of the plaintiff's argument concerning the defendants' violation of Fed.R.Civ.P 26 is supported by said transcripts. Each alleged violated Fed.R.Civ.P was argued equally in the plaintiff's original motion to compel and attachments.

3. The plaintiff objects to the courts order that the plaintiff serve the granted further interrogatories no later than July 7, 2006 and that the plaintiff direct said further interrogatories "At named defendants only, because:
   a) In the plaintiff's original Document Production request and First set of interrogatories the plaintiff addressed said request to all the defendants exspecting all of the defendants to respond, answer and disclose.

   b) If this order is up held the plaintiff a pro-se litigant will need more time to serve the defendants all separately with further interrogatories.

Wherefore the plaintiff hopes and prays that this honorable court modify or set aside said objected to orders.

_____
Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

CERTIFICATE OF SERVICE

I Anthony Garvin hereby certify that a copy of the foregoing document has been served upon defense counsel Edward J. McDonough Jr. at 67 Market street Spfld, Ma 01102 by first class mail on 6-26-06.

_____
Anthony Garvin Pro-Se