UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

THE COMMONWEALTH OF MASSACHUSETTS ET.AL.,
DEFENDANTS

MOTION TO COMPEL DISCOVERY

Now comes the plaintiff Anthony Garvin Pro-Se in the Above entitled matter, pursuant to Fed.R.Civ.P 37 and respectfully moves this court to compel the Defendants to disclose any and all discovery that has been requested and undisclosed to date for any unvalid reason asserted by the Defendants. The Plaintiff requests that this court review, analyze and decide what is relevant and must be disclosed out of all the discovery disputes. Furthermore the plaintiff states that he is entitled to all the disputed discovery as amatter of law.

The Plaintiff states that there are outstanding issues of failures to disclose under Fed.R.Civ.P 33, Rule 34 and Rule 26, which to date have either not been disclosed or not fully disclosed and thus pursuant to Fed.R.Civ.P 37(a)(3), is to be treated as a failure to disclose.

The Defendants have acted in bad faith and refuses to confer with the Plaintiff, with the exception of a recent letter only addressing the latest Supplemental set of Interrogatories, which is still in dispute. Pursuant to Local Federal Rule 37.1(a) failure to confer should prompt the court to automatically grant this motion.

The Plaintiff also requests that this court order the Defendants to compensate the Plaintiff in the amount that this court deems just for attorney fees, and all posage incurred.

(1)

CERTIFICATION

　　　I the Plaintiff Anthony Garvin Pro-Se, hereby certify that pursuant to Fed.Local.R 37.1(a), I have attempted to confer with defense counsel Edward J. McDonough Jr. on numerous occasions all to no avail. However My most recent letter concerning the answers to my supplemental Interrogatories dated 9-8-06, defense counsel Kevin D. Withers did respond as follows:

1. "With regard to the argument set forth in paragraph 1 of that letter, please be advised that the District Attorneys of Hampden and Hampshire Counties are independantly elected, public officials; they are not parties to this case; and, to the extent you have propounded interrogatories to them, you go beyond what is permitted by the rules. Accordingly, we have not answered those interrogatories and will not do so in the present posture of this case." See Exhibit A

2. Counsel further states: "With regard to the requests in paragrph 2,3 and 4 of your letter, the individual defendants have answered based on their personal knowledge, which they are required to do. Accordingly, they w/ill[sic] not be submitting further answers to your interrogatories."

3. I have, prior to 9-8-06 attempted to confer with defense counsel Edward J. McDonough Jr. on 3-16-06, 3-27-06, 3-30-06, 4-15-06 and 6-26-06 to no avail, no response and denial of the requested phone conference on 3-16-06.

4. This is a two count civil complaint alleging numerous violations of Federal rights & laws, State rights, State Laws, Mass codes of Regulations, Policy and Procedure. The Plaintiff states that all disputed discovery needs to be analyzed by the court and decided whether or not it must be disclosed.

(2)

The Plaintiff argue that the Defendants have provide incomplete, unresponsive and evasive answers to production of documents requests, Interrogatory, supplemental production of document requests, supplemental Interrogatory questions and have failed to disclose any discovery pursuant to automatic discovery.

The Defendants have provided incomplete, unresponsive and evasive answers to the following production of document requests and supplement request for production of documents. The Plaintiff argues as follows:

Document Request No.1:

Any and all policies and procedures that establish the responsibilities of all the defendants, Correction officers, supervisory officers and medical staff.

Supp Request for Production of Documents to No.1:

(add to #1 request) Policies concerning the amount of inmates allowed to be housed in a cell and any applications for a waiver of said policies if one was filed.

Document request No.1:

Any and all policies and procedures that establish the responsibilities of all the defendants, correction officers, supervisory officers and medical staff.

Response: Defendants object to producing this documentation because plaintiff has requested information that could threaten the safety, health and security of staff and other inmates.

Argument: The plaintiff is simply requesting discoverable highly relevant documents, which define and clearifys issues

(3)

in this matter and is necessary to prepare for trial. The requested information is readily available to the defendants. The plaintiff requests that this court order the defendants to fully disclose the requested documents.

Document request No.2:

A copy of the log book containing the names and signatures of all employees who entered the C-2 segregation unit of the Hampden county house of correction (HCHC) between May 27th of 2003 to June 2nd of 2003 and between September 10 of 2003 to October 28th of 2003.

Response: Defendants object to producing this documentation because plaintiff has requested information that could threaten the safety, health and security of staff and other inmates.

Argument: The plaintiff is simply requesting discoverable highly relevant documents, which are necessary for impeachment and to prove negligence. The requested documents are readily available to the defendants. The plaintiff requests that this court order the defendants to fully disclose all of the documents request number 2.

Document request No.3:

Any and all written, investigative and special reports or enemy status notification filed by any of the defendants, or their agents or employees, regarding the attack the plaintiff suffered and the obtaining Omar Marrero as a commonwealth witness and the actions leading up to the obtaining Mr. Marrero as a commonwealth witness against the plaintiff.

Response: Copies of all Incident Reports, Grievances Forms and Inmate Request Forms relating to the allegations in plaintiff's Complaint have been provided as Exhibit 1.

(4)

Argument: All of the request has not been responded to. No enemy status notification has been disclosed regarding Omar Marrero dispite the defendant, Victor Kelly's answer to the plaintiff's First set of Interrogatories number 27 Exhibit A, that he entered on the system, to keep Mr. Marrero and the plaintiff separate because he had heard the two talking one cell to another. No report on what he heard the two talking about was disclosed. Nor did the defendants disclose any report of what he heard between the plaintiff and Mr. Zanetti, dispite his answer to Interrogatory number 17 also Exhibit A, where he states that this is when he became aware of the of the likelihood of danger the that the plaintiff faced prior to the plaintiff being attacked by Mr. Zanetti. No documents have been disclosed from the investigation of the attack by Mr. Zanetti dispite the teh defendants' assertion that there was one. No documents from state trooper Gibbons of the Hampden County C.P.A.C unit have been disclosed concerning his conversation with Mr. Marrero prior to Mr. Marrero actually becoming a witness against Mr. Garvin. The plaintiff's request goes beyond incident reports, Grievance forms and request forms just at the facility. The plaintiff requests this court to order the defendants to disclose all relevant documents in their possession including the District Attorney's office.

Document request No.4:
Number three (3) above includes investigative reports, notes or documentation on file or in the possession of the Commonwealth of Massachusetts.

Response: See response 3.

Argument: The Answer to this request is evasive and incomplete. The district attorney's office is in possession of

(5)

highly relevant documents and the defendants have not disclosed any such documents.

Document request No.5:
Copies of each defendants work related disciplinary records, including any and all hearings and suspensions or transfer of work assignment that occured in the aftermath of the assault on the plaintiff and the obtaining of Omar Marrero as a government witness against the plaintiff.

Response: Objection. This request calls for the production of items that are irrelevant and constitutes an unwarranted invasion of privacy under the public records statute (G.1. C. 4,sec7). Without waiving the objection there are no such records.

Argument: Pursuant to the Fed.R.Civ.P 26(b), 23(d) and Fed.R.Evid 401, 28 USCA, the 5th and 6th amend of the U.S. Const the plaintiff is entitled to these documents in order to prosecute this case. The plaintiff requests this Court to order the defendants to disclose all requested documents under request number 5.

Document request No.6:
Copies of any written reports, notes and related documentation forwarded to or from the prosecutor's office regarding the assault on the Plaintiff and the obtaining of Omar Marrero as a government witness.
Supp Request for Production of Documents to No.6:
(add to #6 request) as well as any reports, notes or documents forwarded to or from the district attorney's office of any county concerning the plaintiff's criminal case, Com V. Anthony Garvin No.02-8961,2 and Omar Marrero regarding any matter, which may tend to constitute and, or support the contention of an agent relationship.
Response: Defendants are unaware of any such documents.
Argument: This is an untrue answer. Omar Marrero wrote a letter to the district attorney's office requesting favors for his cooperation. Also Mr. Marrero was testifying against his co-defendants under an agreement, which are

(6)

        documents to support the agent relationship claim in any matter.

Document request No.7:
The names of, numbers of and present location of all inmates who were housed in C-2 at the HCHC from May 27, 2003 to June 2, 2003 and September 10, 2003 to the 28th of October of 2003.
Supplement document request No.7:
as well as the current location and phone number of Omar Marrero, Nelson Aponte, Luis Blanco Moreno, Eric sullivan and William Torres. Also the cells that all of these individuals were housed in and if they were housed with someone, who and are they classified as gang members? If so what gang?

Response: Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I statute.(M.G.L.c.6 sec 167)

Argument: Pursuant to the Fed.R.Civ.P 26(b), 23(d) and Fed.R.Civ. Evid. Rule 401, 28 U.S.C.A. the requested documents are relevant, has reasonable possibility to define and clarify issues and is necessary to obtain witnesses pursuant to the plaintiff's 6th amendment rights under the U.S. Constitution and 5th amendment rights under under the same. The plaintiff requests that this court order the defendants to disclose these documents.

Document request No.8:
Copies of all administrative remedy forms, grievance forms, complaints, letters or memos submitted by the plaintiff, while he was housed at HCHC.
Supplement document request:
and any from any inmate if relevant to the plaintiff's remedy forms, grievance forms, complaints, letters or memos.

Response: Copies of all Incident Reports, Grievances Forms and Inmate Request Forms related to the allegations in plaintiff's Complaint have been provided as Exhibit 1.

Argument: The defendants did not disclose all of the requested documents that the plaintiff filed while he was housed at the HCHC. The defendants are attempting to narrow the plaintiff's request to just those that are relevant to this matter(in the defendants' eyes), when what the plaintiff asked for was all that he filed while he was housed at the facility. This is an evasive and incomplete answer and untrue. The plaintiff also filed grievances about legal mail being tampered with and the assault on an inmate by one of the defendants Lt. Korman. The plaintiff is requesting that this court order the defendants to disclose all of the requested documents.

Document request No.9:
Copies of all administrative remedy forms, grievances, complaints, letters or memos pertaining to the releasing of information to inmates by officer (first name unknown) Mishu regarding other inmates personal information and charges. Said officer may be amended to said complaint under count two.

Response: The defendants have produced copies of all Incident Reports, grievances forms and Inmate Request Forms related to the allegations in plaintiff's complaint have been provided as Exhibit 1. Defendants object to producing any grievances, complaints, or other documents filed by others and received by the defendants because plaintiff has requested information that could threaten the safety, health and security of staff and other inmates.

(8)

Arguement: The defendants failed to answer said request in part and concerning grievances complaints ect. by others concerning relevant issues to this matter. Being threatening to safety, health and security of staff and other inmates, does not supersede Federal Rule Civil procedure Rule 26(b), 23(d), Fed.R.Evid. 401, 28 USCA, Due Process and Compulsory right to obtain witnesses and presentation of evidence under the fifth and sixth amendment of the U.S. Constitution. The plaintiff is requesting that this court order the defendants to disclose these requested documents.

Document request No.10:
Any and all classification reports, incident reports and enemy status notices where the plaintiff, Omar Marrero, Michael White and Timothy Zanetti's names are mentioned from January 2, 2003 to April, 2004, including but not limited to computer printouts, daily log books and monthly and weekly classification reports and findings.

Response: Copies of all Incident Reports, Grievances Forms and Inmate Request Forms relating to the allegations in plaintiff's Complaint have been provided as Exhibit 1. Defendants object to producing any grievances, complaints, or other documentation file by others and received by the defendants because plaintiff has requested information that could threaten the safety, health and security of staff and other inmates.

Supplement document request:
Including any suicide watch statuses and classification notes and memos.

Argument: The defendants failed to answer the plaintiff's supplement request to this request. The plaintiff argues the same as in his argument in number 9 above.

(9)

Document request No.11:
Any and all legal visiting records of Omar Marrero, Timothy Zanetti and Michael White form January, 2003 to April, 2004, including but not limited to where the visit was held and who if any HCHC employees were present at said visits. Dates and times visits were held included.

Response: Objection. Plaintiff has requested documents which constitute are protected information undert the C.O.R.I statute. (M.G.L.c.6 sec 167)

Argument: The requested documents reasonably possess relevant evidence to this matter. Fed.Rule.Civ.Proc 26(b), 23(d) ,Fed.R.Evid. Rule 401, 28 U.S.C.A. and thus the plaintiff is entitled to these documents as a matter of law. The plaintiff requests that this court order the defendants to disclose the requested documents.

Document request No.12:
Copies of any written or verbal statement made by Omar Marrero and Michael White to any of the defendants. Including any notes created by any of the defendants regarding the plaintiff.

Response: Defendants are unaware of any such documents.

Argument: This is not true. Omar Marrero testified at the plaintiff's trial, that someone gave him the number to state trooper Gibbons of the Hampden County C.P.A.C unit. also Mr. Marrero wrote a letter to the district attorney's office requesting favors for information he allegedly had. Mr. The plaintiff requests that this court order the defendants disclose these documents and any other relevant documents that any agent of the defendant the Commonwealth of Massachusetts may have in their possession.

(10)

Document request No.13:
Copies of any and all written or verbal statements given by Omar Marrero regarding any of the cases regarding Commonwealth V. Omar Marrero, including any and all inconsistant statement and wishes for leniency in exchange for his cooperation.
Supplement request No.13:
Including any that he may have made in any and all of his codefendant's cases.

Response:   Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I. statute. (M.G.L.c.6 sec 167)

Argument:   The requested documents are highly relevant to this matter and under Fed.R.Civ.P 26(b), 23(d), Fed.R.Evid. Rule 401, 28 U.S.C.A. The defendants' response is to be treated as a failure to disclose, Fed.R.Civ.P 37(a)(3).

Document request No.14:
Copies of any and all plea agreement, promises, favors and inducements that any of the defendants may have promised Mr. Marrero and or gave Mr. Marrero, pertaining to the plaintiff and pertaining to any of the cases under Commonwealth V. Omar Marrero.
Supplement request No.14:
and pertaining to any of his codefendants' cases for his testimony. Due to the Commonwealth being a defendant, this request is including offers, promises and inducements made by Holyoke, Springfield and state police.

Response:   Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I. statute. (M.G.L.c.6 sec 167)

Argument:   The requested documents are highly relevant to this matter, mainly elements to be proven of the plaintiff's claim. "Rules of procedure shall not abridge, enlarge

or modify any substantive right" Amchem Products Inc, et.al. V. Windsor 117 S.Ct. 2231, 251 U.S. 591 (U.S.PA. 1997), such as United States Constitutional Rights to Due Process and Compulsory Rights to obtain witnesses and evidence. The Plaintiff is requesting this Court to order the Defendants to disclose all requested documents under this request. The Defendants have displayed a patern of similar misconducts throughout the Plaintiff's criminal case concerning the withholding of discovery.

The following discovery issues are in dispute pursuant to Fed. Local.Rule 37.1(b)(5), concerning the failure to disclose answers to the Plaintiff's First set of Interrogatories:

Q. 23. Was anyone aware of the fact that Omar Marrero was a Commonwealth witness prior to being placed in the plaintiff's cell? If so, who and what did he/she know?

Supp Q.2.(add to #23) , meaning did anyone know he was testifying in any criminal or civil matter.

A. 23.(Ramos)I had no knowledge of Omar Marrero being a witness for anyone.

Plaintiff's argument: This is an evasive and incomplete answer. Once again the defendant fails to fully answer the question. This is to be treated as a failure to disclose pursuant to Fed.R .Civ.P 37(a)(3). Furthermore the Defendants have failed to identify anyone who was in direct contact with Mr. Marrero concerning why he was returned to the protective custody status, which pursuant to Mr. Marrero's testimony, the jail was aware of his relations with the Commonwealth before being a cellmate with the Plaintiff.

(12)

The following discovery issues are in dispute pursuant to the Court's order entered on 6-21-06, concerning Supplemental Interrogatories as follows:

Interrogatory No.5: (to Defendants John Cadigan, Victor Kelly, William Muldrow, Thomas Korman, Basil Tsagaris and Michael J. Ashe Jr.)

Q. When Omar Marrero returned to the C-2 unit on or about August of 2003 after being jumped by his own LaFamilia gang brothers, who did the investigation and what did they find out, was there a report written and who was notified of the findings?

Response: Objection - the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to discovery of admissible evidence.

M. Ashe : Further states; The information sought constitutes "evaluative information" under the C.O.R.I. statute. M.G.L.c.6 § 167 exempts from disclosure, "evaluative information" defined as: "'Evaluative information', records, data, or reports concerning individuals charged with crime and complied by criminal justice agencies which appraise mental condition, physical condition, extent of social adjustment, rehabilitative progress and the like, and which are primarily used in connection with bail, pretrial or post-trial release proceedings, sentencing, correction and rehabilitative planning, probation or parole." Without waiving said objection, the Unit Disciplinary Board is responsible for any investigations.

Argument: The Plaintiff states that the sought information is highly relevant to the matter before this court, because the Plaintiff's Criminal defense attorney, during the plaintiff's criminal trial elicited testimony from Mr. Marrero that upon his return to the

(13)

C-2 Unit for being jumped he told the jail officials that he was jumped because his gang brothers thought he was a "snitch" and or it was documented in the records that were lately disclosed by the Defendant Michael J. Ashe Jr. thus they were aware of his agent relationship and gang afiliation and ignored the likilyhood of danger the plaintiff faced by placing Mr. Marrero into the cell with the Plaintiff. The officials who investigated that matter placed Mr. Marrero on a protective custody status based on the information discovered in the investigation and thus these individuals may be relevant witnesses to show prior knowledge of Mr. Marrero's agent relationship. The plaintiff's right to obtain evidence can not be thwarted by the Defendant's raising the C.O.R.I statute and furthermore Fed.R.CIV.P 26(b) makes it clear that the Plaintiff is or shall be afforded broad scope of examination and that it may cover matters themselves inadmissible but which will lead to such evidence as the Plaintiff has diminstrated above. See Engl V. Aetna Life Ins. Co., C.C.A.Z, 1943, 139 F2d 469; Mahler V. Pennsylvaina R.Co., E.D.N.Y. 1945, 8 Fed.Rules Serv. 33. 351, Case 1. Also see Hoffman V. Palmer, C.C.A.2 1942, 129 F2d 976, 995-997, Affirmed 63 S.Ct. 477, 318 U.S. 109, 87 L.Ed. 645. The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. The Plaintiff requests that this Court compel the disclosure of the requested information.

Interrogatory No.6: (To the same defendants as number 5 above)

Q. What was discovered from said investigation?

Response: Is the same from number 5 above.(see above responses)

(14)

Argument: Is the same from number 5 above.(See above arguments)

Interrogatory No.7:(First question to Michael J. Ashe Jr.)

Q. Have you ever had to discipline, or order someone else to discipline any of the other defendants, if so, why and who?

Interrogatory No.7:(To Basil Tsagaris)

Q. Have you ever gotten complaints and or grievances from the Plaintiff concerning C/O assaults on inmates, legal mail tampering and 5th amendment rights to due process violations concerning disciplinary hearings, if so, what and what was the out come of the matter?

Response:(Both answered): Objection - the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

Argument: The plaintiff states that the requested information is is necessary to show a pattern of misconduct by the Defendants as well as impeachment evidence in the event that any of the Defendants are called to testify in the event of a trial. The Plaintiff hereby argues his Due process, Compulsory right to obtain witnesses and to obtain evidence, are highly relevant to this matter of the pending action and thus his requests should be compeled by this court.

Interrogatory No.8:(To Basil Tsagaris)

Q. Whose job is it at the Hampden County House of Correction to investigate and if necessary discipline any officer or anyone from administration for Federal, state and or department violations of Rules, Laws, Policies and or Procedures?

(15)

Interrogatory No.8:(To Michael J. Ashe Jr.)

Q. Has any of the defendants, including yourself, ever been subject to any civil suits concerning the violation of rights of inmates or staff, if so, by whom was the suit filed, when was the suit filed and why was it filed?

Response:(Both gave this answer to Interrogatory No.8)
    Objection - the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

Argument:(To Both responses)
    The requested information is discoverable evidence and is necessary to show a pattern of misconduct by the Defendants as well as for impeachment purposes. The Plaintiff requests that this court compel the requested information.

Interrogatory No.5:(To John Kenney)

Q. When Omar Marrero returned to the C-2 unit on or about August of 2003 after being jumped by his own LaFamilia gang brothers, who did the investigation and what did they find out, was there a report written and who was notified of the findings?

Response: Objection - the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the Unit Disciplinary Board is responsible for any investigations. The reports are kept in house.

Argument: See the plaintiff's argument to the defendants' response to the Plaintiff's interrogatory number 5 on page 13 and 14.

(16)

Interrogatory No.6:(To John Kenney)

Q. What was discovered from said investigation?

Response: Objection - the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

Argument: The plaintiff argues the same argument as his argument to the defendants' response to interrogatory number 5 on page number 13 and 14. The plaintiff asks that this court order the discovery sought to be disclosed.

The Plaintiff argues that the Defendants' failure to comply with the Federal court rule concerning automatic discovery, Fed. R.Civ.P Rule 26(a), must prompt this court to compel said discovery without further delay. The Plaintiff states the following facts in support:

1. On January 3, 2006 the Defendants, Pursuant to Fed.Local.R16.1 (B)(1) and (2), proposed that required discovery be disclosed by 21 days after the January 12th, 2006 Scheduling Conference.

2. During the January 12th, 2006 Scheduling Conference the Plaintiff raised his exemption to this rule regarding required discovery.

3. The Defendants' Attorney argued that he had not read the Fed.R.Civ.P 26(a)(1)(E)(iii) exemption rule that the plaintiff argued and asserted.

4. The Court then Stated;"This is an action-this is one of the categories exempt from these initial disclosures and I think Mr. Garvin is right, it says an action brought without counsel by a person in the custody of the United States, State or State subdivision. So yes, you're right. There's no automatic disclosure requirements on your part[Emphasis added]."

(17)

5. Then On or about March 15, 2006 the Plaintiff received a letter from the defendants' counsel stating;"I am in receipt of Plaintiff's Request for Phone Conference dated March 11, 2006. Please be advised Fed.R.Civ.P. 26(a)(1)(E)(iii)states in part as follows: "(E) The following categories of proceedings are exempt from initial disclosure under Rule 25[sic](a)(1): (iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision; I hereby decline your request for a telephone conference. Please communicate with me in writing and I will be happy to respond."

6. The Plaintiff states that his understanding of the Defendants' letter addressed above, is that they were now claiming to be exempt from initial disclosures, required discovery/automatic disclosures.

   The Plaintiff states that"It is clear that the only way a party may be exempted from compliance with Rule 26(a) is either by stipulation of the parties or court order Fed.R.Civ.P 26(a)(1)". The Rule further states as follows: These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in these circumstances of the action and states the objection in the Rule 26(f) discovery plan[emphasis added]. The Defendants have failed to turn over any requied discovery under this rule. The Plaintiff requests this court to compel the defendants to disclose the requested discovery/ discovery in dispute.

Wherefore for the foregoing reasons the plaintiff hopes and prays that this motion will be allowed.

                                          _____
                                          Anthony Garvin Pro-Se
                                          S.B.C.C
                                          P.O. BOX 8000

Date 9-29-6                                      Shirley, Ma 01464

### CERTIFICATE OF SERVICE

I Anthony Garvin Pro-Se hereby certify that a copy of the foregoing document has been served upon the Defendants' Attorney Kevin D. Withers at 67 Market street by first class mail in Springfeild, Ma 01102 on 9-29-6.

*Anthony G.*

Anthony Garvin

(19)

*Exhibit A*

Law Offices Of
# Egan, Flanagan and Cohen, P.C.

67 Market Street
P.O. Box 9035
Springfield, Massachusetts 01102-9035

Phone: (413) 737-0260 • Telefax: (413) 737-0121
Chicopee Office: (413) 594-2114 *by appointment only*
Web site: www.eganflanagan.com

John J. Egan
Theodore C. Brown
Edward J. McDonough, Jr.
Maurice M. Cahillane
Robert L. Quinn
Joseph A. Pacella[*]
Joseph M. Pacella
Kevin D. Withers
Paula C. Tredeau[°]
Richard J. Kos
Joan F. McDonough
Katherine A. Day[▫]
Jennifer Midura D'Amour[*]

*Senior Counsel*
William C. Flanagan[+]
Mary E. Boland
Thomas J. Donoghue

*Of Counsel*
David G. Cohen

James F. Egan
(1896-1986)
Edward T. Collins
(1902-1995)
Charles S. Cohen
(1931-2004)

[*]Also admitted in CT
[+]Also admitted in DC
[▫]Also admitted in FL
[°]Also admitted in TX

September 18, 2006

Anthony Garvin
S.B.C.C.
P.O. Box 8000
Shirley, MA 01464

RE: Garvin v. Hampden County Correctional Center et al.
    United States District Court 05-30102-MAP

Dear Mr. Garvin:

Receipt of your letter to me dated September 8, 2006 is hereby acknowledged. With regard to the argument set forth in paragraph 1 of that letter, please be advised that the District Attorneys of Hampden and Hampshire Counties are independently elected, public officials; they are not parties to this case; and, to the extent you have propounded interrogatories to them, you go beyond what is permitted by the rules. Accordingly, we have not answered those interrogatories and will not do so in the present posture of this case.

With regard to the requests in paragraphs 2, 3 and 4 of your letter, the individual defendants have answered based on their personal knowledge, which is what they are required to do. Accordingly, they w/ill not be submitting further answers to your interrogatories.

Very truly yours,

Kevin D. Withers, Esq.

KDW:jfs