UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

FILED

2006 OCT -5  A 10: 58

U.S. DISTRICT COURT

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPT. ET.AL.,
DEFENDANTS

## MOTION FOR DISCOVERY ORDER

Now comes the plaintiff Anthony Garvin Pro-Se in the above entitled-matter and respectfully moves this court to issue an order for the SJC's clerk to produce a copy of Exhibits F for identification(classification records) and Exhibit 33(Letter by Omar Marrero) free of charge from the matter of Commonwealth V. Anthony Garvin SJC-09548. Said documents are highly relevant to this matter under Fed.R.Civ.P Rule 26(b), and Rule 23(d), Fed.R.Evid. Rule 401, 28 USCA, all concerning the reasonable possibility of relevance to this matter, which defines and clarifies issues and the necessity of said documents for cross examination. As a matter of Constitutional right the plaintiff is entitled to said documents under the 5th, 6th and 14th amendments of the U.S. Constitution. Furthermore the defendants have denied the production of these documents, either by objection or failure to disclose. The plaintiff also requests that the defendants disclose the identity of anyone who is or was aware of the existence of said documents.

Please find the plaintiff's affidavit and exhibits in support of this motion attached.

And last, the plaintiff states Rule 26 subdivision (b) makes it clear that the broad scope of examination and that it may cover not only evidence for use at trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to discovery of such evidence. The purpose of discovery is

to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. Engl V. Aetna Life Inc. Co., C.C.A.Z, 1943, 139 F2nd 469; Mahler V. Pennsylvania R.Co.,E.D.N.Y. 1945, 8 Fed.Rules Serv. 33. 351, case 1. Also see Hoffman V. Palmer, C.C.A. 2 1942, 129 F2nd 976, 995-997, Affirmed 63 S.Ct. 477, 318 U.S. 109, 87 L.ED. 645.

Wherfore the plaintiff prays and hopes that this court grant this motion based on the Law and facts raised in the plaintiff's affidavit attached.

*Anthony G.*

Anthony Garvin Pro-Se
S.B.C.C
P.O. Box 8000
Shirley, Ma 01464

Date 9-29-6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPT. ET.AL.,
DEFENDANTS

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
MOTION FOR DISCOVERY ORDER

Now comes the plaintiff in the above entitled matter duly deposes and says;

1. On April 2, 2004 at the request of the plaintiff's then criminal trial attorney Greg T. Schubert, in the matter of Commonwealth V. Garvin No.02-896-1,2, the Hampden county Superior court clerk's office issued a subpoena for the Hampden county corrections keeper of records to appear at the Hampden county Superior court on April 6, 2004 and from day to day there after, 'Bringing with you any and all records including but not limited to; disciplinary, visitation, cell assignments and in particular a note placed in the computer on or about 10-22-03 with regards to the defendant and Omar Marrero. Said records should be on the following inmates; Michael White, Omar Marrero, Nelson Aponte and Anthony Garvin; Exhibit 1.

2. On April 8, 2004 the second day of trial, trial counsel states that the keeper of the records never showed up on April 7, 2004 the previous day: III/6 Exhibit 2

3. Trial counsel stated that "they say that she needs to be reserved"; III/6 Exhibit 2

4. The trial Judge stated that I was entitled to said records and ordered that they be there by 10:30 am that day; III/7 Exhibit 3

5. The trial Judge then stoped trial and stated that the jail couldn't "find the subpoena so they don't want to bring it." III/21; Exhibit 4

6. The subpoena was refaxed; III/21-22 Exhibit 4

7. On April 8, 2004 Omar Marrero testified that he was assaulted with a weapon by a gang member which got him placed on a protective custody status for three months the first time; III/126 Exhibit 5

8. Then Omar was jumped by LaFamilia Gang members in general population, which caused him to be placed on protective custody status III/127 Ehibit 6;

9. Omar stated that he called state trooper Ron Gibbons to give him the information that he allegedly learned from the plaintiff III/138 Exhibit 7;

10. Omar then stated that he wrote District Attorney William Bennett III/139 Exhibit 8 (Trial Exhibit 33)

11. Omar stated that he spoke to Trooper Gibbons on the phone. To date the defendants have not disclosed this information dispite specific requests; III/144 Exhibit 9

12. Omar also stated that it was a Latin King who attempted to stab him. Whether this was because he was a Snitch or a LaFamilia gang member a rival of the Latin Kings, III/148 Exhibit 10, is important to this matter.

13. Omar stated that the second time he was placed on a protective status, was due to his wanting to get out of the gang, which caused him to be placed on protective custody again; III/160-161 Exhibit 11

14. Omar then stated through elicitation that he was jumped because of something to do with his case; III/162-163 Exhibit 12

15. Defense counsel during the trial of the Plaintiff the brought to the courts' attention a report that was in the witness' record stating Omar was jumped because he was snitching and not because he wanted to get out of the gang; III/174, 178 and 180 exhibit 13

16. Omar then pleads the fifth to avoid inquiry concerning his prior involvement with the Commonwealth as a witness prior to being placed in the Plaintiff's cell, which evoked a sidebar where his attorney states he wrote statements against his co-defendants; III/181-186 Exhibit 14

17. Omar admits that his cooperation against the Plaintiff was conditioned on the agreement that he would be moved out of the Hampden county house of correction; III/193-194 Exhibit 15

18. Omar testifies that he understands that he will receive less time for his testimony; III/195-196 Exhibit 16

19. Omar testifies that he waived his right to be tried in one year because he thought he would be found guilty, which caused another sidebar where his attorney stated that they haven't been told any numbers by the District Attorney's office, then Omar states that his lawyer told him "they" were talking, when questioned about his plea agreement and any downward departures. The court then interrupts the answer; III/201-206 Exhibit 17

20. Attorney for the Plaintiff at his trial notified the Court that dispite the Courts' order he was still not in possession of any of the notes or reports that are generated at the classification hearings; V/32 Exhibit 18

21. Some of the records were said to be from various people, one of which said enemy of Garvin; V/33 Exhibit 19

22. Defendant Juan Ramos testified that there were individuals/ "particular persons" classified as enemies of Mr. Garvin. V/37 Exhibit 20

23. When asked by defense counsel whether or not he had present recollection of Mr. Garvin being placed in protective custody when he was put in the institution, Juan Ramos answered; Yeah, special management with enemy; V/38 Exhibit 21

24. Marrero was classified as LaFamilia pursuant to Juan Ramos. When is whats important to this matter; V/47 Exhibit 22

25. When asked what circumstances initiated the plaintiff being placed in protective custody, Ramos answered; "Information from law enforcement, newspaper, and the media. This guy was arrested for allegedly shooting Mr. Santiago, so Mr. Santiago and his associates are -- you know, some of them are -- friends of his are incarcerated at the facility, and we felt it necessary to protect Mr. Garvin, to keep him away from general population for his own safety."; V/50 Exhibit 23

26. Thus the documents at the facility concerning the plaintiff in the matter before this court are highly relevant and should be disclosed

27. The documents requested were turned over on the third day of the defendants'(Plaintiff's)criminal trial. IV/184 This was because of Michael J. Ashe Jr.'s reluctance.

The Plaintiff states that this affidavit is based on the trial transcripts of Anthony Garvin the Plantiff in this matter and that all assertion are sworn under the pains and penalties of perjury.

*[signature]*
Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

Date   9-26-6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon defense counsel Kevin D. Withers at 67 Market St Springfeild, MA 01102 by first class mail on  9-29-6 .

*[signature]*
Anthony Garvin

Exhibit 1
1 of 2 pages

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF THE TRIAL COURT**



Hampden, ss:

Superior Court
No.: 02-896-1, 2

COMMONWEALTH OF )
MASSACHUSETTS )
    Plaintiff )
v. )
     )
ANTHONY GARVIN )
    Defendant )

**SUBPOENA DUCES TECUM**

TRUE COPY ATTEST
HMP CTY
4/2/04

To:   Keeper of Records
      Hampden County Correctional
      Center at Stoneybrook
      627 Randall Road
      Ludlow, Ma 01086

    YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts, to appear before the Hampden County Superior Court, 50 State Street, Springfield, Massachusetts, holden at Springfield within and for the county of Hampden on the 6th of April, 2004, at 9:00 a.m. Superior Court and from day to day thereafter, until the action hereinafter is heard by said Court, to give evidence of what you know relating to the above captioned matter. Bringing with you any and all records including but not limited to; disciplinary, visitation, cell assignments and in particular a note placed in the computer on or about 10/22/2003 with regards to the defendant and Omar Marrero. Said records should be on the following inmates:

        Michael White
        Omar Marrero
        Nelson Aponte
        Anthony Garvin

    Hereof fail not, as you will answer your default under the pains and penalties in the law in that behalf made and provided.

    Dated at _____, Massachusetts the ___ day of April, 2004

                          **Notary Public,**
                          My Commission Expires:

Subpoena issued at the request of:
Greg T. Schubert
1365 Main Street    A true copy:
Springfield, MA 01103
(413) 746-1313          Attest:

Aug 9, 07

Exhibit 1
2 of 2 pages

Commonwealth of Massachusetts
County of Hampden
The Superior Court

Hampden, ss.

## SUMMONS TO WITNESS TO APPEAR

CRIMINAL DOCKET# HDCR 2002-00896

TO: Keeper of Records
Hampden County House of Correction
627 Randall St
Ludlow, MA

**GREETING:**

You are hereby required in the name of the Commonwealth of Massachusetts, to make your appearance before the Justices of the Superior Court, holden at Springfield, within and for the County of Hampden, to give evidence of what you know relating to **HDCR 2002-00896** Commonwealth v Anthony Garvin.

on: **04/07/2004**
at: **09:00 AM**
in: **Hampden County Superior Court
Hall of Justice, 50 State Street
Springfield, MA 01103
Third Floor, Courtroom #1**

then and there, in our said Court, to be heard and tried betwixt **Commonwealth**, Plaintiff and **Anthony Garvin**, Defendant.

**Hereof fail not,** as you will answer your default under the pains and penalties in the Law in that behalf provided.

Witness, **Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court at Springfield this 2nd day of April in the year of our Lord 2004.

By the Court (Constance Sweeney, Justice)

..................................................
Notary Public

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.