UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

---

ANTHONY GARVIN
PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON,
LT. (FIRST NAME UNKNOWN) KORMAN, LT. JUAN RAMOS,
LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY
AND THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

---

## OPPOSITION OF DEFENDANT JUAN RAMOS TO PLAINTIFF'S MOTION FOR DISCLOSURE OF IDENTITY OF CONFIDENTIAL SOURCE

---

Now comes the Defendant Juan Ramos, by his attorneys, and he submits this opposition to the Plaintiff's Motion for Disclosure of the Identity of a Confidential Informant on the grounds that the discovery sought is not relevant to the issues pending in this case and, even if it had some minimal relevance, the disclosure of the person's identity would be so oppressive and unduly burdensome in the circumstances that the Court should enter a protective order that the identity should not be disclosed.

Plaintiff makes two basic claims in this case. The first is that the Defendants were negligent in failing to prevent an altercation between plaintiff and another prisoner that occurred on or about June 2, 2003. The second is that Defendants are

somehow liable for placing one Omar Marrero, who subsequently testified against Plaintiff at Plaintiff's criminal trial, in the same cell as Plaintiff in September, 2003. The identity of a source who allegedly gave Defendant information that threats and plots were made to retaliate against Plaintiff and his family for a shooting Plaintiff was said to have committed does not appear to have any bearing on the second issue raised by Plaintiff's Complaint in this case.

The identity of the informant is also irrelevant with respect to the first issue raised by Plaintiff's Complaint, failure to prevent the altercation with another prisoner. As the discovery previously provided by Defendants shows, they were aware of the possibility of retaliation against Plaintiff by fellow gang members of the person he was accused of shooting from the time Plaintiff first came into the jail. That was the very reason that he was placed in administrative segregation on his arrival. The issue in this case is not whether the Defendants knew or had reason to believe Plaintiff needed some special protection, that fact is admitted, but whether they were negligent in providing it. The identity of the source is not material or relevant to that issue. Accordingly, the Court should deny Plaintiff's Motion.

If the Court concludes that the identity of the confidential source has some potential relevance to any question at issue in this case, Defendant requests that the court issue a protective order under Federal Rule of Civil Procedure 26(c) that the identity of the source not be disclosed on the grounds that the discovery sought is unduly oppressive and burdensome in the circumstances. Revealing the identity of confidential sources to a prison inmate, particularly one who has already been

convicted of homicide, is likely to expose the informant to danger that far outweighs the Plaintiff's need to learn the source's identity. Moreover permitting the identity of such a source to be discovered on such a minimal showing is likely to encourage the filing of questionable claims by other prisoners as a vehicle for discovering such information. Accordingly, if the Motion is not denied on the grounds that the information sought is irrelevant, the Court should issue a protective order that the discovery requested should not be allowed in the circumstances of this case.

The Defendant Juan Ramos,
By his attorneys:

/s/ Edward J. McDonough, Jr.
Edward J. McDonough, Jr., Esq.
BBO#: 331590
EGAN, FLANAGAN and COHEN, P.C.
67 Market Street - P.O. Box 9035
Springfield MA 01102-9035
Tel.: 413/737-0260; Fax: 737-0121

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Kevin D. Withers, Esq., counsel for the Defendant Juan Ramos hereby certify that this Opposition is being filed in accordance with the Court's electronic filing system and a copy of this Opposition was served on Plaintiff, Anthony Garvin to S.B.C.C. P. O. Box 8000, Shirley, MA 01464 by first class mail on December 26, 2006 in accordance with Local Rule 7.1.

December 26, 2006                           /s/ Kevin D. Withers
                                            Kevin D. Withers

126653