UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

COMMONWEALTH OF MASSACHUSETTS ET.AL.,
DEFENDANTS

## MOTION FOR ORDER OF CONTEMPT OF COURT AND THE IMPOSITION OF SANCTIONS

Now comes the Plaintiff in the above entitled-matter Pro-se and respectfully moves this Honorable Court to hold the Defendants in contempt for their failure to fully comply with this Court's order issued on 10-19-06 and then for further misinforming the court that they had responded as required, as stated in the court's order entered on 12-27-06 [51] to the Plaintiff's Motion to compel, When infact they have not done so.

BACK ROUND:

On 10-19-06 this Court issued an order for the defendants to disclose and respond to discovery requests within 21 days of the order. The Defendants then requested for an extention of time until 11-30-06, which was granted. After not complying, the Plaintiff wrote the Court informing them that the Defendants had not complied at all. This letter was written on 12-05-06. On or about 12-13-06 the plaintiff did receive an incomplete discovery package from the Defendants. On or about 12-27-06 the Court issued an order denying the "Plaintiff's Motion to Compel"[51] as moot. The Plaintiff believes said motion is his letter dated 12-05-06. In said order the Court based it's decision intirely on the "Defendants having since indicated that they have responded as required;" The Plaintiff had written the Defendants two times and called once concerning the discovery omissions now in question but has received no answer to the letters and was only allowed to leave a message with a

secretary at Mr. Withers' office. See exhibit A  The Plaintiff then wrote the Court requesting a copy of any document that the Court may have in it's possession that the Defendants gave them that would have given the Court the indication that they had responded as required, no document has been given to the Plaintiff. The discovery issues in dispute are as follows:

1. Document request number 1:
On 10-19-06 This court ordered the Plaintiff to Narrow, Tailor and resubmit his request. The Plaintiff did so. See Exhibit B. The Defendants neither replied nor offered any claim of privilege pursuant to Local Rule 34.1(d) as the Court also ordered.

2. Document requests numbers 4,6,12 and 14:
The Defndants have not responded at all to these requests.

3. Document request number 8:
This is a request for administrative remedy forms, Grievance forms, etc. that were filed by the Plaintiff while he was housed at HCHC facility and from any inmate if relevant to the Plaintiff's.

The defendants have responded that they have disclosed all of these documents. This is not true, which is supported by Exhibit C, which is an inmate request form, which was filed by the Plaintiff, while he was housed at the defendants' facility. Said request form is asking for copies of four grievance forms that were taken from him by a Lt. Green concerning One of the Defendants, Korman attacking an inmate and other related actions following said assault on the inmate Wilfredo Ramos. Several other inmates wrote similar grievances, non of the grievances have been disclosed. this is all dispite the Defendant John Cadigan's answering the request form that copies had been given so the existance of said grievances should not now be in dispute. These grievances in question Also and more importantly will raise an  issue of whether or not the Defendant Korman created a presumption of perjury in his answers to the Plaintiff's interrogatories, when he denied said assault. Also he was never disciplined by the administration for

his actions and the matter is being "covered up". Said documents, which have already been ordered by this Court will show a reputation on behalf of the defendants to violate inmates rights and then try to cover the rights violation up as a group, which may even amount to criminal activity, which the Defendant William Muldrow has lost his job over recently.

4. Interrogatory number 5:

"When Omar Marrero returned to the C-2 unit on or about august of 2003 after being jumped by his own LaFamilia gang brothers, who did the investigation and what did they find out, was there a report written and who was notified of the findings?"

Defendant Michael J. Ashe Jr's answer(after 10-19-06 order):

"On or about August 23, 2003 Mr. Marrero was discovered in his cell by Barbara Vanvalkenburg after apparently being involved in an altercation. An incident report form was completed by Ms. Vanvalkenburg. Upon questioning, Mr. Marrero said his people think he is snitching on his codefendant.[sic]"

Argument:

There was an investigation following Mr. Marrero's return to the C-2 unit and a protective custody status. Several LaFamilia members were investigated and disciplined for their parts in the assult. No report of Ms. Vanvalkenburg nor any of the individuals who investigated the assult has been turned over, nor has the substance of their findings. The questions "who did the investigation and who was notified of said findings" was not answered. The Plaintiff states that the findings of the follow up investigation has not been disclosed.

The Plaintiff argues that the Defendants have deliberately witheld documents, evaded answers in their possession and that are known to them. And then in bad faith has lied to this Honorable Court, stating that they have responded as required, knowing that they have not done so. The Plaintiff asks that the Defendants, for their actions, be held in contempt and find one hundred dollars for every day from 11-30-06 up to date for their repeated failures

to comply with the court's order. In addition the Plaintiff asks that said funds be placed into an account accessable to the Plaintiff for further litigation of this matter as he deems necessary. The Plaintiff further asks this Court to excercise it's powers under Fed.R.Civ.P 37(a)(3),(b)(2) and any other appropriate actions that it deems necessary to impose sanctions.

Wherefore the Plaintiff hopes and prays that this motion be allowed.

Respectfully Submitted,

*[signature]*

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon defense counsel Kevin D. Withers at 67 Market Street Springfield, Ma 01102 by first class mail on 1-23-7. A.A. 1-23-7

*[signature]*

Anthony Garvin

**PLAINTIFF REQUESTS ORAL ARGUMENTS TO BE PRESENTED ON 1-29-07**

12-16-06

Kevin D. Withers
67 Market Street
Spfld, Ma 01102           RE: Garvin V. Commonwealth ETAL

Dear Mr. Withers,

    I'm writing you in regards to the recent discovery that I received from you. First I would like to address the failure to disclose the document request number 1, that I narrowed and resubmitted to you pursuant to the court's order on 10-19-06. What I would like to know is do you plan to disclose said discovery? And if so how much more time do you need?
    Second is concerning the documents that you claim you are investigating within the District Attorney's Office. How much more time do you need to comply with said disclosure?
    Third is, in the Defendant's, Michael J Ashe's supplemental answers to the plaintiff's first set of interrogatories, he failed to answer two parts of interrogatory number 5 as follows: "Who did the investigation and who was notified of the findings?" Will you please have the defendant fully answer these questions? The same aplies to the Defendant John Kenney.
    Forth is concerning the defendants failure to disclose any of the documents as requested in the plaintiff's supplemental request for production of documents to number 6 concernig agent relationship documents in the district attorney's office of any county. When will this be disclosed?
    The late and failures to disclose are hendering the prosecution of this matter and I would greatly appreciate your prompt response to this letter and the disclosure of said documents and answers without ecessive delay. Please tell me how much longer, so that I can wait patiently and not get the court involved.

                                          Sincerely,

*[signature]*

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

c.c: File

ASO Exhibit A

27 A.A.
12-23-06

Kevin D. Withers
67 Market Street
Spfld, Ma 01102          Re: Garvin V. Commonwealth ET.AL

Dear Mr. Withers,

    I'm writing you in regards to the recent discovery, documents pages 26 and 27, which are incident reports written by the Defendant Tim Allen. The issue is that he did not fully fill out all of the incident reports information nor did he sign it. I would like for you to send me completed and signed copies of said documents.

    Thank you for your time and anticipated prompt response

Sincerely,

Anthony Ho———

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

P.S. I called your office today In Regards to Discovery Number Page 243. It is An Indication that the Greivances mentioned (4) In the Inmate Request Form (#243) Are not in the package And that From the Said Greivances And Defendant Korman's Answers To my Interrogatories he has lied. Produce Said Greivances Concerning Korman And O'connor because Korman is mentioned in them. There Should be Four (4) Greivances pursuant to Discovery Number 243

c.c: File


Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF

V.

COMMONWEALTH OF MASSACHUSETTS ET.AL.,
DEFENDANTS

PLAINTIFF'S NARROWED DOCUMENT REQUESTS

Now comes the Plaintiff in the above entitled-matter pursuant to the court's order and present more narrowed and tailored Production of documents requests, which are to be disclosed within 14 days after this courts order.

Document Request No.1:

a) Copies of Policy and Procedure that defines the duty of anyone who is removing an inmate, or ~~placing~~ *Placing A.A.* an inmate in and out of a cell holding two inmates in a Special Management Unit.

b) Copies of Policy and Procedure that defines and outlines any precausionary measures to be taken when ~~placing~~ *Housing A.A.* two inmates into one cell in a Special Management Unit.

c) Copies of policy and procedure concerning the amount of inmates to be placed/housed in each cell in the Special Management Unit and any applications for waiver of said policies and, or procedures, if one was filed.

d) Copies of Policies and Procedures that defines the Unit Supervisor's daily duties when he enters the Special Management Unit.

e) Copies of Policy and Procedure which defines any obligatory observations to be made by the unit shift Commanders, Cheif of Security, Supervisor and Unit Officers, when entering the Special Management Unit.

f) Copies of Policies and Procedures which defines any Mandatory actions to be taken upon certain observations regarding the safety of inmates in the Special Management Unit.

*Anthony Garvin* (signature)

Anthony Garvin Pro-Se
S.B.C.C
P.O. BOX 8000
Shirley, Ma 01464

Date /0-23-6

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon defense counsel Kevin D. Withers at 67 Market street, Springfield, Ma 01102 by first class mail on /0-23-6.

*Anthony Garvin* (signature)
Anthony Garvin

**HAMPDEN COUNTY SHERIFF'S DEPARTMENT
AND CORRECTIONAL CENTER**

INMATE REQUEST          Exhibit C

To: LT CADIGAN

From: Anthony Garvin    Person # 133065
Inmate Name

Date 11-18-03   POD C-2   Cell 14

Request: For my GRIEVANCES About RORMAN And oCConnor 4 of them that where taken by LT GReeN I want my Copies

Inmates Signature: Anthony Garvin

Received by: [signature]

STAFF RESPONSE:

Approved ☐   Denied ☐   (state reason)

Copies of grievance sent to inmate on 11/19/03

Employee Name/Title: [signature]   Date 11/20/03

WHITE - Unit File      YELLOW - Inmate      PINK - Kept by Inmate

HCHOC-0021 (3-Part) (9-4-92) (7-96) (167)

243