UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO.05-30102-MAP
ANYTHONY GARVIN
PLAINTIFF
V.
COMMONWEALTH OF MASSACHUSETTS ET.AL.,
DEFENDANTS

2ND NOTICE TO COURT IN CONJUNCTION WITH PLAINTIFF's MOTION FOR ORDER OF CONTEMPT OF COURT AND IMPOSITION OF SANCTION REGARDING DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff comes before this Honorable Court and states that the Defendants' April 4, 07 disclosure of documents, objections of disclosure and denial of existance of such documents is, One, late, Two, evasive, incomplete and is to be treated as a failure to disclose Fed.R.Civ.P. 37(a)(3), Three, partially (Doc Request 13) altered and does not reflect the Plaintiff's request, Four, with regard to the work product claim, it is a general reference to Mass.R.Crim.P. Rule 14, which under 14(a)(5), work product, said request is not protected and the Defendants have failed to comply with Fed.R.Civ.P. 26(b)(5) A.A. Claims of privilage or protection of trial preparation matterials and Five, with regard to the last sentence by the District Attorneys' office that they are not in possession of no such docunments, is false when reviewed in light of the altered document request number 13 and omissions of Supplement Document requests numbers 13 and 14. The Plaintiff states in support of his motion for order of contempt and hereby requests a review of Document request 12, 13 and 14 as follows: See Exhibit A

1. This is a late, evasive, incomplete disclosure and thus a failure to disclose; Fed.R.Civ.P.37(a)(3)

2. The Plaintiff's document request and supplement request number 13, which was allowed, requested as follows:

Doc request No.13: Copies of any and all written or verbal statements given by Omar Marrero regarding any of the cases regarding Commonwealth V. Omar Marrero, including any and all inconsistant statement and wishes for leniency in exchange for his cooperation.

Supp request 13: Including any that he may have made in any and all of his codefendant's cases.

3. In Defendants' response, the request has been materially altered as follows: "Copies of any and all statements where there are promises, rewards or inducments incorperated, inconsistant and, or any written or verbal requests for leniency in exchange for his cooperation in the matter of Commonwealth V. Omar Marrero and his codefendats' cases as well."; See Exhibit A

4. The Plaintiff has Knowledge that Marrero wrote statements against his codendants. Marrero's Attorney addressed the Court during the Plaintiff's Trial; See Exhibit B(2 pages)

5. Supp Doc request No.14: "and pertaining to any of his codefendants' cases for his testimony. Due to the Commonwealth being a defendant, this request is including offers, promises and inducments made by Holyoke, Springfield and State Police."; See Exhibit C

6. There was no response on the behalf of any police or state police;

7. The "consideration" given has not been disclosed; See Exhibit D

8. The District Attorneys claim Work Product; See Exhibit A(page 2)

9. The Plaintiff's Supplement request number 14 has not been disclosed; See Exhibit E(page 1 of 2)

10. Not all notes would be considered Work Product;

11. Mass.Crim.R.P. Rule 14(a)(5) states:"This rule does not authorize discovery by a party of those portions of records, reports, corrospondence, memoranda, or internal documents of the adverse party which are only the legal research, opions, theories, or conclusions of the adverse party or it's attorney and legal staff, or of statements of a defendnat, signed or unsaigned, made to the attorney for the defendant or the attorneys' legal staff."; See Com V. Bing Sial Liang 434 Mass 131

12. The Defendnats have failed to comply with Fed.R.Civ.P. Rule 26(b)(5), which states:"When a party withholds information otherwise discoverable under these rules by claiming that it is privilaged or subject to protection as trial preparation matterial, the party shall make the claim expresly and shall discribe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privilaged or protected, will enable other parties to assess the applicalbility of the privilage or protection."

13. Said response by the Defendants does not state expressly nor discribe the nature of the documents, communications, or things not produced or disclosed in a manner that, will enable the Plaintiff to assess the applicability of the privilage or protection of the claim;

14. The substance and substancial alteration of doc request number 13 and omission of supplement doc request number 13 has underminded and evaded the actual request.

   The Plaintiff requests that the Defendants review the Plaintiff's document requests and supplement doc requests and provide all responsive documents. Inlight of the recent decision

dated March 6. 2007 of Commonwealth V. Murphy S.J.C. NO.-08196, the 4.4 Doc requests would support an agent relationship as claimed in the Plaintiff's complaint.

wherefore the Plaintiff hopes and prays that the Court grants his Motion for a contempt order and sanctions as well as order the review by the Defendantsof the above requests in dispute.

Respectfully Submitted,

*Anthony Garvin*
Anthony Garvin Pr-Se
P.O. Box 8000
S.B.C.C.
Shirley, Ma 01464

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon defense counsel Kevin D. Withers at 67 Market Street, Springfield, Ma 01102 by first class mail on 4-9-07.

*Anthony Garvin*
Anthony Garvin

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO.05-30102-MAP

---

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON, LT. (FIRST NAME UNKNOWN)
KORMAN, LT. JUAN RAMOS, LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

---

DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the order of this court dated December 4, 2006, the Defendants respond as follows:

12. Copies of any written or verbal statements made by Omar Marrero and Michael White to any of the defendants. Including any notes created by any of the defendants regarding the plaintiff.

13. Copies of any and all statements where there are promises, rewards or inducements incorporated, inconsistant statements and, or any written or verbal requests for leniency in exchange for his cooperation in the matter of Commonwealth v. Omar Marrero and his co-defendants' case as well.

14. Copies of any and all plea agreement, promises, rewards, favors and inducements that any of the defendants may have promised Mr. Marrero and or gave Mr. Marrero, pertaining to the plaintiff and pertaining to any of the cases under Commonwealth V. Omar Marrero.

Response to all:
James C. Orenstein, First Assistant District Attorney of the Hampden County

District Attorney's office has provided copies of the attached documents which were all previously provided in discovery to Attorney Greg Schubert, counsel of record in Mr. Garvin's murder case:

    (a)    March 29, 2004 letter to Greg T. Schubert, Esq.
    (b)    April 2, 2004 letter to Greg T. Schubert, Esq.
    (c)    November 14, 2003 letter to Mr. Bennet
    (d)    December 30, 2003 statement of Omar Marrero
    (e)    June 2, 2003 Incident Report Form
    (f)    June 19, 2003 statement of Michael White

Mr. Orenstein has objected to the production of notes in his file of interviews with Michael White or Omar Marrero for the following reasons: "the notes constitute work product; they do not contain exculpatory information; the notes do not constitute statements as defined in MassR.Crim.P. Rule 14; the information is otherwise contained in the statements of the witnesses, copies of which are being provided herewith."

Elizabeth Farris, Deputy First Assistant District Attorney, Franklin, Hampden District Attorney's office reports that they are in possession of no such documents.

                            The Defendants

                            */s/ Kevin D. Withers/*
                            By their attorney
                            Kevin D. Withers, Esq.
                            Egan, Flanagan and Cohen, P.C.
                            67 Market Street - Post Office Box 9035
                            Springfield, MA 01102
                            (413) 737-0260; Fax: (413) 737-0121
                            BBO# 531660

*/s/ Kevin D. Withers/* certifies that copies of the foregoing document was served on Anthony Garvin to S.B.C.C. P. O. Box 8000, Shirley, MA 01464 by first class mail on 4/4/2007.

1    because he was a snitch.

2         THE COURT: That's in the report?

3         MR. SCHUBERT: Yeah, and if -- I wanted to

4    elicit those facts before the jury, because now

5    I'm going to say you have a history as a snitch,

6    and people knew you as a snitch, or at least La

7    Familia knew you were a snitch.

8         THE COURT: Well, you might want to ask

9    that, but I am not going to -- an inference is

10   made that he is a professional informant.

11        MR. SCHUBERT: Yeah, no kidding. That's

12   exactly what I want to put before the jury.

13        THE COURT: I know you would.

14        I am not so sure I am going to let you do

15   that.

16        What do you say?

17        MR. ORENSTEIN: If the question he wants

18   to ask is, Did you get this beat-down because you

19   were snitching, isn't that the question he just

20   should put to the witness, then it's before the

21   jury.

22        THE COURT: That's good. You can lead him

23   in that sense.

24        MR. ORENSTEIN: It's cross-examination.

1            MS. GRAY:  Your Honor, that is still

2    relating to answering to facts of his case.

3            MR. SCHUBERT:  It has nothing to do with

4    the facts of this --

5            MS. GRAY:  Even the statements against

6    his co-defendants.

7            THE COURT:  Wait a minute.  He's here

8    after he went to Assistant District Attorney's

9    Office, I think, and made an agreement with the

10   government, and in exchange for his testimony,

11   he's getting some consideration.  Am 1 right?

12           MR. ORENSTEIN:  Yes.

13           THE COURT:  So he's agreed to testify, I

14   assume.  I don't think it's a breach that when

15   you apprise a client, you tell them when you take

16   the stand you waive the Fifth Amendment

17   privilege --

18           MS. GRAY:  Not about the facts of this

19   case.

20           THE COURT:  Wait a minute.  Let me finish.

21   -- except to matters that are not germane

22   to this inquiry.

23           Now, if this becomes relevant, he does

24   give up the Fifth Amendment, and having said all

Exhibit C

11-14-03

Dear Mr. Bennet

My name is Omar Marrero and I am being held at Hampden House of Corrections in Ludlow. This letter is in regardes to a Murder that Anthony Garven ConFest to me in detail. I am willing to give a statement and testify against him. I will only give the Statement at Court. All I aske in return is that you move me out of ludlow and get ueless time then what they are OFFering me. I am writing this letter to you Cause you was the DA on my case at First. Thank you For your time

Omar

185

April 2, 2004

Greg T. Schubert, Esq.
1365 Main Street
Srpingfield, MA 01103

RE: <u>**Commonwealth v. Anthony Garvin**</u>

COPY

Dear Attorney Schubert:

    I am writing to enumerate any promises, rewards or inducements made to prospective Commonwealth witnesses in the above-captioned matter:

2.        Omar Marrero. Mr. Marrero was told on December 30, 2003, that should he testify truthfully and cooperate fully that his cooperation would be taken into consideration in the disposition of his cases. He was also moved from the Hampden County House of Correction to separate him from Mr. Garvin.

4.        Michael White. On June 23, 2003, the Commonwealth agreed to a reduction of bail in a case involving allegations of domestic abuse against Mr. White. The Commonwealth agreed to personal recognizance due in part to the assertion by the complainant in that case that she would assert the marital privilege and refuse to testify, and due in part to the fact that Mr. White had given a statement which the Commonwealth did not wish to provide to the defendant while Mr. White was still in custody at the Hampden County House of

Document request No.11:
Any and all legal visiting records of Omar Marrero, Timothy Zanetti and Michael White form January, 2003 to April, 2004, including but not limited to where the visit was held and who if any HCHC employees were present at said visits. Dates and times visits were held included.

Response: Objection. Plaintiff has requested documents which constitute are protected information undert the C.O.R.I statute. (M.G.L.c.6 sec 167)

Argument: The requested documents reasonably possess relevant evidence to this matter. Fed.Rule.Civ.Proc 26(b), 23(d) ,Fed.R.Evid. Rule 401, 28 U.S.C.A. and thus the plaintiff is entitled to these documents as a matter of law. The plaintiff requests that this court order the defendants to disclose the requested documents.

Document request No.12:
Copies of any written or verbal statement made by Omar Marrero and Michael White to any of the defendants. Including any notes created by any of the defendants regarding the plaintiff.

Response: Defendants are unaware of any such documents.

Argument: This is not true. Omar Marrero testified at the plaintiff's trial, that someone gave him the number to state trooper Gibbons of the Hampden County C.P.A.C unit. also Mr. Marrero wrote a letter to the district attorney's office requesting favors for information he allegedly had. Mr. The plaintiff requests that this court order the defendants disclose these documents and any other relevant documents that any agent of the defendant the Commonwealth of Massachusetts may have in their possession.



Document request No.13:

Copies of any and all written or verbal statements given by Omar Marrero regarding any of the cases regarding Commonwealth V. Omar Marrero, including any and all inconsistant statement and wishes for leniency in exchange for his cooperation.

Supplement request No.13:

Including any that he may have made in any and all of his codefendant's cases.

Response: Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I. statute. (M.G.L.c.6 sec 167)

Argument: The requested documents are highly relevant to this matter and under Fed.R.Civ.P 26(b), 23(d), Fed.R.Evid. Rule 401, 28 U.S.C.A. The defendants' response is to be treated as a failure to disclose, Fed.R.Civ.P 37(a)(3).

Document request No.14:

Copies of any and all plea agreement, promises, favors and inducements that any of the defendants may have promised Mr. Marrero and or gave Mr. Marrero, pertaining to the plaintiff and pertaining to any of the cases under Commonwealth V. Omar Marrero.

Supplement request No.14:

and pertaining to any of his codefendants' cases for his testimony. Due to the Commonwealth being a defendant, this request is including offers, promises and inducements made by Holyoke, Springfield and state police.

Response: Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I. statute. (M.G.L.c.6 sec 167)

Argument: The requested documents are highly relevant to this matter, mainly elements to be proven of the plaintiff's claim. "Rules of procedure shall not abridge, enlarge