UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.05-30102-MAP
_____

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS,
DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON,
LT. (FIRST NAME UNKNOWN) KORMAN,
LT. JUAN RAMOS,
LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW,
OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS
_____

**DEFENDANTS' RESPONSE TO COURT ORDER DATED APRIL 13, 2007.**

Now come the defendants in the above-entitled action and respond to this

Court's order dated April 13, 2007 as follows:

1.    The plaintiff originally requested production of:

"Any and all policies and procedures that establish the
responsibilities of all the defendants, correctional officers,
supervisory officers and medical staff."

2.    Defendants objected stating:

"Defendants object to producing this documentation    because
plaintiff has requested information that could threaten the safety,
health and security of staff and other inmates."

3.    Plaintiff moved to compel production and on October 19, 2006, the court

denied (as to request 1) as "overbroad; if plaintiff resubmits a more narrow

and tailored request, defendants shall respond and, if claiming a privilege,

comply with Local Rule 34.1(d)."

4.    Plaintiff served on defendants "Plaintiff's Narrowed Document Requests"

      requesting:

      1.    (a)    Copies of Policy and Procedure that defines the duty of
                   anyone who is removing an inmate, or placing an inmate in
                   and out of a cell holding two inmates in a Special
                   Management Unit.

            (b)    Copies of Policy and Procedure that defines and outlines any
                   precausionary [sic] measures to be taken when housing two
                   inmates into one cell in a Special Management Unit.
            (c)    Copies of policy and procedure concerning the amount of
                   inmates to be placed/housed in each cell in the Special
                   Management Unit and any applications for waiver of said
                   policies and, or procedures, if one was filed.
            (d)    Copies of Policies and Procedures that defines the Unit
                   Supervisor's daily duties when he enters the Special
                   Management Unit.
            (e)    Copies of Policy and Procedure which defines any obligatory
                   observations to be made by the unit shift Commanders, Chief
                   of Security, Supervisor and Unit Officers, when entering the
                   Special Management Unit.

5.    On February 1, 2007, the defendants served upon the plaintiff by first-class

      mail a Supplemental Response to Plaintiff's Request for Production of

      Documents (see copy attached as exhibit A). All relevant policies or parts of

      relevant policies responsive to the narrowed requests were produced to

      plaintiff. In so far as certain pages from defendants' policies manual

      displayed policies or procedures not relevant to the narrowed requests

      permitted by the Court's previous order, that material was redacted from the

      pages copied to plaintiff.

6.    An unredacted copy of all those redacted pages is produced to the Court

      herewith as Exhibit B for the Court's in camera review in accordance with

the Court's April 13, 2007 order.

The Defendants,
By their Attorney:

Kevin D. Withers, Esq. BBO 531660
Egan, Flanagan and Cohen, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

Certificate of Service

Kevin D. Withers certifies that copies of the foregoing document was served on Anthony Garvin to S.B.C.C. P. O. Box 8000, Shirley, MA 01464 by first class mail on 4/20/2007, except for Exhibit B which was not copied to Plaintiff.

3