UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.  05-30102-MAP


ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS,
DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON,
LT. (FIRST NAME UNKNOWN) KORMAN,
LT. JUAN RAMOS,
LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW,
OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS
_____


DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STAY PROCEEDINGS
_____


Now come the Defendants in the above-captioned action, by their attorneys, and they

submit this opposition to Plaintiff's Motion to Stay the Proceedings (Document 101).


The original Complaint in this case was filed on April 27, 2005, making various broad

allegations of serious wrongdoing against each of the Defendants.  Substantial discovery has

been requested and obtained by the Plaintiff from each of the Defendants.  The case is now long

past the initially expected discovery closure date and Plaintiff's most recent attempt to support a

claim by obtaining deposition testimony from his apparent key witness, Omar Marrero, was

unsuccessful.  Much of the prior discovery requested by Plaintiff was directed at the issue

believed to be the basis for Plaintiff's criminal appeal – the alleged planting of a government

witness in his cell.  Discovery, in fact, has shown there is no basis for this claim and certainly no

basis for such a claim against the individual defendants named in this case.  Staying proceedings

at this stage of the litigation against the defendants serves only to deprive them of the

opportunity to clear themselves of the unsupported allegations of wrongdoing made in Plaintiff's

Complaint.  This is unfair to them

Moreover, Plaintiff's Motion seeks a stay for an indefinite period of time ("until the

Plaintiff's criminal appeals and post conviction remedies have been finalized").  This too is

prejudicial to the interests of the Defendants in having a final resolution of this already long-

delayed case.

Finally, given Plaintiff's incarcerated status, his claim that the time needed to assist his

criminal counsel in prosecution of the appeal of Plaintiff's criminal conviction will prevent from

devoting sufficient time to this civil case is unpersuasive.  No doubt Plaintiff's criminal attorney

will discuss the issues and the pros and cons of various arguments with the Plaintiff and keep

Plaintiff informed of the status of the appeal from time-to-time.  However, appeals by their

nature do not involve a new trial of facts; the issues involved are essentially technical, legal

issues and the necessity for Plaintiff's personal investment of time in the appeal is unlikely to be

great.

The power to stay proceedings is incidental to the inherent power of a court to control its docket.  In exercising its discretion, the court must weigh the interests of the parties, counsel and the court and consider the conservation of time and effort likely to be achieved.  See, <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254-255, 57 S. Ct. 163, 81 L. Ed. 153 (1936).  When that calculation is performed here, the balance tips against entering a stay. For all of these reasons, Defendants request that Plaintiff's Motion for a Stay be denied.

                                        THE DEFENDANTS,
                                        By their attorneys


                                        _____/s/___Kevin D. Withers_____
                                        Edward J. McDonough, Jr., BBO #331590
                                        Kevin D. Withers, BBO #531660
                                        EGAN, FLANAGAN & COHEN, P.C.
                                        67 MARKET St., P.O.Box 9035
                                        Springfield MA 01102-9035
                                        TEL: (413) 737-0260
                                        FAX: (413) 737-0121


_____/s/___Kevin D. Withers__ hereby certifies that a true copy of this document was served on the Plaintiff by first class mail, postage prepaid, on July 25, 2007.