UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NUMBER 05-30102-MAP

ANTHONY GARVIN,
PLAINTIFF

V.

COMMONWEALTH OF MASSACHUSETTS ET.AL.,
DEFENDANTS

MOTION TO RECONSIDER MOTION TO COMPEL

Now comes the Plaintiff, Pro-Se in the above entitled-matter and respectfully moves this Honorable Court to reconsider his motion to compel the production of document request number 13 due to newly obtained evidence of the existence of the requested documents. The Plaintiff states the following in support of this motion:

1. Count two of this complaint argues that Omar Marrero the jailhouse informant was a known informant and deliberately place in the Plaintiff's cell in order to circumvent the rule of criminal procedure.

2. Inorder for the Plaintiff to suceed on that basis he must be able to show that 1)Marrero had an agreement with the state to cooperate in any matter in order to establish an agent relationship. See Com V. Murphy SJC-08196 citing Com V. Reynolds, 429 Mass 388 at 394. Also see Com V. Jung 420 Mass 675 all based on agent relationships and 2) That the Defendants knew of the informants' agent relationship. 3)That the Defendants diregarded known threats inorder to place the agent in the cell with the Plaintiff in essance instigated the illegal search.

3. The Plaintiff filed a motion to obtain documents in the

1

recprd at the S.J.C. on 10/05/06, which was Denied on 10/19/06.

4. The Plaintiff has recently obtained these documents on his own and found evidence that the requested documents do exist despite the defendants' assertions to the contrary. See Exhibit A

5. The Plaintiff states that not only did the Defendants(namely the Commonwelath) lie about the existance/nonexistance of statements made by the Informant in **"his own cases"**, But they also most importantly substancially and materially changed the substance of the Plaintiff's Document request, which was Ordered to be disclosed by this Court on 12/04/06. See Exhibit B

6. The Plaintiff is in possession of an affidavit from one of the informant's Codefendants, which outlines Marrero's agreement to testify against his codefendants as well as making another deal. See Exhibit C

7. Said deal would constitute an agent relationship within the meaning of Com v. Reynolds Supra and Com V. Frederick Murphy.

8. The Most important reason to grant this motion is that the Defendants' argue in their Motion for Summary Judgement that the Plaintiff can not prove count two of his complaint, because he can not show that the Defendants knew of the deal and thus the second part of this motion below should be also granted.

    The Plaintiff also respectfully moves this Honorable Court to reconsider his Motion to Compel a full and complete answer to interrogatory 05 as filed on 10/05/06 and states in addition that disciplinary actions taken against other inmates at the facility due to findings after Marrero was questioned is evidence that Marrero gave sufficeint information to jail officials regarding the attack and why he was attacked in addition to who attacked him. The Who questioned him, what was found out and who was notified of the findings was never answered by

defendant AShe. The answer to these portions of the interrogatory go to the heart of proving the claim on count two and would be a material factual basis in dispute, which would support the denial of the Defendants' Motion for summarry judgement. See Exhibit D

>  <u>Doc Request No.13 States as follows:</u>
>
>  Copies of any and all written or verbal statements given by Omar Marrero regarding any of the cases regarding Commonwealth V. Omar Marrero, including any and all inconsistant statement and wishes for leniency in exchange for his cooperation.
>
>  <u>Supp Doc request No. 13 states as follows:</u>
>
>  Including any that he may have made in any and all of his codefendants' cases.
>
>  <u>Inerrogatory No.5 States as follows:</u>
>
>  When Omar Marrero returned to the C-2 unit on or about august of 2003 after being jumped by his own LaFamial gang brothers, **who did the investigation and what did they find out, was there a report written and who was notified of the findings?**

When looking at the Defendants argument in their motion for summary judgement, which states:

>  "AS stated in the answers to interrogatories of each defendant, the defendants were not aware of any "deal" between Marrero and the District Attorney's office before Marrero was assigned as Garvin's cell mate."

it is clear that said discovery in dispute is highly relevant, material to count two and if denied or/and witheld may be grounds to preclude summary judgement with regard to count two. See Murphy V. Kellar 950 F.2d 290 (C.A.59Tex.)1992)(Although prisoner's § 1983 complaint failed to specify which defendants participated in which actions, the in forma pauperis complaint was improperly dismissed as frivolous without allowing prisoner to conduct discovery;)

Wherefore for the above reasons I hope and pray that this motion is granted.

Respectfully,

*Anthony Garvin*
Anthony Garvin Pro-Se

3

S.B.C.C.
P.O. BOX 8000
Shirley, Ma. 01464

### certificate of service

I _Anthony J____ certify that a copy of the foregoing document has been served upon defense counsel Kevin D. Withers at 67 Market street, Springfield, Ma. 01102 by first class mail prepaid on _8-13-7_.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                              SUPERIOR COURT
                                                          03 140

                Commonwealth

                    v.                              HAMPDEN COUNTY
                                                   SUPERIOR COURT
              OMAR MARRERO                          **FILED**

                                                   JUL 1 1 2003

### MOTION TO SUPPRESS STATEMENTS

                                                  CLERK-MAGISTRATE

Now comes the Accused in the above entitled indictments and respectfully requests this Honorable Court, pursuant to Mass.R.Crim.P.13, suppress all statements to the police made by him.

As reasons therefore, the police obtained the statements from the defendant in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article 12 of the Massachusetts Declaration of Rights, and G.L. c. 276, s. 33A.

                                    OMAR MARRERO
                                    By His Attorney,

                                  _____
                                  Carol J. Gray
                                  Committee For Public
                                  Counsel Services
                                  Room 208, 1145 Main Street
                                  Springfield, MA 01103
                                  (413) 732-3107

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                              SUPERIOR COURT
                                                          03 140

Commonwealth

v.

OMAR MARRERO

AFFIDAVIT IN SUPPORT OF
MOTION TO SUPPRESS STATEMENTS

Now comes Omar Marrero who, upon information and belief, states the following:

1. I was arrested on February 15, 2003. I later signed a statement at the police station. I did not voluntarily waive my Miranda rights prior to signing any statement.

2. I was denied my right to have a phone call within one hour of my arrival at the station.

3. I did not sign any statement voluntarily and knowingly.

Signed under the pains and penalties of perjury this __19__ day of __8/19/04__ 2003.

_____
Omar Marrero

HAMPDEN COUNTY
SUPERIOR COURT
FILED

AUG 20 2004

_____
CLERK-MAGISTRATE

*Exhibit B*
*1 of 4*

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@madlei.mad.uscourts.gov
Bcc:Bethaney_Healy@mad.uscourts.gov,Nathan_Olin@mad.uscourts.gov,Honorable_Kenneth_N
Message-Id:<1675154@mad.uscourts.gov>
Subject:Activity in Case 3:05-cv-30102-MAP Garvin v. Hampden County Sheriff'
```

;s Department et al "Order on Motion for Reconsideration" Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from Neiman, Kenneth entered on 12/4/2006 at 11:03 AM EST and filed on 12/4/2006
**Case Name:**     Garvin v. Hampden County Sheriff's Department et al
**Case Number:**   3:05-cv-30102
**Filer:**
**Document Number:**

**Docket Text:**
Judge Kenneth P. Neiman : Electronic ORDER entered granting [47] Plaintiff's Motion for Reconsideration. Plaintiff having set forth a more particularized need, the motion is ALLOWED with regard to Request Nos. 11 and 13 without timely opposition by Defendants. The requested documents shall be produced by December 18, 2006. So ordered. (Neiman, Kenneth)

The following document(s) are associated with this transaction:

**3:05-cv-30102 Notice will be electronically mailed to:**

Edward J. McDonough , Jr    ejmcdonough@eganflanagan.com

Kevin D. Withers    kdwithers@eganflanagan.com, dbm@eganflanagan.com

**3:05-cv-30102 Notice will not be electronically mailed to:**

Anthony Garvin
#W83481
P.O. Box 8000
Shirley, MA 01464

Document request No.13:
Copies of any and all written or verbal statements given by Omar Marrero regarding any of the cases regarding Commonwealth V. Omar Marrero, including any and all inconsistant statement and wishes for leniency in exchange for his cooperation.
Supplement request No.13:
Including any that he may have made in any and all of his codefendant's cases.

Response: Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I. statute. (M.G.L.c.6 sec 167)

Argument: The requested documents are highly relevant to this matter and under Fed.R.Civ.P 26(b), 23(d), Fed.R.Evid. Rule 401, 28 U.S.C.A. The defendants' response is to be treated as a failure to disclose, Fed.R.Civ.P 37(a)(3).

Document request No.14:
Copies of any and all plea agreement, promises, favors and inducements that any of the defendants may have promised Mr. Marrero and or gave Mr. Marrero, pertaining to the plaintiff and pertaining to any of the cases under Commonwealth V. Omar Marrero.
Supplement request No.14:
and pertaining to any of his codefendants' cases for his testimony. Due to the Commonwealth being a defendant, this request is including offers, promises and inducements made by Holyoke, Springfield and state police.

Response: Objection. Plaintiff has requested documents which constitute protected information under the C.O.R.I. statute. (M.G.L.c.6 sec 167)

Argument: The requested documents are highly relevant to this matter, mainly elements to be proven of the plaintiff's claim. "Rules of procedure shall not abridge, enlarge

(11)

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO.05-30102-MAP

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS, DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON, LT. (FIRST NAME UNKNOWN)
KORMAN, LT. JUAN RAMOS, LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW, OFFICER VICTOR KELLY AND
THE UNKNOWN OFFICER IN THE TOWER
DEFENDANTS

DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the order of this court dated December 4, 2006, the Defendants respond as follows:

12. Copies of any written or verbal statements made by Omar Marrero and Michael White to any of the defendants. Including any notes created by any of the defendants regarding the plaintiff.

13. Copies of any and all statements where there are promises, rewards or inducements incorporated, inconsistant statements and, or any written or verbal requests for leniency in exchange for his cooperation in the matter of Commonwealth v. Omar Marrero and his co-defendants' case as well.

14. Copies of any and all plea agreement, promises, rewards, favors and inducements that any of the defendants may have promised Mr. Marrero and or gave Mr. Marrero, pertaining to the plaintiff and pertaining to any of the cases under Commonwealth V. Omar Marrero.

Response to all:
James C. Orenstein, First Assistant District Attorney of the Hampden County

District Attorney's office has provided copies of the attached documents which were all previously provided in discovery to Attorney Greg Schubert, counsel of record in Mr. Garvin's murder case:

    (a)    March 29, 2004 letter to Greg T. Schubert, Esq.
    (b)    April 2, 2004 letter to Greg T. Schubert, Esq.
    (c)    November 14, 2003 letter to Mr. Bennet
    (d)    December 30, 2003 statement of Omar Marrero
    (e)    June 2, 2003 Incident Report Form
    (f)    June 19, 2003 statement of Michael White

Mr. Orenstein has objected to the production of notes in his file of interviews with Michael White or Omar Marrero for the following reasons: "the notes constitute work product; they do not contain exculpatory information; the notes do not constitute statements as defined in MassR.Crim.P. Rule 14; the information is otherwise contained in the statements of the witnesses, copies of which are being provided herewith."

Elizabeth Farris, Deputy First Assistant District Attorney, Franklin, Hampden District Attorney's office reports that they are in possession of no such documents.

                                            The Defendants

                                            By their attorney
                                            Kevin D. Withers, Esq.
                                            Egan, Flanagan and Cohen, P.C.
                                            67 Market Street - Post Office Box 9035
                                            Springfield, MA 01102
                                            (413) 737-0260; Fax: (413) 737-0121
                                            BBO# 531660

_____ certifies that copies of the foregoing document was served on Anthony Garvin to S.B.C.C. P. O. Box 8000, Shirley, MA 01464 by first class mail on 4/4/2007.

Exhibit C
1 of 2 sides

Com of Mass

Hampden, ss.                                    Superior Court
                                                No. 02-89012
Com of Mass
vs
Anthony Garvin

Affidavit of Tawayne Harris In Support of
Anthony Garvins' Rule 30, Motion

    I do Tawayne Harris According to law,
Being duly sworn deposes And say:

1. I Tawayne Harris make this Afficavit in
Support of Anthony Garvins Rule 30 Rule 30
Motion without threat, promis or any coercion

2. Omar Marrero was my Co-Defendant on several
Felony charges: 5 counts of Armed Robbery while
Mask, (1) one count of A&B by means of Dangerous Weapon,
(1) one count of Position of A firearm without,
(1) one count of Position of A fire arm in use of A
Felony. On the 15th day of February 2003

3. Omar Marrero signed several inconsistant statements
Against Myself and our other Codefendents In
Exchange for Leanency. The Amount of statements
Writen was Five (5) stimming from the night
of the 15th of February to the and mid day
of the 16th of February 2003. These statements
were givin to Westspringfield Detectives as well as
the Holyoke detectives on the said dates

4. Omar Marrero later Recanted his inculpatory statements
Angainst myself and our Codefendents in mid to
late August of 2003, during our Motion Hearing.

5. I saw Omar in Court before our Motions started
in early August And he said he Recanted

He also stated to myself and our other codefendents that he was ~~dead~~ sorry and ~~that~~ he was doing something else for his leniency deal. ~~[struck out]~~

*[signature]*

Omar Marrero signed 5 statements He was charged as an adult not a juvi but they did ask him if he wanted to go to CHD to await trial but instead he said he'd rather go back to willow. I should be getting those copies in a couple weeks (2 tops) As longs as I stay on my people My people will stay on my lawyer Soon as I get it its all your to keep. I copped out because after we lost the motions Omar decided to take the stand against us I found this out when the DA told my lawyer in front of me.

II. **PLAINTIFF CANNOT RECOVER ON HIS CLAIMS RELATING TO THE TESTIMONY GIVEN BY ANOTHER INMATE AT PLAINTIFF'S CRIMINAL TRIAL.**

In Count II of the Complaint, Garvin sets forth the novel claim that the defendants violated his civil rights because his former cell mate, Mr. Marrero, testified against him at criminal trial. The defendants are unaware of any law, state or federal, where prison officials have been found liable for the outcome after one inmate decides to testify against another. Although Garvin alleges that the defendants "conspired and acted in conjuction [sic] with a government agent and unlawfully seized information from the plaintiff's legal documents," his own sworn deposition testimony undermines his claim. *See* App. 7 (Complaint ¶ 58). In fact, Garvin specifically admitted that he has no evidence that the defendants were aware of any deal between Marrero and the District Attorney's office:

> Q: And is it your claim that one of the named— one or more of the named defendants in this case was aware of that deal before Mr. Marrero was put in as your cell mate?
>
> A: Well, either they were aware of the deal or there were aware that there was a possibility that he was a snitch. They knew that for sure because he told them.
>
> Q: . . . As far as the deal that Mr. Marrero made with someone in the DA's office–
>
> A: I can't say that they knew about that.

*See* App. 53 (Garvin Depo 90:14 to 91:5).

Insofar as Garvin attempts to set forth a claim for civil conspiracy, he falls woefully short. "Civil conspiracy is recognized as a 'very limited cause of action in Massachusetts.'" *Brown v. Armstrong*, 957 F.Supp. 1293, 1305 (D.Mass. 1997) (*quoting Aetna Cas. Ins. Co. v. P&B Autobody*, 43 F.3d 1546, 1563 (1st Cir. 1994)). A valid civil conspiracy claim requires (1) a combination of two or more persons to accomplish an unlawful purpose, or a purpose not unlawful by unlawful means, and (2) some peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in like relation to the plaintiff would not have had, and (3) damage. *See DesLauries v. Shea*, 300 Mass. 30, 33, 13 N.E.2d 932 (1938).

As stated in the answers to interrogatories of each defendant, the defendants were not aware of any "deal" between Marrero and the District Attorney's office before Marrero was assigned as Garvin's cell mate. *See* App. 64 et seq. (Answers to Interrogatories by Defendants). Garvin simply cannot provide any evidence to show that the defendants acted in concert to violate his civil rights; to the contrary, he concedes that the defendants were unaware of any "deal" between Marrero and the District Attorney's office. Garvin's allegation, which is unsupported by any evidence, is an insufficient foundation upon which to base a civil conspiracy claim. *See, e.g., Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118 (1st Cir. 2006) (plaintiffs make no factual allegations supporting conclusion that defendants engaged in common design to do a wrongful act); *Gutierrez v. Mass. Bay Transp. Auth.*, 437 Mass. 396, 772 N.E.2d 522 (2002) (affirming summary judgment in favor of defendants because evidence was

21

insufficient to establish an agreement among the defendants to injury the plaintiff); *Saxonis v. City of Lynn*, 62 Mass. App. Ct. 916, 817 N.E.2d 793 (2004) (plaintiff's "bare and conclusory allegations of a grandiose plot" fail to support a civil conspiracy claim). Accordingly, the defendants are entitled to summary judgment on Count II.

### CONCLUSION

For the forgoing reasons, the Court should enter summary judgment against Garvin and in favor of the defendants with respect to all claims.

For the Defendants by their Attorneys

    s\Kevin D.Withers\
Kevin D. Withers, BBO# 531660
Katherine A. Day, BBO# 657765
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

Certificate of Service
 s\Kevin D. Withers\  certifies that copies of the foregoing document were served on all parties by fax/mail on July 31, 2007.