DISTRICT OF MASSACHUSETTS
CIVIL ACTION NUMBER: 05-30102-MAP

ANTHONY GARVIN,
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, ET AL.,
DEFENDANTS

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCUMENT 106)

Defendants, by their attorney, submit this Opposition to Plaintiff's Motion [Document 106] to Reconsider Motion to Compel with respect to Defendants' responses to Plaintiff's Request for Production of Documents 13 and Interrogatory No. 5. Defendants contend that this motion should be denied.

**Request for Production of Documents 13.**

Plaintiff's original Motion to Compel [Document 44] with respect to Request for Production 13 (seeking statements by Omar Marrero in connection with criminal prosecutions against him) was opposed by the Defendants and denied by the court on October 19, 2006. Plaintiff subsequently filed a Motion to Reconsider [Document   ] with respect to a "narrowed and tailored" Request 13 and that Motion was allowed on December 4, 2007 with respect to Request 13. Defendants were ordered to respond by December 18, 2006.

The "narrowed and tailored" Request 13 sought production of:

> [c]opies of any and all statements where there are promises, rewards or inducements incorporated, inconsistent statements and, or [sic] any written or verbal requests for leniency in exchange for his [Omar Marrero's] cooperation in the matters of Commonwealth v. Omar Marrero and his codefendants' case as well.

Notwithstanding the Court's order giving Defendants until December 18 to respond, the Plaintiff, on December 5, 2006, sent a letter to the Court, treated as a motion, to compel discovery [Document 51]. On December 13, 2007, defendants, through their attorney, responded to the "narrowed and tailored" request, stating that neither the individual defendants nor the Sheriff's Department had any responsive documents, serving a copy of the response to Plaintiff on that date, and submitting a Report to the Court [Document 52] on that date as well. On December 27, 2007, the Court entered a ruling that Plaintiff's Motion [letter] of December 5, 2006 was moot.

On January 24, 2007, Plaintiff filed a Motion for Order of Contempt [Document 57] with respect to various discovery responses made by defendants. The response to Request 13 was not

raised in Document 57. However, in the course of discussing the motion and other aspects of the case at a Case Management Conference on February 2, 2007, plaintiff's dissatisfaction with defendants response to Request 13 was raised. Counsel for defendants had agreed during the conference to make further inquiry with the Hampden and Hampshire District Attorney's Offices as to documents in their possession responsive to Request 13. On February 7, 2007, the Court denied Plaintiff's Motion for Order of Contempt [Document 57] "subject to Defendants' representation at the case management conference that they will re-inquire of both district attorneys' offices regarding Plaintiff's requests." Defendants, again through counsel, did re-inquire and, on April 4, 2007, served Plaintiff with Defendants' Supplemental Response to Plaintiff's Requests for Production, producing various documents obtained from the district attorney's offices and asserting the D.A.'s objection to producing his own notes. The substance of the notes was reported to be consistent with the statements in the documents actually produced.

Continuing to be dissatisfied with the response, on April 11, 2007 Plaintiff filed a document entitled Plaintiff's Second Notice to Court in Conjunction with Plaintiff's Motion for Order of Contempt [Document 75] arguing that Defendants Supplemental Response was late, evasive and incomplete and constituted a failure to disclose. On April 13, 2007, the Court ordered Defendants to respond by April 28, 2007 to Document 75 as if it were a Motion to Compel. On April 28, 2007, Defendants, through counsel, filed their opposition to Document 75. On May 2, 2007, the Court denied the request set forth by the Plaintiff in Document 75.

On May 9, 2007, Plaintiff filed a Motion for the Court to Issue Facts and Findings of Law [Document 85] in connection with its May 2, 2007 ruling. This motion was denied on May 30, 2007. On July 11, 2007, Plaintiff attempted to raise this matter again as part of a Motion Requesting a Ruling on Outstanding Motions [Document 99]. On July 12, 2007, the Court denied this motion insofar as it concerned Document 57, the Motion for Order of Contempt, noting that it previously issued rulings on February 7, 2007 and May 2, 2007.

Plaintiff now seeks to have the Court reconsider his Motion to Compel [Document 44] once again with respect to Request 13. Plaintiff asserts "newly obtained evidence of the existence of the requested documents." In support of this allegation, Plaintiff produces copies of a Motion to Suppress Statements (dated July 2003) allegedly made by Mr. Marrero to the local police at the time of his arrest in February, 2003, and an Affidavit (dated August, 2004) by Mr. Marrero that he did not waive his Miranda rights and that he was denied a phone call at the time of his [February, 2003] arrest, and an Affidavit by one Dewayne Harris that Mr. Marrero made statements to the West Springfield and Holyoke police in February, 2003, that were subsequently recanted in August 2003, and that Marrero said at that time that he was doing something else for his "leanency [sic] deal."

Whatever statements Mr. Marrero may have made in February 2003 to the local police, the District Attorney's office has produced the documents in its possession concerning any deals or promises made to or requested by Mr. Marrero. Moreover, none of the material submitted by Plaintiff rebuts the individual Defendants' denials of knowledge concerning Marrero's dealings with the District Attorneys' offices prior to the time Marrero and Plaintiff shared a cell in September, 2003. The same is true insofar as Mr. Harris states that Marrero claimed to be doing

"something else" to get leniency. Given that Marrero and Plaintiff did not share a cell until after the alleged August, 2003 statement, whatever Marrero was doing, if anything, in August 2003 to get leniency could not have involved the Plaintiff. Moreover, the documents produced by the District Attorney's office shows that Mr. Marrero's attempt to get leniency based on giving evidence against the Plaintiff did not arise until November, 2003, after he and Plaintiff had shared a cell.

**Interrogatory No. 5**

Interrogatory Number 5 submitted by Plaintiff stated:

> When Omar Marrero returned to the C-2 unit on or about August of 2003 after being jumped by his own LaFamilial gang brothers, who did the investigation and what did they find out, was there a report written and who was notified of the findings.

Defendants had initially objected to this interrogatory and most of the individual defendants indicated that they had no information concerning this matter. Document 44, Plaintiff's Motion to Compel sought further responses by Defendants. In its order of October 19, 2006, the Court ordered only the Defendant Sheriff Ashe to respond further. A supplemental answer was filed stating that Barbara Vanvalkenburg discovered Mr. Marrero in his cell with the appearance of having been in an altercation; that she completed an Incident Report; and that Mr. Marrero claimed "his people think he is a snitch." Previous answers by the Defendants stated that the matter was investigated by the Unit Disciplinary Board and handled in house. A copy of the Incident Report was produced. Moreover, Defendants have denied any dealings with the District Attorneys office in connection with these issues. Still unsatisfied, Plaintiff raised the sufficiency of these responses again in Document 57, Plaintiff's Motion for Order of Contempt. As discussed above in connection with Plaintiff's arguments concerning Request 13, this motion was denied on February 7, 2007.

As argued above, the new matter submitted by Plaintiff now shows nothing to rebut Defendants position in this case that the individual Defendants knew nothing of any deal with or any promise made to Mr. Marrero by the District Attorneys office prior to the assignment of Mr. Marrero and Plaintiff to the same cell. Defendants have sufficiently answered Interrogatory Number 5 and Plaintiff's present motion concerning it should be denied.

**Conclusion**

The matters raised by the Plaintiff's latest Motion for Reconsideration have been fully litigated in the Motions previously filed by Plaintiff and fully considered in the Court's prior rulings. The "new evidence" asserted by Plaintiff does not warrant further discovery, particularly at this late stage of the proceedings. Accordingly, the Plaintiff's Motion to Reconsider should be denied.

>                The Defendants
>                By their attorneys,
>
>
>                s\ Kevin D. Withers
>                Edward J. McDonough, Jr., BBO# 331590
>                Kevin D. Withers, BBO# 531660
>                Katherine A. Day, BBO# 657765
>                EGAN, FLANAGAN AND COHEN, P.C.
>                67 Market Street - Post Office Box 9035
>                Springfield, MA 01102
>                (413) 737-0260; Fax: (413) 737-0121

Certificate of Service

__s\Kevin D. Withers\__ certifies that a copy of the foregoing document was served on the Plaintiff by first class mail on July 31, 2007 to Anthony Garvin, Souza Baranowski Correctional Center, P.O.Box 8000, Shirley MA 01464.