UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 05-30102-MAP

———————————

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS,
DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON,
LT. (FIRST NAME UNKNOWN) KORMAN,
LT. JUAN RAMOS,
LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW,
OFFICER VICTOR KELLY AND
TIM ALLEN
DEFENDANTS

———————————

**ANSWER OF TIM ALLEN AND DEMAND FOR JURY TRIAL.**

Now comes the Defendant Tim Allen ("Allen"), in the above-captioned matter, by his attorney, and by way of response to the numbered paragraphs of the Complaint he states as follows:

1.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

2.    Defendants Allen admits that he is a public employee of the Commonwealth of Massachusetts; that the defendants, Tsgaris, Kenney, Weldon, Korman, Ramos, Cadigan, Muldrow, and Kelly are public employees of the Commonwealth of Massachusetts; that Michael Ashe, Jr. is the sheriff of Hampden County and an employee, official and officer of the Commonwealth; and that

the Hampden County Correctional Center is located at 627 Randall Road. Defendant Allen denies the remaining allegations of this numbered paragraph of the Complaint.

3.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

4.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

5.    Paragraph 5 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants denies the allegations contained in this paragraph of the Complaint.

6.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

7.    Paragraph 7 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants denies the allegations contained in this paragraph of the Complaint.

8.    Paragraph 8 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants denies the allegations contained in this paragraph of the Complaint.

9.    The allegations of this numbered paragraph of the complaint are denied.

10.   Paragraph 10 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants denies the allegations contained in this paragraph of the Complaint.

11.   Paragraph 11 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants denies the allegations contained in this paragraph of the Complaint.

12.   Paragraph 12 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendants denies the allegations contained in this paragraph of the Complaint.

13.   Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

14.   Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

15.   Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

16.   Defendant Allen admits that the defendant Weldon is a public employee of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this numbered paragraph of the Complaint.

17.   Defendant Allen is without sufficient information to form a belief of the truth

3

of the allegations of this numbered paragraph of the complaint.

18.  Defendant Allen admits that the defendant Muldrow is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

19.  Defendant Allen admits that the defendant Muldrow is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

20.  Defendant Allen admits that the defendant Kelly is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

21.  Defendant Allen admits that the defendant Muldrow is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

22.  The allegations of this numbered paragraph of the complaint are denied.

23.  Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

24.  Defendant Allen admits that the defendant Ramos is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information

4

to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

25.    Defendant Allen admits that the defendant Korman is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

26.    Defendant Allen admits that the defendant Korman is a public employee of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this numbered paragraph of the Complaint.

27.    Defendant Allen admits that the defendant Cadigan is a public employee of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this numbered paragraph of the Complaint.

28.    Defendant Allen admits that the defendant Ramos is a public employee of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this numbered paragraph of the Complaint.

29.    Defendant Allen admits that the defendant Kenney is a public employee of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this numbered paragraph of the Complaint.

30.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

31.    Defendant Allen admits only that Michael Ashe, Jr. is the sheriff of Hampden County and an employee, official and officer of the Commonwealth, and that

5

the Hampden County Correctional Center is located at 627 Randall Road and denies the remaining allegations of this numbered paragraph of the Complaint.

32.    Defendant Allen admits that the defendant Tsgaris is a public employee of the Commonwealth of Massachusetts, but denies the remaining allegations contained in this numbered paragraph of the Complaint.

33.    The allegations of this numbered paragraph of the complaint are denied.

34.    The allegations of this numbered paragraph of the complaint are denied.

35.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

36.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

37.    Defendant Allen admits that the defendant Muldrow is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

38.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

39.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

40.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

41.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

42.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

43.    Defendant Allen admits that the defendant Ramos is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

44.    Defendant Allen admits that the defendant Ramos is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

45.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

46.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

47.    Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

48.    Defendant Allen admits that the defendant Ramos is a public employee of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

7

49.   Defendant Allen admits that the defendants Velly, Korman, Cadigan and Kenney are public employees of the Commonwealth of Massachusetts, but states he has insufficient information to form a belief of the truth of the remaining allegations of this numbered paragraph of the complaint.

50.   The allegations of this numbered paragraph of the complaint are denied.

51.   The allegations of this numbered paragraph of the complaint are denied.

52.   The allegations of this numbered paragraph of the complaint are denied.

53.   The allegations of this numbered paragraph of the complaint are denied.

54.   The allegations of this numbered paragraph of the complaint are denied.

55.   The allegations of this numbered paragraph of the complaint are denied.

56.   The allegations of this numbered paragraph of the complaint are denied.

57.   Paragraph 57 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendant denies the allegations contained in this paragraph of the Complaint.

58.   The allegations of this numbered paragraph of the complaint are denied.

59.   The allegations of this numbered paragraph of the complaint are denied.

60.   Paragraph 60 of plaintiff's complaint contains conclusions of law rather than allegations of fact and therefore no answer is required, but to the extent that an answer is indicated, the defendant denies the allegations contained in this paragraph of the Complaint.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's complaint fails to state any claim upon which relief can be granted.

2.    Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff resulted from or were caused by the contributory negligence of the Plaintiff.

3.    Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff resulted from or were caused or contributed to by the negligence of the Plaintiff, which negligence was equal to or greater than any alleged negligence of the Defendant.

4.    Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities for whose conduct the Defendant is not legally responsible.

5.    Plaintiff is not entitled to recover in the amounts prayed for in the Complaint because Plaintiff's negligence has diminished whatever right, if any, Plaintiff might ever have had to such recovery.

6.    At the time of the alleged accident the Plaintiff was in violation of the laws of this Commonwealth, and said violation was the cause of Plaintiff's alleged injuries.

7.    The Plaintiff's action is barred due to lack of service of process and due to insufficient service of process.

8.    The Plaintiff's claim is barred due to the Plaintiff's failure to provide sufficient and timely notice of Plaintiff's claim and injury as required by law,

including but not limited to the provisions of G.L. ch. 258.

9.    The Plaintiff's claims should be diminished in accordance with M.G.L. c. 231, §85, because the damages allegedly suffered by the Plaintiff resulted from or were caused by or contributed to by the negligence of the Plaintiff.

10.   The defendant denies that this action arises under the Constitution of the United States and deny that there has been any deprivation under color of any statute of the Commonwealth of Massachusetts of any rights, privileges or immunities secured to the plaintiff by the Constitution of the United States.

11.   The defendant states that all of his actions as they may relate in any way to this action were taken in good faith without the knowledge that said actions would result in a violation of the named plaintiff's, or anyone else's, constitutional rights, nor were said actions taken with any reckless disregard of the constitutional rights of the named plaintiff, or of anyone else, and thus, the defendant is immune from liability for any damages as alleged in plaintiff's complaint under the doctrine of qualified immunity.

12.   The defendant states that all actions taken by him which in any way related to plaintiff were taken in good faith, without knowledge that any such actions would violate any person's constitutional rights, and without reckless disregard for any person's constitutional rights, and therefore he is immune from suit.

13.   The defendant states that all of his actions which in any way related to the plaintiff were taken pursuant to his public obligations and duties, that their

said actions were taken in his lawful capacity pursuant to his obligations under state law, and as such, were privileged.

14. The defendant states that they are immune from liability in this action under the provisions of G.L. c. 258, as amended.

15. The defendant states that the plaintiff has failed to comply with the notice provisions of G.L. c. 258, as amended.

16. The plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and the doctrines of sovereign and qualified immunity.

WHEREFORE, the Defendant demands that plaintiff's complaint be dismissed, that judgment be entered on defendant's behalf, and that he be awarded reasonable attorneys' fees and costs in defending this action.

**THE DEFENDANTS DEMAND A TRIAL BY JURY.**

FOR THE DEFENDANTS,
By Their Attorney

Edward J. McDonough, Jr., Esq.
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121
BBO# 331590

CERTIFICATE OF SERVICE

_____, hereby certify that on this 4th day of October, 2007, I have caused the aforementioned document to be served on all parties to this action by mailing a copy of same first-class mail, postage prepaid to Anthony Garvin (pro se) SBCC L-2/12, P. O. Box 8000, Shirley, MA 01464.

11