```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                      No.05-30102-MAP
```

ANTHONY GARVIN
PLAINTIFF,

v.

TIM ALLEN ET.AL.,

MOTION TO RECONSIDER MOTION FOR DEFAULT

Now comes the Plaintiff in the above entitled-matter, pro-se and respectfully moves this court to reconsider it's denial of the Plaintiff's Motion for default[61](2/07/07) against the Defendant [Emphasis Added] Tim Allen for reasons as argued below and new grounds not previously argued.

Procedural Backround

1. On 4/27/05 The Plaintiff filed a complaint against The unknown Officer In The Tower et.al., [3];

2. On 7/07/05 said defendant was served by the U.S. Marshals [5];

3. On 7/20/05 All other Defendants answered [6] the complaint except The Unknown Officer In The Tower;

4. On 6/26/06 a second summons was served upon Tim Allen;

5. On 7/25/06 U.S. Marshals served Tim Allen with summons and complaint entered 8/16/06 [39];

6. Also on 8/16/06 an entery was entered "Set/Reset Answer Deadline for Tim Allen";[Emphasis Added]

7. On 2/07/07 The Plaintiff requested that a default be entered against Tim Allen [61];

8. On 2/08/07 Tim Allen et.al., responded [62];

9. On 3/12/07 Tim Allen was served with the motion to Amend the complaint by first class Mail [69];

10. On 3/14/07 said Motion to amend was entered [69], and on 4/13/07 the Court allowed the amendment;

11. On 7/12/07 the Court denied the Plaintiff's Motion for default "for the reasons set forth in [62] Defendants' opposition" [Emphasis Added].

THE REASONS SET FORTH IN THEIR OPPOSITION:

THE DEFENDANTS ARGUED:

1. That Tim Allen was a non-party (page.1, first sentence);
2. That the complaint was never amended to add Mr. Allen as a defendant (page.1, sentence 2);
3. That Mr. Allen was never served with any amended complaint naming him as a party (page.1, sentence 3); and
4. That if the Plaintiff amened the complaint to add Mr. Allen as a defendant, that the undersigned (Kevin D. Withers) agreed to accept service and expected to file an answer on behalf of Mr. Allen within twenty days of receipt of the amended complaint unless Mr. Allen chose to have other counsel. (page.2)

**ARGUMENT**

   I. **THE REASONS SET FORTH IN THE DEFENDANTS' OPPOSITION WERE MOOT AT THE TIME OF THE COURT'S DENIAL OF THE PLAINTIFF'S MOTION FOR DEFAULT.**

   a. **At the time of the Court's denial Tim Allen was a party/Defendant.**

By the time of the denial of the request for default (7/12/07), Tim Allen was already amended to the complaint on 4/13/07 and by 5/3/07 he had not answered the complaint. Thus the Defendants argument number one above was moot at the time of the ruling and this argument could not have supported the ruling. Since then the Defendant has given a late answer on 10/4/07, which negates argument number one that he(Tim Allen) was not a party. See Answer in the opening paragraph "Now comes the Defendant Tim Allen". This can be consruded as an inconsistant argument, which changes the very essance of the foundation of the ruling.

   b. **At the time of the Court's denial Tim Allen had been Amended to the complaint as a Defendant.**

See Argument I.(a) above as it is the same argument and thus the Defendants' argument number two was moot at the time of the denial.

    c. **Mr. Allen was served with a copy of the motion to amend naming him as a party/Defendant; he was already in possession of the original complaint and the Court had previously ordered him to answer the complaint, all prior to the ruling/denial of the default request.**

First Mr. Allen was ordered to answer the complaint on 8/16/06 by the Court. Mr. Allen never answered at the time of the ruling on the request for default, never objected to the order to answer, never argued lack of service nor insufficient service of process in response to said order to answer prior to the ruling on the request for default. See Fed.R.Civ.P. Rule 8(c) and Rule 12(a)(1)

Second, On 8/16/05, over two years after the assault leading to count one and almost four months after the filing of the complaint, Tim Allen filed an incident report at the Hampden County House of Correction upon request "due to litigation with Anthony Garvin" Thus he was aware of the suit and allegations. He also identified himself as the unknown officer in the tower, when he said Control room A.K.A. Control tower. See Attachment A

Third on 6/26/06 a summons was issued as to Tim Allen; on 7/07/05 and 7/25/06 Tim Allen was served with both complaint and summons; on 2/05/07 Tim Allen was served with the Plaintiff's Motion for default against him by first class mail and on 3/12/07 he was served with the motion to amend him as a party in place of the unknown officer in the tower. The last two sentences in said motion to amend notified him that he was served by the U.S. Marshals and that there was a motion for default pending against him. Mr. Allen never responded nor challenged service, the default nor the amendment motion following reciept of the motion to amend.

Fourth, based on the facts that, Mr. Allen had the original complaint naming the unknown officer in the tower; Filed an incident report identifying himself as the unknown officer in the tower; That he was in possession of the Motion to amend

3

his name in place of the unknown officer in the tower to the complaint and that he was already ordered to answer the complaint by the Court, it is clear that he is/was 1) named as a defendant, 2) served with the amendment naming him as a party/defendant, which was allowed and 3) He was on actual and or contructive notice, because his name was substituted for the unknown officer and thus was specifically named, as well as 4) it is reasonable that he knew of the litigation and that he was aparty. See Petty v. County of Franklin, Ohio, et.al., , 478 F.3d 341 at 346 (C.A.6 (Ohio) 2007) "What Petty fails to grasp, however, is that his constructive-notice argument makes sense only if at some poit, he actually substitutes the name of real persons *346 for his John Doe defendants (FN2) to be sure, the John Does #1 and #2 in this case could reasonably have been expected to know of Petty's suit, assuming of course both remain in Franklin County's employ. But that is not enough to make them parties to the lawsuit without their being specifically named." The Plaintiff in the matter before this Court has met his obligation of service of process. Therefore the Defendants' argument that Mr. Allen was never served with any amended complaint was at the time of the denial of the request for default without merit and moot.

   d. No answer was filed within 20 days of reciept
      of the amended complaint.

On 10/04/07 the Defendant Tim Allen answered the complaint, this came after the ruling denying the request for default. The Plaintiff has done nothing to change the arguments in the Defendants' Opposition to Plaintiff's Motion for default, yet by the **Late**[Emphasis added] answer, it is clear that the defendant Tim Allen is a party/Defendant, refutes his arguments in the opposition by answering and admitts that he is a defendant in the opening paragraph of his answer[117] "Now comes the defendant Tim Allen" Thus changing the essance of his argument in his opposition[62] relied upon by the Court's in it's ruling on the Motion for default. Reconsideration and the entry of default is warranted and justice demands it based upon these new and inconsistent statement Thus the Court relied upon false assertions

4

See page two herein (The reasons set forth in their opposition) and attachment B.

    e. **The Plaintiff can establish a claim and or a right to relief pursuant to Fed.R.Civ.P 55.**

Tim Allen is only a Defendant in count one of the complaint, which is the assault by Timothy Zanetti. See Complaint ¶ 4.

Count one of the complaint is a failure to protect claim alleging that 1) The Defendant failed to protect the Plaintiff from assault; 2) failed to follow policy and procedure as well as Codes of Massachusetts Regulations; 3) Unreasonably created the condition and situation that caused the injuries that the Plaintiff suffered; 5) That said violations of the 8th, 14th amendment of the U.S. Const were with deliberate indifference; 6) That said violations of Mass.Gen.Law 258 was with gross negligence.

Tim Allen's failures and affirative acts, which directly contributed to the injuries suffered by the claimant and is most directly implicated in Garvin's civil rights claim under count one. Complaint ¶¶¶ 19, 30 and 52. .

There is no immunity for Tim Allen pursuant to M.G.L.c § 10(j)(2) Which states in Part:

> "This exclusion shall not apply to:'...'(2) any claim based upon the intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was before the intervention;"

At the time of the assault Tim Allen was working in the Control tower and this means that he had total control over all locking mechanisms. He failed to secure the Sub-Day room that Garvin was placed in while hand cuffed and shackled. Securing the door's lock was a madatory function based on the unit's own policies, being a high security unit. At the time of the assault Mr. Allen claims that he was in direct knowledge of a specific risk, when he states in his incident report that he knew that Zanetti was constantly being "taunted by Garvin and others", yet he took no actions to avoid an incident nor did he notify anyone of what was allegedly happening or enter an enemy status, which

is normal practice at the facility and procedure created to and intended to prevent such assaults. Furthermore Tim Allen then opened Zanetti's cell door before the inmate could be cuffed. Tim Allen's conduct was so grossly incompetent, inadequate and or excessive as to shock the conscience and or to be intolerable to basic fairness. Tim Allen's action and omissions intervened with Garvin's protective custody status. And thus M.G.L.c. 258 § 10(j)(2) bars immunity exclusion.

Tim Allen is being sued in all capacities. See Complaint ¶.52

The Defendant Tim Allen should be responsible for one twelfth 1/12 of the one million one hundred thousand requested and make a substantial donation to the Boys and Girls Club of Springfield, Mass. in an amount that this Court deems just as requested in the complaint's relief requested. This is an amount which can be computed.

## CONCLUSION

The denial of the motion for default was clearly erroneous and contray to law and the Rule of federal procedure. A reversal of the previous ruling is warranted and just.


Respectfully Submitted,
*Anthony Garvin*                                    Date /2-5-07
ANTHONY GARVIN PRO_SE

### CERTIFICATE OF SERVICE

I Anthony Garvin hereby certify that a copy of the foregoing document has been served upon defense counsel Kevin D. Withers at 67 Market street, Springfield, Mass. 01102 by first class mail on /2-5-7.

*Anthony Garvin*

Anthony Garvin Pro-Se
S.B.C.C.
P.O. BOX 8000
Shirley, Ma. 01464

08/16/2005 13:35 FAX 5472631        HAMPDEN CTY SHERIFF DEPT                    ☐002

1 of 2

Hampden County Jail and House of Correction

# INCIDENT REPORT FORM

(1) Information Only _____

(2) Inmate's Name _____

(3) Person Number _____

(4) Inmate's Housing Assignment at Time of Occurrence _____

(5) Date of Occurrence _____ Time of Occurrence _____

(6) Date Report is Completed _____ Time Report is Completed _____

(7) Incident Description (include staff and inmates involved, what occurred, where it occurred, when it occurred, how it occurred, and if known, why it occurred).

C/O Tim Allen 0873 was asked to write a report due to litigation with Anthony Garvin in regards to an incident that I was witness to. I remember the incident as it involved Timothy Zanetti and Anthony Garvin who were both housed in C2 during this time. I didn't write a report at the time of the incident because I considered the incident to be minor, I didn't see anyone get hurt, and I knew that pod staff would generate a report on the incident. I watched

(8) Immediate Action Taken: the incident from the control room glass and a Garvin was taking his AM recreation I saw him run out of sub dayroom 1 in C2 to meet a charging Timothy Zanetti. During this time Garvin was cuffed and shackled while Zanetti was not. I didn't see Zanetti exit his cell

Sworn To Under The Pains and Penalties of Perjury.

(9) Reporting Employees Signature _____ Date _____

  Employees Identification Number _____ Time _____

The following section is to be completed by the Supervisor.

(10) Is disciplinary action requested?     Yes _____     No _____

(11) Miranda Warning                       Yes _____     No _____

(12) Supervisor's Signature _____ Date _____

  Supervisor's Identification Number _____ Time _____

         Central Records- White           Department Director- Green       Special Operations- Yellow
         Reporting Employee- Pink         Copy to _____         -Goldenrod

HCHOC-0037 (5Part) _____

Hampden County                                Incident Report

Attachment A

08/18/2005 13:35 FAX 5472631          HAMPDEN CTY SHERIFF DEPT                    ☒003

2 of 2

Hampden County Jail and House of Correction

# INCIDENT REPORT FORM

(1) Information Only _____

(2) Inmate's Name _____

(3) Person Number _____

(4) Inmate's Housing Assignment at Time of Occurrence _____

(5) Date of Occurrence _____  Time of Occurrence _____

(6) Date Report is Completed _____  Time Report is Completed _____

(7) Incident Description (include staff and inmates involved, what occurred, where it occurred, when it occurred, how it occurred, and if known, why it occurred).

however I did see clearly that Garvin purposely charged out of the subdayroom to meet him. As I watched the confrontation I was very impressed with Garvins boxer like skills as he avoided all of Zanetti's punches. Garvin wasn't struck at all during the incident which only lasted a maximum of 6 short seconds. Having worked in C2 during this time period, I knew Zanetti was constantly being taunted by Garvin and others about being a "Punk" in their eyes. I would suppose that Zanetti's motivation for attacking Garvin was just that. After the incident Garvin was boasting about the fact Zanetti didn't even land one punch. C/O Muldrow almost immediately restrained Zanetti during this short incident along with

(8) Immediate Action Taken:

Sworn To Under The Pains and Penalties of Perjury.

(9) Reporting Employees Signature _____  Date _____

   Employees Identification Number _____  Time _____

The following section is to be completed by the Supervisor

(10) Is disciplinary action requested?    Yes _____   No _____

(11) Miranda Warning    Yes _____   No _____

(12) Supervisor's Signature _____  Date _____

   Supervisor's Identification Number _____  Time _____

   Central Records- White          Department Director- Green          Special Operations- Yellow
   Reporting Employee- Pink         Copy to _____          _____-Goldenrod

HCHOC-0037 (5Part)

Hampden County                      Incident Report                             3.1.23 6

27

119B

☐ 004

3 of 3

Hampden County Jail and House of Correction

# INCIDENT REPORT FORM

(1) Information Only _____

(2) Inmate's Name __Anthony Garvin__

(3) Person Number __133065__

(4) Inmate's Housing Assignment at Time of Occurrence __C2__

(5) Date of Occurrence __6/2/03__ Time of Occurrence _____

(6) Date Report is Completed __8/16/05__ Time Report is Completed __1230 PM__

(7) Incident Description (include staff and inmates involved, what occurred, where it occurred, when it occurred, how it occurred, and if known, why it occurred).

C/O Victor Kelly: Zanetti was placed in his cell and medical was called as procedure calls for.

(8) Immediate Action Taken: _____

Sworn To Under The Pains and Penalties of Perjury.

(9) Reporting Employees Signature _____ Date __8/16/05__

Employees Identification Number __08B__ Time __1230__

The following section is to be completed by the Supervisor.

(10) Is disciplinary action requested?   Yes ____   No ____

(11) Miranda Warning   Yes ____   No ____

(12) Supervisor's Signature ____150?____ Date __8/16/05__

Supervisor's Identification Number __272__ Time __1:15 PM__

Central Records- White         Department Director- Green         Special Operations- Yellow
        Reporting Employee- Pink         Copy to _____         -Goldenrod

HCHOC-0037 (5Part)

Hampden County         Incident Report         3.1.23.6

28

119C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 05-30102-MAP

---

ANTHONY GARVIN
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MICHAEL J. ASHE, JR.,
HAMPDEN COUNTY COMMISSIONERS,
COMMONWEALTH OF MASSACHUSETTS,
SUPT. BASIL TSGARIS,
DEPUTY CHIEF OF SECURITY KENNEY,
MAJOR (FIRST NAME UNKNOWN) WELDON,
LT. (FIRST NAME UNKNOWN) KORMAN,
LT. JUAN RAMOS,
LT. (FIRST NAME UNKNOWN) CADIGAN,
OFFICER WILLIAM MULDROW,
OFFICER VICTOR KELLY AND
TIM ALLEN
DEFENDANTS

---

**ANSWER OF TIM ALLEN AND DEMAND FOR JURY TRIAL.**

Now comes the Defendant Tim Allen ("Allen"), in the above-captioned matter, by his attorney, and by way of response to the numbered paragraphs of the Complaint he states as follows:

1. Defendant Allen is without sufficient information to form a belief of the truth of the allegations of this numbered paragraph of the complaint.

2. Defendants Allen admits that he is a public employee of the Commonwealth of Massachusetts; that the defendants, Tsgaris, Kenney, Weldon, Korman, Ramos, Cadigan, Muldrow, and Kelly are public employees of the Commonwealth of Massachusetts; that Michael Ashe, Jr. is the sheriff of Hampden County and an employee, official and officer of the Commonwealth; and that

*Attachment B*