DISTRICT OF MASSACHUSETTS
CIVIL ACTION NUMBER: 05-30102-MAP
_____

ANTHONY GARVIN,
PLAINTIFF
V.
HAMPDEN COUNTY SHERIFF'S DEPARTMENT, ET AL.,
DEFENDANTS
_____

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
AMEND PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

Now come the Defendants in the above-referenced case, by their attorneys, and they respond as follows to the Plaintiff's Motion to Amend Plaintiff's Opposition to Defendants' Motion for Summary Judgment. By this motion Plaintiff seeks to add several allegations of fact, which he claims are pertinent to his opposition to Defendants' Motion for Summary Judgment. Defendants do not oppose the motion itself, but instead, contend that the additional assertions that the Plaintiff intends to assert are not relevant or material to the issues raised by Defendants' Motion for Summary Judgment.

The thrust of the material Plaintiff seeks to add appear to be directed to Plaintiff's claim that Defendants are somehow liable in connection with the testimony given by the Plaintiff's cell mate, Omar Marrero, at the Plaintiff's criminal trial. In the Motion for Summary Judgment Defendants argued, among other things, that none of them could be held liable for this claim because there was no evidence that any of the Defendants did anything to cause Omar Marrero to collect information against the Plaintiff. None of the new material which Plaintiff seeks to add to his opposition has any bearing on that argument. The assertion that "Captain Ramos has informants" does not show that he did anything to cause the actions of Omar Marrero. In fact, in his answers to interrogatories, Captain Ramos denies any knowledge that Omar Marrero had

entered into any kind of deal with the prosecutors and district attorney's office. (Again, the evidence indicates that that deal occurred <u>after</u> Mr. Marrero had obtained the information concerning the Plaintiff.)

The other assertions alleged in Plaintiff's Motion, that Captain Ramos "participated in other prosecutions utilizing informants at the Hampden County House of Correction" and that Defendants Korman and Tsgaris "directed and advised a person known to them to be an informant to keep records . . .," refer to actions that allegedly occurred in 2006 long after the events giving rise to the present case which occurred in 2003. Neither of these assertions has any bearing on the questions of what knowledge Defendants had or what action was taken by Defendants with respect to Mr. Marrero's activities in 2003 when he was Mr. Garvin's cellmate.

In short, whether or not the Court permits Mr. Garvin to amend his opposition, the material that he seeks to add is not sufficient to raise a material question of fact so as to defeat Defendants' Motion for Summary Judgment.

                                      The Defendants
                                      By their attorneys,

                                      __s\Kevin D. Withers_____
                                      Edward J. McDonough, Jr., BBO# 331590
                                      Kevin D. Withers, BBO# 531660
                                      Katherine A. Day, BBO# 657765
                                      EGAN, FLANAGAN and COHEN, P.C.
                                      67 Market Street – P.O. Box 9035
                                      Springfield, MA 01102-9035
                                      Tel. 413/737-0260; Fax: 737-0121

CERTIFICATE OF SERVICE

__s\Kevin D. Withers\__ certifies that a copy of the foregoing document was served on the Plaintiff by first class mail on January 24, 2008 to Anthony Garvin, Souza Baranowski Correctional Center, P.O. Box 8000, Shirley MA 01464.

2