FILED

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY GARVIN,

PLAINTIFF

V.

HAMPDEN COUNTY SHERIFF'S
DEPARTMENT, ET. AL.,

DEFENDANTS

CIVIL ACTION
NO. 05-30102-MAP

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMENDATION REGARDING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

OBJECTION 1: PAGE 1 (of Recomendation)

The Plaintiff Objects to the Court's MISSTATEMENT OF The Plaintiff's CAUSE of ACTION on Count 2 of his complaint. The Plaintiff States that while he infact Argues A civil Conspiracy Claim within Count 2, Count 2 is raised AS A 42 U.S.C. § 1983, G. L.C. 258 TORT, First, Fourth, Fifth, eighth and Fourteenth Amendment Violation. ("Compl."

¶s 7. ; 10. ; 49 ; 58 and 59) The eighth and Fourteenth Amendment "rights violation" is Continueously Argued in the Complaint. The plaintiff Again makes it clear that he is basing his "Count 2" Claim on the 8th and 14th Inter alia, when they deliberately ignored known risks of harm and housed A known risk (OMAR MARRERO) with the Plaintiff, in the Opposition to the Defendants' Motion For Summary Judgement (PL.'S MEMO (DOC. NO. 119) PAGE 1 under Count 2 to Page 2) Also see PL's Memo Page 24 First Paragraph of II through page 25 First Sentence; Page 26 last paragraph through page 28 (End of paragraph from page 27); page 30 (Last Sentence of page 30) through page 32, all Concerning 8th Amendment violation.

Objection 2: Page 2 (I. BACKground)

The plaintiff objects to the Court's Bald Assertion that the BACKground "Sketches Certain incidents that occurred at the HCCC in the Summer of 2003 and is Stated in a light most Favorable to Plaintiff, the party Opposing Summary Judgement." By relying

On misstated facts in paragraph two; page two
When the Court States "Plaintiff was given
"administrative Custody" Status". He was actually
given "administrative Protective Custody" Status
the later is in the light Most favorable to the
plaintiff's claims. (Doc. No. 120 PL.'s Local
Rule 56.1 Statement of facts' (PL.'s Facts) ¶ 6);
On unclear and misleading Facts in paragraph two
page two when the Court States 'Concerns that
other inmates -- who were rival gang members --
desire to retaliate (in part) plaintiff is not
A gang member, to clear any possible Misconception.
There were two rival gangs (LaFamilia and Latin Kings)
allegedly plotting in Cohorts to retaliate against
the plaintiff. (Doc. No 3 (compl:) Ex. A, B.); On
incomplete facts in paragraph two page two When
he addresses the plaintiff's Request For a
transfer to another facility. While this is a
factual Statement, In the light most favorable
to the plaintiff, the plaintiff also requested
to be transfered to the Protective Custody

---

1. Plaintiff's Statement of facts Doc. No. 120 was Entered
As Plaintiff's undisputed Material Statement of facts.
There are 3 (three) parts to the Plaintiffs Statement of
facts 1) undisputed Material facts, 2) Material fact in

Unit on June 9, 2003 After learning of Said Unit's existance. Major Weldon (a defendant) responded to the plaintiff by the following: "You are pre-trial, we are not punish [SIC] you we are protecting you on Safety issues. Your Charges do not [illegible] themselves to D4, D5." (PL's Material facts in dispute 7 at 2-3 Also See App. 122B and 122C of Plaintiff's Opposition to Summary Judgement); Again on incomplete Facts in para graph three, page two while it is true Defendant Officer William Muldrow escorted the plaintiff from his cell to the Sub day room for recreation, In the light most Favorable to the plaintiff, No one Locked the Sub day room door, (PL's Facts ¶'s 3 and 4 at 5). Officer Muldrow radioed to the Control tower officer, Tim Allen to open Zanetti's cell (Compl. ¶ 19 also See Muldrow's Ans to Interr Doc. No. 104-11 (Ex. H) 3 at 69; On disputed Facts (PL's Facts ¶ 9² and Def's Facts ¶ 9) the Court, in the light most Favorable to the moving party, presents the backround on page 2 Last Paragraph. Muldrow Was not in

_____

dispute And 3) Other material Facts Unmentioned. 2. at 3

4

Front of Zanetti's cell and he was returning
the inmate to the cell when he radioed to
Tim Allen to open Zanetti's door. This is in
the light most favorable to the Non moving party.
The only evidence to clear this disputed fact
is the spoilated, lost/destroyed video. See
Def John Kenney's Ans to Interr Doc-No. 104-16
(Ex. M 10 at 95) All inferences to be drawn in
favor of plaintiff concerning disputes in question
which the video May have settled.; On page 3
continued paragraph the Court relied on disputed
facts concerning whether or not Kelly helped
restrain Zanetti. (Plain's Disputed Facts #10 at 3;
Complaint #20 at 3 and Def's Facts 10 at 2)
This he "Sketches" in the light most favorable
to the Moving party. ; On page 3 continued
paragraph the Court relied on disputed material
fact in the light most favorable to Defendants
Concerning whether the plaintiff was treated
for his injuries and Misstates the fact of
the lip being treated, Nothing in the record
supports such an Assertion. Being Examined
Looked at given advice and no Actual
Assistance is not Treatment when the plaintiff
needed stitches. (PL.'s Disputed Facts #11 at 3;
App. 59 (medical Record) and also see PL's Memo Ex #2

(Medical Expert Affidavit) App 191) This is in the light most Favorable to the Non moving party.

Then on page 3 Second paragraph the court inAccurately states facts. While the plaintiff Was Moved into the double bunk cell on August 27, 2003 Not September 1, 2003, OMAR MARrero was moved into the cell on September 17, 2003 dispite the fact that the defendants knew he was a known gang member of one of the gangs wanting to harm the plaintiff. See (PL.'s disputed Facts ¶ 18 at 3-4 also See App 189C of MeMO of PL), The Court then in the Same paragraph partially States the plaintiff's claim. In Addition to the conspiracy claim there is a Failure to protect claim on count two From the Affirmative Act of disregarding a known risk and placing Marrero in the plaintiff's cell thus Placing him in danger. See (PL's unmentioned Facts ¶ 8 at 5)

On page 3 third Paragraph the Court Attempts to limit the plaintiff's claim on Count two to only civil conspiracy dispite the Plaintiff's Complaint Alleging that the defendants knew of the risk of harm and

they knew Marrero was a threat yet placed him in with the plaintiff. This is his Initial Claim. See (compl. ¶ 35 at 4 to ¶ 39 at 5) This is the Same place where the plaintiff raises the defendants' knowledge of "or at least the possibility that he was a government agent". Only after the ignoring the threat issue which is the Nexus to the civil Conspiracy Claim. This is in the light Most favorable to the Plaintiff. Furthermore the Plaintiff is Entitled to instruction and inferences in his Favor due to Spoilation with regard to lost Log Book(s) Concerning the time Frame of count two.

Lastly the plaintiff objects to the Court's Mischaracterization of the Pre-Summary Judgement Proceedings when he says "In due Course." The Plaintiff states that the Court has repeatedly Allowed the defendants to violate rules of Procedure and deny discovery Most importantly the deposition of Omar Marrero, who the Defendants claimed were not at their facility. Then Marrero was discovered to be at their facility and released before the Court Could order the Motions to Procure Said deposition. Marrero is on Probation For

7

at least two more years yet he allegedly could not be served at address provided by Defendants. The same day the U.S. Marshal Process Receipt and Return for Deposition Subpoena was filed this Court Canceled said Deposition. The plaintiff wrote both the court and US Marshals to inform them that he (Marrero) was on probation but got no response. (DOC. No. 95) This is in the light most Favorable to the plaintiff.

For the record the Plaintiff objects Here, to the Courts shallow reference to the plaintiff's Amended opposition. Said opposition Concerned Evidence of three of the defendants Continuing to Assist a known informant and advise a known informant. This A reasonable Jury can support a Conclusion that at Minimum these three defendants give Assistance to informants. (DOC. NO. 128 And Exhibits Attached)

It is A Fear inference that the defendants were Assisting Marrero when they deliberately, with total disregard for the plaintiff's Safety, house/placed Marrero in the plaintiff's cell, Supporting both of the plaintiff's Causes of Action on Count 2 1) Failure to protect/Recklessly indangering the plaintiff and 2) Civil Conspiracy. This is in the light most Favorable to the plaintiff.

8

<u>Objection 3</u> : Page 3-4 (II. DISCUSSION)

The plaintiff States that the Court titled the Summary Judgement Standard, "II. DISCUSSION" And while the Court's Citations are Correct, He fails to Cite and apply the following As Cited in the plaintiff opposition. (PL's Summary Judgement Standard; Memorandum at 3-4):

Under Rule 56(C) of the Federal Rules of Civil Procedure, Summary Judgement is appropriate Where, **after drawing all reasonable inferences in Favor of the non-Moving Party**, there is no genuine issue of fact for trial. .... Also....
Citing Haines V. Kerner 404 U.S. 519 a pro se Complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' Id., at 520-521 in part.

The plaintiff States that he objects to the Courts beliefs that, the defendants are easily entitled to Summary Judgement with respect to all three of, (really Four) of the plaintiff's Causes of action, this is based on the Affirmative Acts, which Created, Caused and or Contributed to the Situation and Condition which Caused the

injuries, which will be decussed below and were discussed in the plaintiff's memorandum in support of his opposition to Summary Judgement, yet not Considered in the court's recomendation Nor addressed. See (PL.'s Memo B. at 9-28, .30-31, 36-38) Failing to Mention Acts or deny the Same Acts will not Change the Fact of the Materiality Nor any of the reasonable inferences the Support. See (PL.'s Facts From Material Facts in dispute at 2 — Other Material Facts unmentioned ending at 8.

Objection 4: Page 4 (A. Constitutional Claims)

The plaintiff objects to the Courts' exaggeration of the Facts to Create unreasonable inferences in the light most Favorable to the Moving party in paragraph two of the above section, When he States "According to the undisputed facts, Plaintiff was examined '.... 'immediately prescribed Tylenol," in part. And he cites Doc. No. 121, Ex. E (the medical Report) Said report has four Categories in vertical order to the left and Comments to the right his references are to the Fourth Category titled "PLAN" and slightly under and to the right it Says "Patient Teaching." This can only be infered to

10

mean what they taught the plaintiff about his
injuries and or what treatment he should seek
AKA advice! Across From "Patient Teaching"
to the right it States: "TOLD PT TO GET
TYLENOL FROM CART" In part The Cart being
refered to is a Medical Cart, which Comes around
only three times per day and administers prescribed
Meds only. Nothing on this document Supports any
inference that Tylenol was given to the plaintiff
at any time Nor that it was prescribed. Such as
the IBUProFen was two days later. There is NOT
One mention of any Care For the Lip injury in
the plan Category on any day For this Court
to Support any negitive inferences against the
Plaintiff. See (Doc. No. 121, EX. E at 59 and 59A)
This Court Further ignores Doc. NO. 121, EX. H2
at 191 (Affidavit of Dirk K. Greineder, MD,
PhD), who out lines his Training, education,
experience / employment references and
his diagnosis of the permanent Scar under
the plaintiff's lip and his opinion After his
Examination, Which when Combined with the
Medical Report, (Id.) the plaintiff's Evidence
Supports, in the light Most Favorable to him,
that he was denied treatment of Clearly
Visible injuries. These Are Facts in dispute which

Bar Summary Judgement in the Plaintiff's favor.
See. (PL's Facts in dispute ¶ 11. at 3)

<u>Objection 5</u> : Page 5 (Recomendation on 8th Amend.)

The plaintiff objects to the Court's Narrow
and incomplete analysis, which ignores key
Components, material Facts in dispute and
unmentioned by the Defendants in their motion
For Summary Judgement. Said Facts bar judgement
in the defendants Favor and Shines brightly in
a light Most Favorable to the Non moving party,
the plaintiff. Such a Shallow analysis by
this Court is Contrary to the rules and guidelines
explicitly outlined in Fed.R.Civ.P Rule 56(c)
Concerning what is to be applied during analysis
and in which party's Favor as well as all
reasonable inferences to be drawn. The plaintiff
states All Material Facts unconsidered by this
Court in it's recomendation and which Should
be Considered are as Follows:

1. The defendants housed the Plaintiff under Conditions
   Posing a Substantial risk of Serious harm by
   Failing to Follow, adhere, Create and or inforce

12

Policy and or Procedure in compliance with
Code of Mass. Regulation 103 CMR 420.07(2)
and 926.03 (3), when they housed him in a
Unit with known enemies, while there was a
more and the most reasonable alternative and
appropriate level of security unit available,
Unit D, the Protective custody unit. See (PL's
Memorandum DOC.NO.119 at 12-13 ¶ 2-Sub¶ 4, PL's Fact's in
dispute at 2-3 ¶ 7 and 17) In the light most Favorable
to the Plaintiff Said Regulations over rule any
discretion and infact Guides any discretion.
Also See (App. 122 B and C EX. W of PL.'s Opp
to Motion For Sum. Judge.)


2. The defendants violated 103 CMR 920.07(1) When
they housed two inmates in cells designed for one
occupant, Violated 103 CMR 901.04 and 901.05
because they never filed For a waiver of 920.07(1).
See DOC.NO. 119 at 12 Sub ¶ 2 - page 3 (PL's Memo to
opp of Sum. Judge) While violating these CMR's the
Defendants Failed to Create and inforce policy with regard
to removing or replacing an inmate in a cell holding two
inmates, See (PL's memo to opp of Sum. judge DOC.NO. 119
at 18 paragraph two) also see App. 115 Request Number 1.

and see Helling V. Mckinney 509 U.S. 25 (recognizing a policy-based Eigth Amendment Claim against prison officials because the eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety")(internal quotation marks omitted); Jensen V. Clarke, 94 F.3d 1191 (8th cir.1961) (affirming finding against director of state prison system and warden of state prison on basis of inadequate prison safety policies) In the light most favorable to the plaintiff, the defendants ran a deficient security system.

3. The defendants violated procedure and normal practice when the Subday room door was left unlocked after placing the plaintiff inside for recreation. See Doc.No. 121 Ex.S at 118 (Defendant Muldrow's inconsistant incident report also see 117) Where in the last sentence Muldrow admits that the door was not secured claiming that he was not allowed a chance to do so. A competent jury can conclude that not only is Muldrow's excuse of not having a chance to secure the door, untrue, but can make a reasonable inference, with correct instructions, that said report is a recent contrivance based on the fact that

he Continued carrying out unit duties and in Fact had/was "allowed" a chance to radio to the tower to have Zanetti's cell opened, then why not time to Secure the Subday room Door? This was clearly dereliction of duties. See (Doc. No. 121 Ex. H at 69 ¶/? 3 (Contrived over a year later))

The Following are reasonable inferences that this Court Can and Should draw in a light most Favorable to the Plaintiff the non moving party:

1. If the Actions and Omissions (The Three Facts Above) were never Committed nor omitted, which Created and Caused the Situation and Condition, putting the plaintiff in a worse position than he previously Was in and thus intervening in the implementation of the plaintiff's/Classification Board's "Administration Protective Custody" Status, the Plaintiff Would Not have been injured. (Under Fed.R.Civ.P 56(e) this must not be ignored.)

2. Under the deliberate indifferent Standard, the Defendants Failed to take reasonable measures by failing to Follow their own rules, policies, Procedures

and Codes of Mass Regulations. and if placing the plaintiff in the Segregation unit is deemed a reasonable measure then it is a reasonable inference to draw, that said reasonable measure was thwarted by the Actions and Omissions (The three Facts above) and thus at the time of said actions and omissions No reasonable measure was being implemented [Emphasis Added].

3. It is a reasonable inference in the light most favorable to the Plaintiff that, Defendants Muldrow, Kelly and Allen have/had the state of Mind of deliberate indifference, they are to blame for the injuries And they All knew and appreciated the risk of harm, but had less than a scant of care and operated the high security unit in violation of policy and procedure, which are in place to prevent such assaults.

4. It is also a reasonable inference that the other Defendants, the Superior Officers Failed to Supervise their Subordinates.

5. And last it is a reasonable inference that the facility's Superintendent's Failure to report such assaults is a

16

Failure to take a reasonable measure to thwart such assaults. This is criminal recklessness and violation of M.G.L.A 127 § 38C

The plaintiff's objection is that the material facts and reasonable inferences above were not considered nor was any explaination given as to why they were not discussed dispite the plaintiff's repeatedly raising said facts in his opposition to the Defendants' Motion for Summary Judgement. For these reasons Summary Judgement is inappropriate regarding Count one's Constitutional Claim and Tort Claim as argued below.

<u>Objection 6:</u> Page 6-12 (B. Negligence Claim)

      In Addition to the Plaintiff's objections and facts as well as inference in Objection 5 above, the following facts should have been taken in the light most favorable to the plaintiff and bars any Immunity:

1. The Plaintiff relied upon specific and explicit assurances of safety or assistance from

the Defendants made directly to him by the Defendant Weldon and the Class Board by its Judgement to give a Protective Custody Status. See - (Complaint Ex. C (Request form))

2. Defendants who operate the unit know of all inmate s', in their unit, Status . See. (Doc. No. 121

App to Memo 119 Ex. G2 at 190C (Special Management hearing / Loss of privileges Form with Class Board's Decision For Omar Marrero), while this is Marrero's hearing, the Plaintiff was subject to the same hearings every week and the unit officers would receive a notice to File and a notice to give the inmate updating his status and thus the unit officer knows and takes responsibility For inforcing and implementing the status this is an assurance, relied on by the Plaintiff.

The Plaintiff's objection to the Court's Analysis Pertaining to the count 1 tort claims is that the Court Failed to Consider the highly material facts (3 Facts) and 5 inferences in Objection 5 above nor the 2 Facts above in Objection 6 as the plaintiff repeatedly Argued in his opposition Stating that these are affirmative acts which

both contributed and created specific conditions and situations that resulted in the injuries suffered by the plaintiff and that said Affirmative acts Bar immunity pursuant to M.G.L.c. 258 §§ 10(j)(1) and 10(j)(2). See (PL's MEMO DOC. NO. 119 at 15-19 ¶ C.(1.)) The Actions and omission were clearly an intervention in the Protective Custody Status' implementation.

The Plaintiff Also objects to this Courts ignoring Codes of Mass. Regulation which Guides the discretion Concerning housing. (103 C.M.R 420.07(2); 103 CMR 926.03(3); Also Concerning double cell occupancy (zanetti) 103 C.M.R 920. 07(1) and Waiver of the later 103 C.M.R 901.04 and 901.05. The Segregation unit was not the most reasonable nor the only Alternative. See (PL's MEMO DOC. NO. 119 at 19-21 ¶ C.(2.) Also See App. 122 B and 122 C Ex. W Request Forms to be Moved From the Segregation unit to the Protective Custody Unit) Under M.G.L.c. 258 §§ 10(j)(1) and 10(j)(2) in the light Most Favorable to the plaintiff, Summary Judgement and immunity Should be both barred. While M.G.L.c §2 does give immunity to public employees Acting in Official

Capacity, G.L.c. 258 §§ 10(j)(1) and 10(j)(2)
bars immunity where the public employee
committed affirmative acts that were the original
cause of the injury. See Audette v. Com 63
Mass App. Ct. 727. Like the Audette case,
this is a case where ("But for the release of
the dog without restraint, the harm would not
have occurred.") Zanetti was released without
restraint. Furthermore, the Defendants are being
sued in Official, Personal and individual Capacity
and thus the Application of M.G.L.c 258 §§ 2
and 10 are limited, which the plaintiff objects
to the Court's Failure to analyze and make a
recomendation on each capacity as request in
Plaintiff's Memorandum at 24 Just before Count
2 is Addressed.

The Plaintiff Objects to the Court's
assertion on page 7 last paragraph, that there
appears to be no specific negligence allegations
leveled against any other individual defendants,
on the grounds that the plaintiff has in fact
done so on Page 18-19 of his Memorandum
Supporting his opposition to Defendant's Motion For
Summary Judgement. Also see (compl) Doc. No. 3 ¶'s 52-

20

56. )

Objection I: Page 8  ( 2. Discretionary Function )
Exception

The plaintiff objects to the Application
of M.G.L.c. 258 § 10(b) on the very grounds
raised in the Plaintiff's Memorandum Page 19-
21 and which falls squarely under the test's
parameter Outlined in U.S. V. Gaubert
499 U.S. at 325, 111 S.Ct. 1267. The
Plaintiff's Claim is "Susceptible to Policy analysis"
There was no "room for Choice" in the placement
of the Plaintiff in Segregation For Protective
Custody Purposes Pursuant to C.M.R 103
CMR 420.07(2) and 103 CMR 926.03(3).
The language in Said CMR is Mandatory
Language leaving no room For choice. ("Written
Policy and Procedure shall Provide that an inmate
placed in segregation For purpose of Protective
Custody only When there is documentation
that Protective Custody is warranted and
no reasonable alternative are available."
The Later is a fact in dispute. see (PL's Facts
at 3 ¶ 17) Said CMR is not a broad guideline
and has a explicit Controlling directive. See

Santana-Rosa  v.  U.S.  335 F.3d 39,44
(1st Cir. 2003) . This case falls under the two
Step analysis, and fails to meet the first step
to Allow Exclusion, Of Crete v. City of Lowell,
418 F.3d 54, 60-61 (1st Cir. 2005) . (1) Whether
the governmental actor had any discretion at all
as to what Course of Conduct to follow, and
if so, (2) whether the discretion that the actor
had is that kind of discretion for which § 10(b)
Provides immunity from liability. They can not
Say yes to either of the two. In Crete
there is reference to regulation or policy
that mandates a particular outcome, which
exists here.

Objection 8: Page 8-10 (3. Section 10(j))

The Plaintiff's objection here is also based
on the unconsidered facts and reasonable
inferences stated in Objection 5 . In the light
most favorable to the Plaintiff said facts and
inferences are the types of Affirmative Acts
under § 10(j)(1) and (2) which preclude immunity.
The defendants violated Unit Policy and
Procedure. See. (Pl.'s Memo at 21-24) Said
violation caused/created the situation, which

Caused the injury and intervened with the Plaintiff's
Status and Put the Plaintiff in a Worse Position
than he was before Said Affirmative acts. This
Case does not resemble Jacome V. Com,
778 N.E.2d 976,979 (Mass. App. Ct. 2002). In
Jacome the water Conditions Caused death, Here
the Failure to Follow Policy Concerning operation
Caused injury not "Lock Malfunction", Nor is
this A Case of "if they did certain non Mandadory
acts", but "if they did Certain Mandadory Acts".
by Failing to do the later the Condition was
Created [Emphasis Added].

<u>Objection 9</u> : *Page 10-12 (4. Section 10(i) )*

While the Plaintiff agrees with the Court
that § 10(i) is not applicable without objecting
to this Court's reason, the plaintiff Objects to
the Court's Over looking objection 5; Facts 1, 2, 3 ;
inferences 1 through 5 . Mainly Fact 3 (Not
Locking the Subday room door and opening
Zanetti's cell without restraining him.) If
this Court deems Zanetti's release an escape,
the Fact is the alleged escape didn't caused
the injury alone, while it contributed, the
Placing the Plaintiff in a Worse position, by

23

Failing to follow procedure and lock the door, is what created the condition and put the plaintiff in a worse position.

The plaintiff objects further to this courts belief that the plaintiff can not demonstrate the necessary level of gross negligence. First and foremost the failure to lock the subday room while a protective custody inmate is on recreation handcuffed and shackled then opening another cell is recklessness for Defendant Muldrow, but for Tim Allen, who claims to have been aware of issues between Zanetti and the plaintiff prior to the attack, to open Zanetti's cell knowing the subday room was unsecure is beyond gross negligence, near criminal. See (App. 119A-119C Ex.T of Memo Doc. No. 121) It is gross negligence to fail to follow policy and procedure of a high security unit, which is made to assure safety. The defendants all exhibited reckless disregard for the plaintiff's safety, and there was an absence of slight diligence, or the want of even scant care. This is in the light most favorable to the non moving party.

<u>Objection 10:</u> Page 12 - 14 (c. Civil Conspiracy Claims)

The Plaintiff's First Objection is that dispite his Continuous assertions that his Claims on Count two is Foundated on An 8th amendment claim. See (PL.'s Memo at 24 Doc. NO. 119 also See Doc. No. 3 ¶s 10, 58 as well as the January 12th, 2006 Scheduling Conference transcript where the court questions the Plaintiff on his Count two claim)

The Plaintiff Objects, because placing Marrero in a cell with the plaintiff was an 8th amendment and 14th amendment violation, because it was total disregard of a risk and placed the plaintiff in danger. Both with deliberate indifference.

The Plaintiff Further objects and says that this Court's Failure to make recomendation on the 8th, 14th amendment claims and Tort Claim (see Complaint Doc. NO. 3 ¶ 7) leaves the Honorable Michael A. Ponsor to review Count to de Novo or Sua Sponte. The Plaintiff States that the question here is, Was the Plaintiff placed in danger when he was housed

25

with a member of a gang that the jail officials
claimed to be protecting the Plaintiff from?
See Rodriguez v. Connecticut, 169 F.Supp 2d
39 (D.Conn. 2001) (where a rival gang member
placed in cell murdered rival gang member in a
close custody unit designed to manage Gang
members, was a failure to Protect and sufficient
to State a claim of Action.) Also see (PL.'s Memo
at 30-32 (where typing ends)) In the light
most favorable to the Plaintiff, the defendants
offer no defense nor explanation for the reckless
and clearly both grossly negligent and egregious
disregard for the Plaintiff's safety by placing
Someone they clearly knew was a threat. See
(App. 190 B of Ex. G 2 Doc. No. 121 (It States
"Marrero is Familia" (as in La familia)) in conjunction
see (Complaint's Ex. A at 10) For the same
reasons Stated in Objections 5, 6, 7 and 8; there
is no immunity here. also see (PL's Facts at 4 ¶ 20, 26
and at 5-7 ¶ 7-18)

With regard to the Conspiracy Claim the
plaintiff objects to this Court's failure to weigh
Material Facts and draw reasonable inferences
in the light most favorable to the Plaintiff.
See. (PL's Facts at 4 ¶ 20, ¶ 26; at 5-7 ¶ 7-18)

The most important Six Facts are the Following:

1. The Plaintiff Was Strategically denied deposition of Omar marrero, who the Defendants initially denied knowledge of his where abouts, then came to Find out he was at their Facility. See Doc. No. 40

2. After Filing a number of Motions to take his deposition, this court deliberately prolonged notice to the Plaintiff that he was confused by the Motion and by the time the motion was clarified Marrero was released From Custody dispite the Fact that he violate probation on New Charges. See Doc. No. 59; 63; 67; 68; 70; 71; 76; See pertinent Entries by the Court On 4/13/07 and Doc. No. 72 My request For a hearing, this Court took almost a Month to respond. Then over a month later see Court's Entry on 5/30/07 And see Doc. No. 88 And Entry 6/1/07.

3. The last Entry Doc. No. 95 and the Court's Entry on 7/2/07 Canceling the deposition. The US. Marshals Failed at their attempt to Serve Marrero at the address the Plaintiff gave, which was the Last address the defendant's disclosed. Marrero is on Probation he can be served there. See Doc. No 96, 97.

4. Marrero's Co-Defendant in one of Marrero's Criminal Cases provided an affidavit Concerning a deal made with the D.A.'s office that Marrero admitted to Pocuring. See (App. 121 G and H Ex. V of Memo)

5. After the deposition the plaintiff was ordered to give, the plaintiff Obtained documents From the Criminal Court, which he previously File a Motion to Obtain. See (Doc. No. 45) Said Documents if Possessed prior to deposition Would've Change the plaintiff's answer, which this Court Weighs against the non Moving party and Fails to acknowledge the Facts Newly discovered by the plaintiff. See (Pl.'s Facts at 4 ¶26 also See App. 190-190C of Memo Ex. G2) These document Support the Fact or at least an inference that the Defendants did know Marrero's Status As a Commonwealth Witness in his own Cases and that he was A member oF a Security Risk Group AKA GAng alleged to Want to harm the Plaintiff, the Fact that this was ignored Should Shock the Conscience and does Support the inference that they deliberately placed an informant in the cell.

6. The Agent relationship Could've been established

When he was placed in the cell. See Com v.
Jung, 420 Mass. 675, 651 N.E. 2d 1211, (Mass 1995)
(A Private Party becomes a state agent when government
officials have instigated the party to search or
participated with the party in a search in which they
could not themselves have legally engaged.) As
Argued in the memorandum. See (PL's Memo at 37-38)

The plaintiff objects to the Court's Failure to
weigh in the light most favorable to the Plaintiff Material
Facts Unmentioned and all reasonable inferences
Which could be drawn from said Facts. See (PL.'s
Facts at 5-7 π 8-18) also see (PL's motion to
amend opposition to Summary Judgement Doc. No. 128
(Evidence of being constructively involved in other Criminal
matters))

The plaintiff objects to this Courts using the
deposition the plaintiff gave (Garvin Depo. 90:14 to 91:5),
but Fails to weigh the evidence obtained after said
deposition. See Fact 5 of 6 above in Objection 10.

This Court has recomended to grant Summary
Judgement against the Non Moving party while relying
on every possible fact in a light most Favorable to
the Moving party, the Plaintiff objects to this.

29

The Plaintiff Objects to Any recomendation regarding Tim Allen who Procedurally defaulted. He is not properly before this Court and the Plaintiff was denied Access to the Court to Object to the Magistrate Judges ruling on the Plaintiff's Motion For reconsideration on his request For default, due to receiving the ruling very late after requesting a copy. See. Doc. No. 123, and 124, which the Plaintiff also Received only After request.) Therefore iF the Defendants Filed a certificate of service with Doc. No. 124, it is False.

The Plaintiff Further Objects to this Courts Failure to weigh the two spoilation issues and all inferences From them and asks this Court to do so. See. (PL's Memo at 38 - 41)

For the reasons Stated Summary Judgement Should be denied in the interest of Justice

Respectfully,
Anthony Garvin
Anthony Garvin
SBCC
P.O. Box 8000
Shirley, Ma. 01464

Certificate of Service

I Anthony. Garvin hereby Certify that a Copy of the Foregoing document has been Served upon the defendants' Counsel Kevin D. Withers at 67 Market street Springfield, Ma. 01102 by First Class mail on 3/18/05.