UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY GARVIN,            )
    Plaintiff          )
                                 )
            v.         )  C.A. NO. 05-30102-MAP
                                 )
HAMPDEN COUNTY SHERIFF'S   )
DEPARTMENT, ET AL.,        )
    Defendants         )

MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. Nos. 104 & 130)

March 27, 2008

PONSOR, D.J.

    Plaintiff has brought this action, pro se, asserting actions pursuant to 42 U.S.C. § 1983, negligence under the Massachusetts Torts Claims Act ("MTCA"), Mass. Gen. Laws ch. 258, and common law civil conspiracy. Defendants moved for summary judgment, and the motion was referred to Chief Magistrate Judge Kenneth P. Neiman for report and recommendation.

    On March 4, 2008, Judge Neiman issued his Report and Recommendation, to the effect that Defendants' motion should be granted. On March 25, 2008, Plaintiff filed an extensive objection to the Report and Recommendation.

    Having had an opportunity to review the Report and Recommendation, de novo, and to consider the objections, the

court will adopt Judge Neiman's Report and Recommendation and allow the Motion for Summary Judgment.

With regard to any claims brought pursuant to 42 U.S.C. § 1983, based upon the Eighth and Fourteenth Amendments, the record viewed in the light most favorable to Plaintiff simply will not support any <u>constitutional</u> claim. With regard to the claim that the negligence of Defendants exposed Plaintiff to an opportunistic attack from the inmate Zametti, no evidence of record suggests that the prison officials acted with the required "deliberate indifference." It is undisputed, as Judge Neiman pointed out, that Defendants did make efforts to place Plaintiff in protective custody by housing him in an administrative segregation unit. Moreover when Plaintiff was assaulted, the officers moved quickly to restrain the attacker. Certainly, the assault was highly regrettable, and perhaps reflected a lapse of professionalism on the part of the officers, but this conduct was simply not sufficiently egregious to provide Plaintiff with a claim for a constitutional violation.

The same deficiencies are fatal to Plaintiff's claim that he received inadequate medical treatment. Again, perhaps the reaction of the medical personnel might have been more energetic and helpful, but adequate medical

assistance was offered in a reasonably timely manner. The Constitution requires no more.

Finally, it is doubtful whether the housing of Plaintiff with the inmate Marrero implicates any constitutional concerns. Plaintiff's primary contention seems to be not that he was physically attacked, but that Marrero used the fact that he was residing with Plaintiff to obtain information against Plaintiff. Other than the possibility of Marrero assisting the government, his actions exhibit no evidence of any "unnecessary and wanton infliction of pain" on Plaintiff. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

With regard to Plaintiff's claim under the Massachusetts Tort Claims Act, Mass. Gen. Laws. ch. 258, it is clear that the individual Defendants may not be liable as a matter of law for action within the scope of their employment. All other claims are barred by the discretionary function exception or by Mass. Gen. Laws ch. 258, § 10(j). <u>See</u> Report and Recommendation, Dkt. No. 130, at 8-9.

Finally, the conceded absence of evidence that any of the named Defendants was even aware of any arrangement between Marrero and the prosecutor at the time he was assigned to share a cell with Plaintiff is fatal to any claim for civil conspiracy.

Plaintiff's disagreement with some of the details of the Report and Recommendation, such as that Plaintiff was moved into the double bunk cell on August 27, 2003, not September 1, 2003, even if correct, does nothing to undermine the substance of the Report and Recommendation. <u>See</u> Objection, Dkt. No. 131, at 6.  Moreover, Plaintiff's objection that he was given no opportunity to depose Marrero, even if true, offers no help because the record provides no evidence that any such deposition would have provided evidence generating a disputed issue of fact sufficient to overcome Defendants' Motion for Summary Judgment.

The court must acknowledge some sympathy for Plaintiff here, who suffered a physical attack while bound and unable to defend himself.  This obviously should not have happened.  Moreover, Defendants might easily have been more generous in supplying a higher level of medical care in response to Plaintiff's injuries.  A claim under 42 U.S.C. § 1983, however, requires a showing of a violation of a constitutional right, and no misconduct of Defendants reached that level here.  Negligence claims under the applicable state statute are barred for the reasons already described.

Based on the foregoing, upon <u>de novo</u> review, the court

hereby ADOPTS Judge Neiman's Report and Recommendation (Dkt. No. 130) and ALLOWS Defendants' Motion for Summary Judgment (Dkt. No. 104). The clerk is ordered to enter judgment for Defendants. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge